**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Western District of Texas ▼

Case number (*if known*): _____ Chapter 11

FILED

2020 JAN 24 PM 1:42

CLERK
U.S. BANKRUPTCY COURT
BY _____ DEPUTY

☐ Check if this is an
amended filing

## Official Form 105

# Involuntary Petition Against an Individual

12/15

Use this form to begin a bankruptcy case against an individual you allege to be a debtor subject to an involuntary case. If you want to begin a case against a non-individual, use the *Involuntary Petition Against a Non-individual* (Official Form 205). Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write name and case number (if known).

---

**Part 1:** **Identify the Chapter of the Bankruptcy Code Under Which Petition Is Filed**

1. **Chapter of the
   Bankruptcy Code**

   *Check one:*

   ☐ Chapter 7
   ☑ Chapter 11

---

**Part 2:** **Identify the Debtor**

2. **Debtor's full name**

   Alexander
   First name

   Emric
   Middle name

   Jones
   Last name

   _____
   Suffix (Sr., Jr., II, III)

3. **Other names you know
   the debtor has used in
   the last 8 years**

   Include any assumed,
   married, maiden, or trade
   names, or *doing business as*
   names.

   Alexander Emerick Jones    (AKA)
   Alex Jones    (AKA)
   Alexander E. Jones    (AKA)

4. **Only the last 4 digits of
   debtor's Social Security
   Number or federal
   Individual Taxpayer
   Identification Number
   (ITIN)**

   ☑ Unknown

   xxx – xx – 5 9 8 9        OR        9 xx – xx – ___ ___ ___ ___

5. **Any Employer
   Identification Numbers
   (EINs) used in the last 8
   years**

   ☐ Unknown

   ___ – ___ ___ ___ ___ ___ ___
   EIN

   ___ – ___ ___ ___ ___ ___ ___
   EIN

---

**6. Debtor's address**

**Principal residence**

████████████████████
Number     Street

█████    ██    ██
City     State   ZIP Code

██████
County

**Principal place of business**

3019 Alvin DeVane Boulevard, #350
Number     Street

FREE SPEECH SYSTEMS, LLC

Austin                    TX    78741
City                      State  ZIP Code

78741    TRAVIS
County

**Mailing address, if different from residence**

3019 Alvin DeVane Boulevard, Suite 350
Number     Street

FREE SPEECH SYSTEMS, LLC

Austin                    TX    78741
City                      State  ZIP Code

---

**7. Type of business**

☐ Debtor does not operate a business

*Check one if the debtor operates a business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☑ None of the above

---

**8. Type of debt**

**Each petitioner believes:**

☐ **Debts are primarily consumer debts.** *Consumer debts are defined in 11 U.S.C. § 101(8) as* "incurred by an individual primarily for a personal, family, or household purpose."

☑ **Debts are primarily business debts.** *Business debts are debts that were incurred to obtain money for a business or investment or through the operation of the business or investment.*

---

**9. Do you know of any bankruptcy cases pending by or against any partner, spouse, or affiliate of this debtor?**

☑ No
☐ Yes. Debtor _____  Relationship _____

District _____ Date filed _____  Case number, if known_____
                                    MM / DD / YYYY

Debtor _____  Relationship _____

District _____ Date filed _____  Case number, if known_____
                                    MM / DD / YYYY

---

**Part 3:    Report About the Case**

**10. Venue**

Reason for filing in this court.

Check one:

☑ Over the last 180 days before the filing of this bankruptcy, the debtor has resided, had the principal place of business, or had principal assets in this district longer than in any other district.

☐ A bankruptcy case concerning debtor's affiliates, general partner, or partnership is pending in this district.

☐ Other reason. Explain. (See 28 U.S.C. § 1408.) _____

**11. Allegations**

Each petitioner is eligible to file this petition under 11 U.S.C. § 303(b).

The debtor may be the subject of an involuntary case under 11 U.S.C. § 303(a).

*At least one box must be checked:*

☑ The debtor is generally not paying such debtor's debts as they become due, unless they are the subject of a bona fide dispute as to liability or amount.

☐ Within 120 days before the filing of this petition, a custodian, other than a trustee, receiver, or agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession.

**12. Has there been a transfer of any claim against the debtor by or to any petitioner?**

☑ No

☐ Yes. Attach all documents that evidence the transfer and any statements required under Bankruptcy Rule 1003(a).

**13. Each petitioner's claim**

| Name of petitioner | Nature of petitioner's claim | Amount of the claim above the value of any lien |
|---|---|---|
| Kelly R. Jones | Default on Promissory Note | $ 786,861.00 |
| | | $ |
| | | $ |
| | Total | $ 786,861.00 |

If more than 3 petitioners, attach additional sheets with the statement under penalty of perjury, each petitioner's (or representative's) signature under the statement, along with the signature of the petitioner's attorney, and the information on the petitioning creditor, the petitioner's claim, the petitioner's representative, and the attorney following the format on this form.

**Part 4:    Request for Relief**

Petitioners request that an order for relief be entered against the debtor under the chapter specified in Part 1 of this petition. If a petitioning creditor is a corporation, attach the corporate ownership statement required by Bankruptcy Rule 1010(b). If any petitioner is a foreign representative appointed in a foreign proceeding, a certified copy of the order of the court granting recognition is attached.

Petitioners declare under penalty of perjury that the information provided in this petition is true and correct. Petitioners understand that if they make a false statement, they could be fined up to $250,000 or imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152 and 3571. If relief is not ordered, the court may award attorneys' fees, costs, damages, and punitive damages. 11 U.S.C. § 303(i).

| Petitioners or Petitioners' Representative | Attorneys |
|---|---|
| **X** _[signature]_ | **X** |
| Signature of petitioner or representative, including representative's title | Signature of attorney |
| **Kelly R. Jones** | |
| Printed name of petitioner | Printed name |
| Date signed   **01/23/2020**   MM / DD / YYYY | Firm name, if any |
| | Number    Street |
| **Mailing address of petitioner** | |
| **11601 Hwy 290 W., Suite A101-307** | City    State    ZIP Code |
| Number    Street | Date signed    MM / DD / YYYY |
| **Austin**    **TX**    **78737** | |
| City    State    ZIP Code | Contact phone    Email |

**If petitioner is an individual and is not represented by an attorney:**

Contact phone    **888-995-3559**

Email    **service@violetkelly.com**

**Name and mailing address of petitioner's representative, if any**

Name

Number    Street

City    State    ZIP Code

# Exhibit A:
## Alexander Emerick Jones'
## ("Maker's)
## 72 Month Promissory Note
## March 19, 2015

If Maker defaults in the payment of this note or in the performance of any obligation in any instrument securing or collateral to this note, Payee may declare the unpaid principal balance, earned interest, and any other accounts owed on the note immediately due. Maker and each surety, endorser, and guarantor waive, to the extent permitted by law, all (a) demand for payment, (b) presentation of payment, (c) notice of intention to accelerate maturity, (d) notice of acceleration of maturity, (e) protest, (f) notice of protest, and (g) rights under sections 51.003 and 51.004 of the Texas Property Code.

# Real Estate Lien Note

Date: 3-19-15 2:15 CDT

Maker: Alexander Emerick Jones

Maker's Mailing Address: 101 Colorado Street, #3605, Austin, Travis County, Texas 78703

Payee: Kelly R. Jones, as her sole and separate property and estate

Place for Payment: 12250 Trautwein Road, Austin, Hays County, Texas

Principal Amount: Two Million Seven Hundred and Twenty-Seven Thousand nine hundred and Fifty-One and No/100 Dollars ($2,727,951)

Annual Interest Rate: Five percent (5%)

Annual Interest Rate on Matured, Unpaid Amounts: Five percent (5%).

Terms of Payment (principal and interest):

Principal and interest on this Real Estate Lien Note ("Note") are due and payable in monthly installments of Forty-Three Thousand Nine Hundred Thirty-Three and No/100 Dollars ($43,933.00) each, beginning forty-five days after the signing of the Final Decree of Divorce between Payee and Maker in Cause No 13-2647, In the Matter of the Marriage of K.R.J. and A.J., by the Presiding Judge of the 428th Judicial District Court of Hays County, Texas, and continuing on the same day of each following calendar month until all payments of principal and interest called for herein have been paid in full. Payments shall be sent to 12250 Trautwein Road, Austin, Texas 78737.

Security for Payment:

This Note is secured by two deeds of Trust dated of even date herewith by Maker for the benefit of Payee. The Deeds of Trust grant Payee a lien on the following real property:

15101 Back of the Moon St. D., Austin, TX 78734, legally described as Lot 3, Amended Plat Of Back Of The Moon Subdivision, A Subdivision in Travis County, Texas, According to the Map Or Plat Thereof Recorded In Volume 93, Page 282, Of The Plat Records Of Travis County, Texas. and

Pedernales Hills Ranch, Lot 18, 5.01 Acres, legally described as BEING Tract 18, Pedernales Hills Ranches, a subdivision situated in Blanco County, Texas, according to Plat in Volume 1, Page 123-126, Plat Records of Blanco County, Texas; together with ingress and egress easement more particularly described in Volume 112, Page 782, Deed Records of Blanco County, Texas.

Maker promises to pay to the order of Payee the principal amount plus interest at the

annual interest rate. This note is payable at the place for payment and according to the terms of payment. All unpaid amounts are due by the maturity date. If any amount is not paid either when due under the terms of payment or on acceleration of maturity, Maker promises to pay any unpaid amount plus interest from the date the payment was due to the date of payment at the annual interest rate on matured, unpaid amounts.

Maker may prepay this note in any amount at any time before the maturity date without penalty or premium. Prepayments will be applied to installments on the last maturing principal, and interest on that prepaid principal will immediately cease to accrue.

If Maker defaults in the payment of this note or in the performance of any obligation in any instrument securing or collateral to this note, Payee may declare the unpaid principal balance, earned interest, and any other amounts owed on the note immediately due. Maker and each surety, endorser, and guarantor waive, to the extent permitted by law, all (a) demand for payment, (b) presentation for payment, (c) notice of intention to accelerate maturity, (d) notice of acceleration of maturity, (e) protest, (f) notice of protest, and (g) rights under sections 51.003 and 51.004 of the Texas Property Code.

Maker also promises to pay reasonable attorney's fees and court and other costs if this note is placed in the hands of an attorney to collect or enforce the note. These expenses will bear interest from the date of advance at the annual interest rate on matured, unpaid amounts. Maker will pay Payee these expenses and interest on demand at the place for payment. These expenses and interest will become part of the debt evidenced by the note and will be secured by any security for payment.

Interest on the debt evidenced by this note will not exceed the maximum rate or amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the principal amount or, if the principal amount has been paid, refunded. On any acceleration or required or permitted prepayment, any excess interest will be canceled automatically as of the acceleration or prepayment or, if the excess interest has already been paid, credited on the principal amount or, if the principal amount has been paid, refunded. This provision overrides any conflicting provisions in this note and all other instruments concerning the debt.

Each Maker is responsible for all obligations represented by this note.

When the context requires, singular nouns and pronouns include the plural.

This note is given to evidence the indebtedness imposed on Maker by the Final Decree of Divorce entered in Cause No. 13-2647 by the District Court of Hays County, Texas, styled "In the Matter of the Marriage of K.R.J. and A.J. and in the Interest of K.A.J., C.A.J. and G.G.J., minor children."

Alexander Emerick Jones, Maker
101 Colorado St., #3605
Austin, Texas 78703

3-19-15   2:00 SDT

# Deed of Trust

Date: 3-19-15  2:20 CDT

Grantor: Alexander Emerick Jones

Grantor's Mailing Address: 101 Colorado Street, #3605, Austin, Travis County, Texas 78703

Trustee: James S. Gilbreath

Trustee's Mailing Address: 1301 S. Capital of Texas Highway, Suite C-120, Austin, Travis County, Texas 78746

Beneficiary: Kelly R. Jones

Beneficiary's Mailing Address: 12250 Trautwein Road, Austin, Hays County, Texas 78737

Note

    Date:

    Original Principal Amount: $2,727,951.00

    Maker: Alexander Emerick Jones

    Payee: Kelly R. Jones

    Maturity Date: Payable in 72 equal monthly installments of $43,933.00 each beginning 45 days after the signing of the Final Decree of Divorce in Cause No. 13-2647 by the Presiding Judge of the 428th Judicial District Court of Hays County, Texas.

Property (including any improvements):

    15101 Back of the Moon St. D., Austin, TX 78734, legally described as Lot 3, Amended Plat Of Back Of The Moon Subdivision, A Subdivision in Travis County, Texas, According to the Map Or Plat Thereof Recorded In Volume 93, Page 282, Of The Plat Records Of Travis County, Texas

Prior Lien(s): None.

Other Exceptions to Conveyance and Warranty: None.

    For value received and to secure payment of the note, Grantor conveys the property to Trustee in trust. Grantor warrants and agrees to defend the title to the property, subject to the other exceptions to conveyance and warranty. On payment of the note and all other amounts secured by this deed of trust, this deed of trust will have no further effect, and Beneficiary will release it at Grantor's expense.

# Exhibit B:
## Alexander Emerick Jones'
## Grant of Deed of Trust
## In 15101 Back of the Moon St. D.
## Austin, Tx 78734 (Travis County)
## March 19, 2015

¶15. Grantor and each surety, endorser, and guarantor of the note waive, to the extent permitted by law, all (a) demand for payment, (b) presentation for payment, (c) notice of intention to accelerate maturity, (d) notice of acceleration of maturity, (e) protest, (f) notice of protest, and (g) rights under sections 51.003 and 51.004 of the Texas Property Code.

# Clauses and Covenants

## A. Grantor's Obligations

Grantor agrees to—

1. keep the property in good repair and condition;

2. pay all taxes and assessments on the property before delinquency, not authorize a taxing entity to transfer its tax lien on the property to anyone other than Beneficiary, and not request a deferral of the collection of taxes pursuant to section 33.06 of the Texas Tax Code;

3. defend title to the property subject to the other exceptions to conveyance and warranty and preserve the lien's priority as it is established in this deed of trust;

4. maintain all insurance coverages with respect to the property, revenues generated by the property, and operations on the property that Beneficiary reasonably requires ("Required Insurance Coverages"), issued by insurers and written on policy forms acceptable to Beneficiary, and deliver evidence of the Required Insurance Coverages in a form acceptable to Beneficiary at least ten days before the expiration of the Required Insurance Coverages;

5. obey all laws, ordinances, and restrictive covenants applicable to the property;

6. keep any buildings occupied as required by the Required Insurance Coverages;

7. if the lien of this deed of trust is not a first lien, pay or cause to be paid all prior lien notes and abide by or cause to be abided by all prior lien instruments; and

8. notify Beneficiary of any change of address.

## B. Beneficiary's Rights

1. Beneficiary may appoint in writing a substitute trustee, succeeding to all rights and responsibilities of Trustee.

2. If the proceeds of the note are used to pay any debt secured by prior liens, Beneficiary is subrogated to all the rights and liens of the holders of any debt so paid.

3. Beneficiary may apply any proceeds received under the property insurance policies covering the property either to reduce the note or to repair or replace damaged or destroyed improvements covered by the policy. If the property is Grantor's primary residence and Beneficiary reasonably determines that repairs to the improvements are economically feasible, Beneficiary will make the insurance proceeds available to Grantor for repairs.

4. Notwithstanding the terms of the note to the contrary, and unless applicable law prohibits, all payments received by Beneficiary from Grantor with respect to the note or this deed of trust may, at Beneficiary's discretion, be applied first to amounts payable under this deed of trust and then to amounts due and payable to Beneficiary with respect to the note, to be applied to late charges, principal, or interest in the order Beneficiary in its discretion determines.

5.    If Grantor fails to perform any of Grantor's obligations, Beneficiary may perform those obligations and be reimbursed by Grantor on demand for any amounts so paid, including attorney's fees, plus interest on those amounts from the dates of payment at the rate stated in the note for matured, unpaid amounts. The amount to be reimbursed will be secured by this deed of trust.

6.    If a default exists in payment of the note or performance of Grantor's obligations and the default continues after any required notice of the default and the time allowed to cure, Beneficiary may—

      a.    declare the unpaid principal balance and earned interest on the note immediately due;

      b.    exercise Beneficiary's rights with respect to rent under the Texas Property Code, as then in effect;

      c.    direct Trustee to foreclose this lien, in which case Beneficiary or Beneficiary's agent will cause notice of the foreclosure sale to be given as provided by the Texas Property Code as then in effect; and

      d.    purchase the property at any foreclosure sale by offering the highest bid and then have the bid credited on the note.

7.    Beneficiary may remedy any default without waiving it and may waive any default without waiving any prior or subsequent default.

C.    **Trustee's Rights and Duties**

If directed by Beneficiary to foreclose this lien, Trustee will—

1.    either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then in effect;

2.    sell and convey all or part of the property "AS IS" to the highest bidder for cash with a general warranty binding Grantor, subject to prior liens and to the other exceptions to conveyance and warranty and without representation or warranty, express or implied, by Trustee;

3.    from the proceeds of the sale, pay, in this order—

      a.    expenses of foreclosure, including a reasonable commission to Trustee;

      b.    to Beneficiary, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;

      c.    any amounts required by law to be paid before payment to Grantor; and

      d.    to Grantor, any balance; and

4.    be indemnified, held harmless, and defended by Beneficiary against all costs, expenses, and liabilities incurred by Trustee for acting in the execution or enforcement of the trust

created by this deed of trust, which includes all court and other costs, including attorney's fees, incurred by Trustee in defense of any action or proceeding taken against Trustee in that capacity.

## D.    General Provisions

1.    If any of the property is sold under this deed of trust, Grantor must immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor will become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

2.    Recitals in any trustee's deed conveying the property will be presumed to be true.

3.    Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

4.    This lien will remain superior to liens later created even if the time of payment of all or part of the note is extended or part of the property is released.

5.    If any portion of the note cannot be lawfully secured by this deed of trust, payments will be applied first to discharge that portion.

6.    Grantor assigns to Beneficiary all amounts payable to or received by Grantor from condemnation of all or part of the property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the property. After deducting any expenses incurred, including attorney's fees and court and other costs, Beneficiary will either release any remaining amounts to Grantor or apply such amounts to reduce the note. Beneficiary will not be liable for failure to collect or to exercise diligence in collecting any such amounts. Grantor will immediately give Beneficiary notice of any actual or threatened proceedings for condemnation of all or part of the property.

7.    Grantor collaterally assigns to Beneficiary all present and future rent from the property and its proceeds. Grantor warrants the validity and enforceability of the assignment. Grantor will apply all rent to payment of the note and performance of this deed of trust, but if the rent exceeds the amount due with respect to the note and the deed of trust, Grantor may retain the excess. If a default exists in payment of the note or performance of this deed of trust, Beneficiary may exercise Beneficiary's rights with respect to rent under the Texas Property Code, as then in effect. Beneficiary neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the property. Beneficiary may exercise Beneficiary's rights and remedies under this paragraph without taking possession of the property. Beneficiary will apply all rent collected under this paragraph as required by the Texas Property Code, as then in effect. Beneficiary is not required to act under this paragraph, and acting under this paragraph does not waive any of Beneficiary's other rights or remedies.

8.    Interest on the debt secured by this deed of trust will not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess will be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded.

This provision overrides any conflicting provisions in this and all other instruments concerning the debt.

9. In no event may this deed of trust secure payment of any debt that may not lawfully be secured by a lien on real estate or create a lien otherwise prohibited by law.

10. If Grantor transfers any part of the property without Beneficiary's prior written consent, Beneficiary may declare the note immediately payable and invoke any remedies provided in this deed of trust for default. If the property is residential real property containing fewer than five dwelling units or a residential manufactured home, this provision does not apply to (a) a subordinate lien or encumbrance that does not transfer rights of occupancy of the property; (b) creation of a purchase-money security interest for household appliances; (c) grant of a leasehold interest of three years or less without an option to purchase; (d) transfer to a spouse or children of Grantor; (e) transfer to a relative of Grantor on Grantor's death; (f) a transfer resulting from a decree of a dissolution of marriage, a legal separation agreement, or an incidental property settlement agreement by which the spouse of Grantor becomes an owner of the property; or (g) transfer to an inter vivos trust in which Grantor is and remains a beneficiary and occupant of the property.

11. When the context requires, singular nouns and pronouns include the plural.

12. The term *note* includes all extensions, modifications, and renewals of the note and all amounts secured by this deed of trust.

13. This deed of trust binds, benefits, and may be enforced by successors in interest of all parties.

14. If Grantor and Maker are not the same person, the term *Grantor* includes Maker.

15. Grantor and each surety, endorser, and guarantor of the note waive, to the extent permitted by law, all (a) demand for payment, (b) presentation for payment, (c) notice of intention to accelerate maturity, (d) notice of acceleration of maturity, (e) protest, (f) notice of protest, and (g) rights under sections 51.003 and 51.004 of the Texas Property Code.

16. Grantor agrees to pay reasonable attorney's fees, trustee's fees, and court and other costs of enforcing Beneficiary's rights under this deed of trust if this deed of trust is placed in the hands of an attorney for enforcement.

17. If any provision of this deed of trust is determined to be invalid or unenforceable, the validity or enforceability of any other provision will not be affected.

18. Grantor represents that this deed of trust and the note are given for the following purposes:

This deed of trust is given to comply with the Final Decree of Divorce and obligation imposed therein in Cause No. 13-2647, rendered by the 428th Judicial District Court of Hays County, Texas, styled "In the Matter of the Marriage of K.R.J. and A.J. and in the Interest of R.A.J., C.A.J. and G.G.J., minor children."



Alexander Emerick Jones

STATE OF TEXAS        )

COUNTY OF           )

      This instrument was acknowledged before me on March 19th 2015 by the Back of the Moon, undersigned Alexander Emerick Jones, Grantor

TIMOTHY JAMES FRUGE
Notary Public, State of Texas
My Commission Expires
April 21, 2018

Notary Public, State of Texas

AFTER RECORDING, RETURN TO:

James S. Gilbreath
1301 S. Capital of Texas Highway
Suite C-120
Austin, Texas   78746

**FILED AND RECORDED**

OFFICIAL PUBLIC RECORDS

Mar 24, 2015  04:03 PM    2015043396
PEREZTA: $46.00
Dana DeBeauvoir, County Clerk
Travis County  TEXAS

# Exhibit C:
## Alexander Emerick Jones' Grant of Deed of Trust in Pedernales Hills Ranch Blanco County
## March 19, 2015

¶15.  Grantor and each surety, endorser, and guarantor of the note waive, to the extent permitted by law, all (a) demand for payment, (b) presentation for payment, (c) notice of intention to accelerate maturity, (d) notice of acceleration of maturity, (e) protest, (f) notice of protest, and (g) rights under sections 51.003 and 51.004 of the Texas Property Code.

# 150815

## Deed of Trust  *COT*

3-19-15  2:25

Date:

Grantor:  Alexander Emerick Jones

Grantor's Mailing Address: 101 Colorado Street, #3605, Austin, Travis County, Texas 78703

Trustee:  James S. Gilbreath

Trustee's Mailing Address: 1301 S. Capital of Texas Highway, Suite C-120, Austin, Travis County, Texas 78746

Beneficiary:  Kelly R. Jones

Beneficiary's Mailing Address: 12250 Trautwein Road, Austin, Hays County, Texas 78737

Note

Filed this 26 day of Mar 20 15
11:34 AM

Laura Wells
County Clerk, Blanco County, Texas
By ＿＿＿＿＿＿＿＿ Deputy

    Date:

    Original Principal Amount: $2,727,951.00

    Maker:  Alexander Emerick Jones

    Payee:  Kelly R. Jones

    Maturity Date:  Payable in 72 equal monthly installments of $43,933.00 each beginning 45 days after the signing of the Final Decree of Divorce in Cause No. 13-2647 by the Presiding Judge of the 428th Judicial District Court of Hays County, Texas.

Property (including any improvements):

    Pedernales Hills Ranch, Lot 18, 5.01 Acres, legally described as BEING Tract 18, PEDERNALES HILLS RANCHES, a subdivision situated in Blanco County, Texas, according to Plat in Volume 1, Page 123-126, Plat Records of Blanco County, Texas; TOGETHER WITH ingress and egress easement more particularly described in Volume 112, Page 782, Deed Records of Blanco County, Texas.

Prior Lien(s): None.

Other Exceptions to Conveyance and Warranty:  None.

    For value received and to secure payment of the note, Grantor conveys the property to Trustee in trust. Grantor warrants and agrees to defend the title to the property, subject to the other exceptions to conveyance and warranty. On payment of the note and all other amounts secured by this deed of trust, this deed of trust will have no further effect, and Beneficiary will release it at Grantor's expense.

Clauses and Covenants

**A.    Grantor's Obligations**

Grantor agrees to—

1.    keep the property in good repair and condition;

2.    pay all taxes and assessments on the property before delinquency, not authorize a taxing entity to transfer its tax lien on the property to anyone other than Beneficiary, and not request a deferral of the collection of taxes pursuant to section 33.06 of the Texas Tax Code;

3.    defend title to the property subject to the other exceptions to conveyance and warranty and preserve the lien's priority as it is established in this deed of trust;

4.    maintain all insurance coverages with respect to the property, revenues generated by the property, and operations on the property that Beneficiary reasonably requires ("Required Insurance Coverages"), issued by insurers and written on policy forms acceptable to Beneficiary, and deliver evidence of the Required Insurance Coverages in a form acceptable to Beneficiary at least ten days before the expiration of the Required Insurance Coverages;

5.    obey all laws, ordinances, and restrictive covenants applicable to the property;

6.    keep any buildings occupied as required by the Required Insurance Coverages;

7.    if the lien of this deed of trust is not a first lien, pay or cause to be paid all prior lien notes and abide by or cause to be abided by all prior lien instruments; and

8.    notify Beneficiary of any change of address.

**B.    Beneficiary's Rights**

1.    Beneficiary may appoint in writing a substitute trustee, succeeding to all rights and responsibilities of Trustee.

2.    If the proceeds of the note are used to pay any debt secured by prior liens, Beneficiary is subrogated to all the rights and liens of the holders of any debt so paid.

3.    Beneficiary may apply any proceeds received under the property insurance policies covering the property either to reduce the note or to repair or replace damaged or destroyed improvements covered by the policy. If the property is Grantor's primary residence and Beneficiary reasonably determines that repairs to the improvements are economically feasible, Beneficiary will make the insurance proceeds available to Grantor for repairs.

4.    Notwithstanding the terms of the note to the contrary, and unless applicable law prohibits, all payments received by Beneficiary from Grantor with respect to the note or this deed of trust may, at Beneficiary's discretion, be applied first to amounts payable under this deed of trust and then to amounts due and payable to Beneficiary with respect to the note, to be applied to late charges, principal, or interest in the order Beneficiary in its discretion determines.

5.    If Grantor fails to perform any of Grantor's obligations, Beneficiary may perform those obligations and be reimbursed by Grantor on demand for any amounts so paid, including attorney's fees, plus interest on those amounts from the dates of payment at the rate stated in the note for matured, unpaid amounts. The amount to be reimbursed will be secured by this deed of trust.

6.    If a default exists in payment of the note or performance of Grantor's obligations and the default continues after any required notice of the default and the time allowed to cure, Beneficiary may—

    a.    declare the unpaid principal balance and earned interest on the note immediately due;

    b.    exercise Beneficiary's rights with respect to rent under the Texas Property Code, as then in effect;

    c.    direct Trustee to foreclose this lien, in which case Beneficiary or Beneficiary's agent will cause notice of the foreclosure sale to be given as provided by the Texas Property Code as then in effect; and

    d.    purchase the property at any foreclosure sale by offering the highest bid and then have the bid credited on the note.

7.    Beneficiary may remedy any default without waiving it and may waive any default without waiving any prior or subsequent default.

## C.    Trustee's Rights and Duties

If directed by Beneficiary to foreclose this lien, Trustee will—

1.    either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then in effect;

2.    sell and convey all or part of the property "AS IS" to the highest bidder for cash with a general warranty binding Grantor, subject to prior liens and to the other exceptions to conveyance and warranty and without representation or warranty, express or implied, by Trustee;

3.    from the proceeds of the sale, pay, in this order—

    a.    expenses of foreclosure, including a reasonable commission to Trustee;

    b.    to Beneficiary, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;

    c.    any amounts required by law to be paid before payment to Grantor; and

    d.    to Grantor, any balance; and

4.    be indemnified, held harmless, and defended by Beneficiary against all costs, expenses, and liabilities incurred by Trustee for acting in the execution or enforcement of the trust

created by this deed of trust, which includes all court and other costs, including attorney's fees, incurred by Trustee in defense of any action or proceeding taken against Trustee in that capacity.

## D. General Provisions

1. If any of the property is sold under this deed of trust, Grantor must immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor will become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

2. Recitals in any trustee's deed conveying the property will be presumed to be true.

3. Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

4. This lien will remain superior to liens later created even if the time of payment of all or part of the note is extended or part of the property is released.

5. If any portion of the note cannot be lawfully secured by this deed of trust, payments will be applied first to discharge that portion.

6. Grantor assigns to Beneficiary all amounts payable to or received by Grantor from condemnation of all or part of the property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the property. After deducting any expenses incurred, including attorney's fees and court and other costs, Beneficiary will either release any remaining amounts to Grantor or apply such amounts to reduce the note. Beneficiary will not be liable for failure to collect or to exercise diligence in collecting any such amounts. Grantor will immediately give Beneficiary notice of any actual or threatened proceedings for condemnation of all or part of the property.

7. Grantor collaterally assigns to Beneficiary all present and future rent from the property and its proceeds. Grantor warrants the validity and enforceability of the assignment. Grantor will apply all rent to payment of the note and performance of this deed of trust, but if the rent exceeds the amount due with respect to the note and the deed of trust, Grantor may retain the excess. If a default exists in payment of the note or performance of this deed of trust, Beneficiary may exercise Beneficiary's rights with respect to rent under the Texas Property Code, as then in effect. Beneficiary neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the property. Beneficiary may exercise Beneficiary's rights and remedies under this paragraph without taking possession of the property. Beneficiary will apply all rent collected under this paragraph as required by the Texas Property Code, as then in effect. Beneficiary is not required to act under this paragraph, and acting under this paragraph does not waive any of Beneficiary's other rights or remedies.

8. Interest on the debt secured by this deed of trust will not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess will be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded.

This provision overrides any conflicting provisions in this and all other instruments concerning the debt.

9.    In no event may this deed of trust secure payment of any debt that may not lawfully be secured by a lien on real estate or create a lien otherwise prohibited by law.

10.    If Grantor transfers any part of the property without Beneficiary's prior written consent, Beneficiary may declare the note immediately payable and invoke any remedies provided in this deed of trust for default. If the property is residential real property containing fewer than five dwelling units or a residential manufactured home, this provision does not apply to (a) a subordinate lien or encumbrance that does not transfer rights of occupancy of the property; (b) creation of a purchase-money security interest for household appliances; (c) grant of a leasehold interest of three years or less without an option to purchase; (d) transfer to a spouse or children of Grantor; (e) transfer to a relative of Grantor on Grantor's death; (f) a transfer resulting from a decree of a dissolution of marriage, a legal separation agreement, or an incidental property settlement agreement by which the spouse of Grantor becomes an owner of the property; or (g) transfer to an inter vivos trust in which Grantor is and remains a beneficiary and occupant of the property.

11.    When the context requires, singular nouns and pronouns include the plural.

12.    The term *note* includes all extensions, modifications, and renewals of the note and all amounts secured by this deed of trust.

13.    This deed of trust binds, benefits, and may be enforced by successors in interest of all parties.

14.    If Grantor and Maker are not the same person, the term *Grantor* includes Maker.

15.    Grantor and each surety, endorser, and guarantor of the note waive, to the extent permitted by law, all (a) demand for payment, (b) presentation for payment, (c) notice of intention to accelerate maturity, (d) notice of acceleration of maturity, (e) protest, (f) notice of protest, and (g) rights under sections 51.003 and 51.004 of the Texas Property Code.

16.    Grantor agrees to pay reasonable attorney's fees, trustee's fees, and court and other costs of enforcing Beneficiary's rights under this deed of trust if this deed of trust is placed in the hands of an attorney for enforcement.

17.    If any provision of this deed of trust is determined to be invalid or unenforceable, the validity or enforceability of any other provision will not be affected.

18.    Grantor represents that this deed of trust and the note are given for the following purposes:

This deed of trust is given to comply with the Final Decree of Divorce and obligation imposed therein in Cause No. 13-2647, rendered by the 428th Judicial District Court of Hays County, Texas, styled "In the Matter of the Marriage of K.R.J. and A.J. and in the Interest of R.A.J., C.A.J. and G.G.J., minor children."

VOL 5 0 5 PAGE 0 5 8 3



Alexander Emerick Jones

STATE OF TEXAS                    )

COUNTY OF                         )

    This instrument was acknowledged before me on March 19th 2015 by the Back of the Moon, undersigned Alexander Emerick Jones, Grantor



Notary Public, State of Texas

TIMOTHY JAMES FRUGE
Notary Public, State of Texas
My Commission Expires
April 21, 2018

After Recording, Return To:

James S. Gilbreath
1301 S. Capital of Texas Highway
Suite C-120
Austin, Texas    78746

STATE OF TEXAS
COUNTY OF BLANCO
I hereby certify that this instrument was FILED in File Number Sequence on the date and the time stamped hereon by me and was duly RECORDED in Official Public records of Blanco County, Texas on

MAR 26 2015



Laura Walla
COUNTY CLERK
BLANCO COUNTY, TEXAS

VOL 505 PAGE 0584

# Exhibit D:
Spreadsheet Showing
All Pending Lawsuits involving
Alexander E. Jones as of
January 23, 2020

| Date | Date Cited (if replicate) | Docu Case Number | Case Title | Cause of Action | # of Pleadings |
|---|---|---|---|---|---|
| 2018_0205 | 2018_0611 | 2:18cv819 | Matt Furie V. Artworx | Copyright Infringement | Over 100 |
| 2018_1201 | 2018_1105 | 518cv011 | Free Speech Systems, LLC V. Pepal Inc. | Diversity- Other Contract | Over 100 |
| 2012_1004 | | 217cv727 | Geraldine Porter Et Al V. Donald J Trump Et Al (including Infowars) | Prisoner Civil Rights | Over 100 |
| 2018_0306 | 2018_0306 | 00-18-00605-CV | Alex E. Jones; Infowars, LLC; Free Speech Systems, LLC; and Owen Shroyer vs Neil Heslin | Interlocutory- Appeal | Over 100 |
| 2018_1002 | | RG18880503 | Center For Environmental Health VS Free Speech Systems, LLC | Toxic Tor/Environmental, General Civil | 50-100 |
| 2018_0119 | | 3:18cv07 | | Diversity-Libel And Slander | 50-100 |
| 2018_1031 | N/A | D-1-GN-18-006623 | LEWIS V. JONES ET AL | OTHER CIVIL, Civil | Over 100 |
| 2018_0313 | N/A | 3:18cv07 | Gilmore V. Jones Et Al | Diversity-Libel And Slander | 50-100 |
| 2018_0406 | N/A | D-1-GN-18-001835 | HESLIN V JONES | DEFAMATION SLANDER LIBEL Civil | Over 100 |
| 2018_0402 | N/A | D-1-GN-18-001605 | Gilmore V. Jones Et Al | DEFAMATION SLANDER LIBEL Civil | 50-100 |
| 2018_0408 | N/A | D-1-GN-19-003553 | FONTAINE V JONES | DEFAMATION SLANDER LIBEL Civil | 50-100 |
| 2018_0508 | N/A | D-1-GN-18-006951 | HESLIN V. JONES | DAMAGES OTHER, Civil | 30-50 |
| 2018_0416 | N/A | D-1-GN-18-001842 | PIOZIN V JONES | DEFAMATION SLANDER LIBEL, Civil | 30-50 |
| 2018_0415 | N/A | D-1-GN-18-001842 | PIOZIN V JONES | DEFAMATION SLANDER LIBEL, Civil | 30-50 |
| 2018_0307 | N/A | 03-18-00609-CV | Alex E. Jones; Infowars, LLC and Free Speech Systems, LLC vs Leonard Pozner and Veronique De La Rosa | Interlocutory, Appeal | 30-50 |
| 2018_0119 | N/A | 3:18cv06 | Gilmore E.A.V. Johnson, List Et Al | Diversity-Libel And Slander | 20-Oct |
| 2009_0207 | N/A | 118cv006 | LAFFERTY, ERICA Et Al Vs. JONES, ALEXANDRE Et Al | TORTS - DEFAMATION, CIVIL | 50-100 |
| 2018_0313 | N/A | CV-18-6074298-S | Lafferty Et Al V. Jones, Alexander Et Al | Diversity-Libel/Assault/Slander | 50-100 |
| 2008_1300 | 2018_1105 | 318cv01356 | SHERLACH, WILLIAMS Et Al V. JONES, ALEX EARLE Et Al | TORTS - DEFAMATION, CIVIL | 50-100 |
| 2008_0096 | N/A | CV-18-6046285-S | Sherlach Et Al V. Jones Et Al | Diversity-Libel/Assault/Slander | 50-100 |
| 2008_0101 | N/A | CV-18-606014-CV | Mdowen, LLC; Free Speech Systems, LLC; and Hi Blandell vs Marcel Fontaine | TORTS - DEFAMATION, CIVIL | 20-30 |
| 2008_0022 | N/A | CV-18-6070475-S | SHERLACH, WILLIAMS, JONES, ALEX Et Al | Indockcutory Appeal | 40-50 |
| 2008_0096 | N/A | 00-19-00112-CV | In Re Alex E. Jones; infoWars, LLC; and Free Speech Systems, LLC | Indockcutory Appeal | 20-30 |
| 2018_0624 | N/A | 03-19-00121-CV | Alex E. Jones, infoWars, LLC and Free Speech Systems, LLC vs Scarlett Lewis | Indockcutory Appeal | 20-30 |
| 2018_0025 | N/A | 119cv041 | Jones V. Vira Et Al | Diversity-libel/Assault/Slander | Oct-20 |
| 2018_0115 | N/A | 3:18cv741 | Free Speech Systems LLC V. Menzel | Declaratory Judgment | 50-100 |
| 2018_0308 | 2018_0213 | 117cv0026 | Matury V. Free Speech Systems, LLC | Diversity-libel/Assault/Slander | 12 |
| 2009_0041 | N/A | 119cv0543 | Dodson V. Free Speech Systems, LLC | Copyright Infringement | 9 |
| 2017_1103 | 2016_0227 | 417cv0054 | Common Foods, LLC V. Free Speech Systems, LLC | Copyright Infringement | 10 |
| 2021_0424 | N/A | CV217-15650 | Obataiye, LLC v. Alexander Jones, InfoWars, LLC Free Speech Systems, LLC, | Trademark Infringement (Lanham Act) | 11 |
| 2018_0315 | 2018_0209 | 118cv02088 | Werag V. Stone | Diversity-libel, Assault, Slander | 29 |