## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **ALEXANDER E. JONES,** | § | **CASE NO. 20-10118-hcm** |
| **Alleged Debtor.** | § | **Chapter 11** |
| | § | |

### ALLEGED DEBTOR'S MOTION TO DISMISS

Alex Jones ("*AJ*") the above-captioned involuntary debtor files this motion (the "*Motion*") pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (the "*FRCP*"), sections 105 and 303 of title 11 of the United States Code (the "*Bankruptcy Code*"), and Rules 1011 and 7012 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") for entry of an order dismissing the involuntary bankruptcy petition (the "*Petition*") filed by Kelly R. Jones ("*KJ*") due to lack of jurisdiction. In support of this Motion, AJ respectfully represents as follows:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The bases for the relief requested herein are sections 105 and 303 of the Bankruptcy Code, Bankruptcy Rules 1011 and 7012 , and FRCP 12(b)(1).

3.     KJ is AJ's former spouse. Since their divorce in March 2015, KJ has initiated numerous actions against AJ, including tort claims, petitions for habeas corpus, and multiple motions for emergency temporary restraining orders.  All of these motions have been found to be without merit. KJ and AJ are currently involved in a pending lawsuit in the State District Court of Travis County, Texas under Cause No. D-1-FM-15-005030 (the "*Pending Action*") in which competing motions to modify the parent/child relationship are pending. After losing a variety of

attempts to recuse the presiding judge and after removing the action to federal court on two

occasions, each time resulting in remand to the State District Court, KJ is facing a day of reckoning

in the Pending Action which she is attempting once again to avoid by the filing of this involuntary

bankruptcy case to stay her own claims in the Pending Action. As absolute evidence of the attempt

to use a jurisdictionally invalid assertion of an involuntary bankruptcy proceeding for the purpose

of avoiding the adjudication of the Pending Action in State District Court, KJ has attempted (albeit

improperly) to remove the Pending Action to the United States District Court (where it has been

labeled Cause No. A20-CV-151-LY) based upon 28 U.S.C. § 1452, "related to" bankruptcy

jurisdiction emanating from this improper action and in furtherance of her attempts to avoid a

forum for adjudication of claims which she has heretofore, been completely unsuccessful in

proceeding with.

### BACKGROUND FACTS

4.      Pursuant to the Final Decree of Divorce and as part of a property division, AJ

executed and delivered to KJ that certain *Real Estate Lien Note* dated March 19, 2015, of

$2,727,951 (the "***Note***"). In fact, KJ attached the Note to her Petition filed in this case. The Petition

is attached hereto as **Exhibit A** and the Note is attached thereto as **Exhibit A-1**. Pursuant to the

Note, AJ is obligated to make monthly payments to KJ in the amount of $43,933.00.

5.      As admitted in her Petition, the Note is secured by two deeds of trust granting KJ a

security interest against the following real property:

   a) 15101 Back of Moon St. D., Austin, TX 78734, legally described as Lot 3,
      Amended Plat of Back of the Moon Subdivision, A Subdivision in Travis
      County, Texas, According to the Map or Plat thereof recorded in Volume
      93, page 282, of the Plat Records of Travis County, Texas (the "***Back of the
      Moon Property***") attached to the Petition as **Exhibit A-2**; and

   b) Pedernales Hills Ranch, Lot 18, 5.01 acres, legally described as BEING
      Tract 18, Pedernales Hills Ranches, a subdivision situated in Blanco

County, Texas, according to Plat in Volume 1, page 123-126, Plat Records of Blanco County, Texas; together with ingress and egress easement more particularly described in Volume 112, page 782, Deed of Records of Blanco County, Texas (the "***Pedernales Property***") attached to the Petition as **Exhibit A-3**.

6.     In connection with the final decree of divorce, Judge Doug Warne, sitting as Special Judge and presiding over the divorce trial, determined that the Back of the Moon property had a market value of $780,000, while the Pedernales Property had an agreed market value of $68,640. (*See Affidavit of Randall Wilhite in Support of Alleged Debtor's Motion to Dismiss* attached hereto as **Exhibit B,** and an excerpt of the true and correct copy of a portion of the Final Rendition in the divorce action, attached thereto as **Exhibit B-2**).

7.     In the Petition filed in this case, KJ claims that she is owed $786,861.00 on the Note. **Exhibit A,** ¶ 13. The outstanding amount of the Note, which is *not* in default, is $596,267.16. (*See Affidavit of David Jones in Support of Alleged Debtor's Motion to Dismiss* attached hereto as **Exhibit C**). However, even if KJ was correct (she is not), the value of the property securing the Note exceeds the amount even claimed to be owed. AJ believes and asserts that these properties have significantly more value than previously determined. As such, even if the Note could be accelerated (it cannot), KJ is well oversecured for the debt under the Note, which is neither currently due, owing or accelerated.

8.     On January 24, 2020, despite being current on the receipt of payments due under the Note, KJ filed the Petition, commencing this case. The Petition is full of inconsistencies and, on its face, illustrates that KJ has not met the statutory requirements to commence an involuntary bankruptcy proceeding against AJ. For example:

    a)  Box 8 indicates that the debts are primarily business debts, however, the only alleged debt is the Note, a personal obligation of AJ pursuant to the divorce decree;

    b)  Box 11 indicates that AJ is "generally not paying such debtor's debts as they

become due", however, KJ provides no evidence that AJ is in default under the Note, and in fact, he is not;

c)  KJ has attached the Note and both deeds of trust to the Petition evidencing the fact that her claim against AJ is secured and has nowhere indicated that any portion of the obligation, upon which he is current, is unsecured; and

d)  Immediately upon the filing of the Petition, KJ filed a suggestion of bankruptcy in the Pending Action, attached hereto as **Exhibit B-3**, and attempted to remove the Pending Action to Federal District Court. *See* **Exhibit B-1**.

## RELIEF REQUESTED

9.      By this Motion, AJ requests entry of the an order dismissing the Petition for failure to satisfy the statutory requirements of section 303 of the Bankruptcy Code and because KJ is not a qualified creditor for the purpose of invoking this Court's jurisdiction pursuant to the Petition filed in this case. AJ asserts that the Petition, as evidenced by the history in the Pending Matter, and the subsequent removal of the Pending Matter to avoid adjudication in the State District Court of Travis County, is the essence of bad faith, and AJ reserves the right, upon the dismissal of this case, and consistent with section 303(i) of the Bankruptcy Code and the Bankruptcy Rules, to assert claims against KJ for the bad faith and improper filing of the Petition.

## BASIS FOR RELIEF

10.     Bankruptcy Rule 1011(b) states that "[d]efenses and objections to the petition shall be presented in the manner prescribed by Rule 12 F.R.Civ.P. . . . ." Fed. R. Bankr. P. 1011(b).

11.     Pursuant to Rule 12(b)(1), dismissal of an involuntary petition in bankruptcy is appropriate when there are no valid and qualified creditors that initiate the complaint. *In re Green Hills Dev. Co., LLC,* 741 F.3d 651, 660 (5th Cir. 2014) (affirming the dismissal of an involuntary petition under FRCP 12(b)(1) because the court lacked jurisdiction when the petitioning creditor did not meet the statutory requirements to initiate an involuntary bankruptcy).

12.     This Court may consider affidavit and other evidence in consideration of whether it has jurisdiction and in connection with motions under FRCP 12(b)(1). *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001); *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996); *Espinoza v. Missouri Pac. R.R. Co.*, 754 F.2d 1247, 1248 n. 1 (5th Cir. 1985); *William v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

## A.     The Statutory Requirements of Section 303 of the Bankruptcy Code Have Not Been Satisfied

13.     The Petition should be dismissed because it fails to satisfy the statutory prerequisites of an involuntary bankruptcy petition prescribed by section 303(b) of the Bankruptcy Code.

14.     Recognizing that involuntary bankruptcy is a particularly severe remedy, Congress limited the circumstances in which creditors may force a debtor to such a proceeding. Pursuant to section 303(b) of the Bankruptcy Code, an involuntary case may only be filed against a person by filing a petition under chapters 7 or 11 with the bankruptcy court:

> 1)  by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount . . . [that] *aggregate at least $16,750 more than the value of any lien on property of the debtor securing such claims* held by the holders of such claims;

> 2)  if there are fewer than 12 such holders, excluding any employee or insider of such person and any transferee of a transfer that is voidable under section 544, 545, 547, 548, 549, or 724(a) of this title, *by one or more of such holders that hold in the aggregate at least $16,750 of such claims* . . . ."

11 U.S.C. § 303(b)(1)–(2) (emphasis added).

15.     Section 303 of the Bankruptcy Code further provides that:

> h)  [T]he court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed, *only if—*

> 1) the debtor is generally not paying such debtor's debts as such debts become due unless such debts are the subject of a bona fide dispute as to liability or amount . . . .

11 U.S.C. § 303(h)(1) (emphasis added).

16.     Here, the Petition fails to satisfy the statutory prerequisites because KJ is a fully secured creditor and, therefore, not an eligible petitioning creditor. Moreover, it is clear that the Petition has been filed for an improper purpose. To the extent that this Court does not dismiss the Petition on the grounds of qualification of the petitioning creditor alone, AJ will show that he is generally paying his debts as they become due, including the obligation under the Note to KJ, and that there is no basis for the assertion of involuntary bankruptcy against him except to prevent the adjudication of the Pending Case in State District Court where it belongs.

17.     KJ is not an eligible petitioning creditor because she is fully secured. *See* 11 U.S.C. § 303(a)(1)–(2) (the petitioning creditor(s) must hold "noncontingent, undisputed claims aggregat[ing] at least $16,750 *more than the value of any lien on property of the debtor securing such claims*") (emphasis added).

18.     KJ attached the Note and two deeds of trust to the Petition showing that her claim is secured by two different properties. Per the attached exhibits and affidavit testimony, the Back of the Moon Property and the Pedernales Property have a value that exceeds the debt owed on the Note by at least $200,000, and as such, KJ does not qualify as a petitioning creditor. Because KJ cannot qualify as a petitioning creditor, the Court lacks jurisdiction in this case and must dismiss it pursuant to FRCP 12(b)(1). *See In re Green Hills Dev. Co., LLC,* 741 F.3d at 660 (affirming the dismissal of an involuntary petition under FRCP 12(b)(1) because the court lacked jurisdiction when the petitioning creditor did not meet the statutory requirements to initiate an involuntary bankruptcy)

**B.     <u>Reservation of Claims for Attorneys' Fees, Costs, and Damages</u>**

19.     AJ was forced to incur attorneys' fees and costs due to the bad faith filing of the Petition. Pursuant to section 303(i)(1) of the Bankruptcy Code, a court dismissing an involuntary petition without the consent of all parties may award the alleged debtor reasonable attorneys' fees and costs. 11 U.S.C. § 303(i)(1). An alleged debtor is also entitled to actual or punitive damages where the petitioning creditor filed the petition in bad faith. 11 U.S.C. § 303(i)(2). As detailed above, KJ filed this case in bad faith and with the improper purpose of forum shopping. In connection with the dismissal of this case by this Court, AJ requests that this Court reserve jurisdiction to enter an appropriate award of attorneys' fees, costs, damages and punitive damages due to the bad faith actions of KJ in bringing this Petition to this Court.

WHEREFORE, AJ requests that the Court dismiss the Petition for the reasons set forth herein and grant such further relief to which he may be justly entitled.

DATED:     February 13, 2020
           Austin, Texas

                                        Respectfully submitted,

                                        WALLER LANSDEN DORTCH & DAVIS, LLP

                                        By:/s/ Eric J. Taube
                                        Eric Taube (Bar No. 19679350)
                                        William R. "Trip" Nix, III (Bar No. 24092902)
                                        Evan J. Atkinson (Bar No. 24091844)
                                        100 Congress Avenue, Suite 1800
                                        Austin, Texas 78701
                                        (512) 685-6400
                                        (512) 685-6417 (FAX)
                                        Email: Eric.Taube@wallerlaw.com
                                               Trip.Nix@wallerlaw.com
                                               Evan.Atkinson@wallerlaw.com

                                        *Attorneys for the Alleged Debtor*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all persons listed below via the Court's ECF service and by United States First Class Mail on February 13, 2020:

Kelly R. Jones
11601 Hwy. 290w
Suite A101-307
Austin, TX 78737

/s/ Eric Taube
Eric J. Taube

## EXHIBIT A

### *Involuntary Bankruptcy Petition*

DELIVERED
_1_ / _27_ / _2020_
By_ PSC | 2228
Austin Process, LLC

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Western District of Texas

Case number *(If known)*_____ Chapter 11

FILED

2020 JAN 24 PM 2:06

CLERK
U.S. BANKRUPTCY COURT
BY_____
DEPUTY

☐ Check if this is an
amended filing

Official Form 105

# Involuntary Petition Against an Individual

12/15

Use this form to begin a bankruptcy case against an individual you allege to be a debtor subject to an Involuntary case. If you want to begin a case against a non-individual, use the *Involuntary Petition Against a Non-Individual* (Official Form 205). Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write name and case number (if known).

**Part 1: Identify the Chapter of the Bankruptcy Code Under Which Petition Is Filed**

| | |
|---|---|
| 1. Chapter of the Bankruptcy Code | *Check one:*<br>☐ Chapter 7<br>☑ Chapter 11 |

**Part 2: Identify the Debtor**

| | |
|---|---|
| 2. Debtor's full name | Alexander<br>First name<br><br>Emric<br>Middle name<br><br>Jones<br>Last name<br><br>Suffix (Sr., Jr., II, III) |
| 3. Other names you know the debtor has used in the last 8 years<br><br>Include any assumed, married, maiden, or trade names, or *doing business as* names. | Alexander Emerick Jones (AKA)<br>Alex Jones (AKA)<br>Alexander E. Jones (AKA) |
| 4. Only the last 4 digits of debtor's Social Security Number or federal Individual Taxpayer Identification Number (ITIN) | ☑ Unknown<br><br>XXX – XX – 5 9 8 9      OR     9 XX – XX – _ _ _ _ |
| 5. Any Employer Identification Numbers (EINs) used in the last 8 years | ☐ Unknown<br><br>EIN _ _ – _ _ _ _ _ _ _<br><br>EIN _ _ – _ _ _ _ _ _ _ |

Debtor    Alexander Emric Jones_____    Case number (if known)_____

| | | |
|---|---|---|

**6. Debtor's address**

| Principal residence | Mailing address, if different from residence |
|---|---|
| 1400 Barton Creek Boulevard | 3019 Alvin DeVane Boulevard, Suite 350 |
| Number    Street | Number    Street |
| | FREE SPEECH SYSTEMS, LLC |
| Austin                TX    78735 | Austin                TX    78741 |
| City                  State  ZIP Code | City                  State  ZIP Code |
| Travis County | |
| County | |

Principal place of business

3019 Alvin DeVane Boulevard, #350
Number    Street

FREE SPEECH SYSTEMS, LLC

Austin                TX    78741
City                  State  ZIP Code

78741
County

---

**7. Type of business**

☐ Debtor does not operate a business

*Check one if the debtor operates a business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☑ None of the above

---

**8. Type of debt**

Each petitioner believes:

☐ **Debts are primarily consumer debts.** *Consumer debts are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."*

☑ **Debts are primarily business debts.** *Business debts are debts that were incurred to obtain money for a business or investment or through the operation of the business or investment.*

---

**9. Do you know of any bankruptcy cases pending by or against any partner, spouse, or affiliate of this debtor?**

☑ No
☐ Yes. Debtor _____    Relationship _____
      District _____ Date filed _____ Case number, if known_____
                                      MM / DD / YYYY

      Debtor _____    Relationship _____
      District _____ Date filed _____ Case number, if known_____
                                      MM / DD / YYYY

---

Debtor  <u>Alexander Emric Jones</u>                          Case number *(if known)* _____

| **Part 3:** | **Report About the Case** | |
|---|---|---|

**10. Venue**

Reason for filing in this court.

*Check one:*

☑ Over the last 180 days before the filing of this bankruptcy, the debtor has resided, had the principal place of business, or had principal assets in this district longer than in any other district.

☐ A bankruptcy case concerning debtor's affiliates, general partner, or partnership is pending in this district.

☐ Other reason. Explain. (See 28 U.S.C. § 1408.) _____

**11. Allegations**

Each petitioner is eligible to file this petition under 11 U.S.C. § 303(b).

The debtor may be the subject of an involuntary case under 11 U.S.C. § 303(a).

*At least one box must be checked:*

☑ The debtor is generally not paying such debtor's debts as they become due, unless they are the subject of a bona fide dispute as to liability or amount.

☐ Within 120 days before the filing of this petition, a custodian, other than a trustee, receiver, or agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession.

**12. Has there been a transfer of any claim against the debtor by or to any petitioner?**

☑ No

☐ Yes. Attach all documents that evidence the transfer and any statements required under Bankruptcy Rule 1003(a).

**13. Each petitioner's claim**

| Name of petitioner | Nature of petitioner's claim | Amount of the claim above the value of any lien |
|---|---|---|
| Kelly R. Jones | Default on Promissory Note | $ 786,861.00 |
| | | $ |
| | | $ |
| | Total | $ 786,861.00 |

If more than 3 petitioners, attach additional sheets with the statement under penalty of perjury, each petitioner's (or representative's) signature under the statement, along with the signature of the petitioner's attorney, and the information on the petitioning creditor, the petitioner's claim, the petitioner's representative, and the attorney following the format on this form.

| Debtor | Alexander Emric Jones | Case number *(if known)* |
|---|---|---|

| **Part 4:** | **Request for Relief** |
|---|---|

Petitioners request that an order for relief be entered against the debtor under the chapter specified in Part 1 of this petition. If a petitioning creditor is a corporation, attach the corporate ownership statement required by Bankruptcy Rule 1010(b). If any petitioner is a foreign representative appointed in a foreign proceeding, a certified copy of the order of the court granting recognition is attached.

Petitioners declare under penalty of perjury that the information provided in this petition is true and correct.  Petitioners understand that if they make a false statement, they could be fined up to $250,000 or imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152 and 3571. If relief is not ordered, the court may award attorneys' fees, costs, damages, and punitive damages. 11 U.S.C. § 303(i).

**Petitioners or Petitioners' Representative**

✗ _Kelly R. Jones_
Signature of petitioner or representative, including representative's title

Kelly R. Jones
Printed name of petitioner

Date signed  01/23/2020
              MM / DD / YYYY

Mailing address of petitioner

11601 Hwy 290 W., Suite A101-307
Number    Street

Austin                     TX      78737
City                       State   ZIP Code

**If petitioner is an individual and is not represented by an attorney:**

Contact phone    888-995-3559
Email            service@violetkelly.com

Name and mailing address of petitioner's representative, if any

Name

Number    Street

City                       State   ZIP Code

**Attorneys**

✗ _____
Signature of attorney

_____
Printed name

_____
Firm name, if any

_____
Number    Street

_____
City           State        ZIP Code

Date signed  _____
             MM / DD / YYYY

Contact phone _____  Email _____

Official Form 105                    Involuntary Petition Against an Individual                    page 4

## EXHIBIT A-1

*Real Estate Lien Note*

## Real Estate Lien Note

Date:  3-19-15  2:15 CDT

Maker: Alexander Emerick Jones

Maker's Mailing Address: 101 Colorado Street, #3605, Austin, Travis County, Texas  78703

Payee: Kelly R. Jones, as her sole and separate property and estate

Place for Payment: 12250 Trautwein Road, Austin, Hays County, Texas

Principal Amount: Two Million Seven Hundred and Twenty-Seven Thousand nine hundred and Fifty-One and No/100 Dollars ($2,727,951)

Annual Interest Rate: Five percent (5%)

Annual Interest Rate on Matured, Unpaid Amounts: Five percent (5%).

Terms of Payment (principal and interest):

Principal and interest on this Real Estate Lien Note ("Note") are due and payable in monthly installments of Forty-Three Thousand Nine Hundred Thirty-Three and No/100 Dollars ($43,933.00) each, beginning forty-five days after the signing of the Final Decree of Divorce between Payee and Maker in Cause No 13-2647, In the Matter of the Marriage of K.R.J. and A.J., by the Presiding Judge of the 428th Judicial District Court of Hays County, Texas, and continuing on the same day of each following calendar month until all payments of principal and interest called for herein have been paid in full.  Payments shall be sent to 12250 Trautwein Road, Austin, Texas 78737.

Security for Payment:

This Note is secured by two deeds of Trust dated of even date herewith by Maker for the benefit of Payee.  The Deeds of Trust grant Payee a lien on the following real property:

15101 Back of the Moon St. D., Austin, TX  78734, legally described as Lot 3, Amended Plat Of Back Of The Moon Subdivision, A Subdivision in Travis County, Texas, According to the Map Or Plat Thereof Recorded in Volume 93, Page 282, Of The Plat Records Of Travis County, Texas. and

Pedernales Hills Ranch, Lot 18, 5.01 Acres, legally described as BEING Tract 18, Pedernales Hills Ranches, a subdivision situated in Blanco County, Texas, according to Plat in Volume 1, Page 123-126, Plat Records of Blanco County, Texas; together with ingress and egress easement more particularly described in Volume 112, Page 782, Deed Records of Blanco County, Texas.

Maker promises to pay to the order of Payee the principal amount plus interest at the

2256RealEstateLienNote                                    1

annual interest rate. This note is payable at the place for payment and according to the terms of payment. All unpaid amounts are due by the maturity date. If any amount is not paid either when due under the terms of payment or on acceleration of maturity, Maker promises to pay any unpaid amount plus interest from the date the payment was due to the date of payment at the annual interest rate on matured, unpaid amounts.

Maker may prepay this note in any amount at any time before the maturity date without penalty or premium. Prepayments will be applied to installments on the last maturing principal, and interest on that prepaid principal will immediately cease to accrue.

If Maker defaults in the payment of this note or in the performance of any obligation in any instrument securing or collateral to this note, Payee may declare the unpaid principal balance, earned interest, and any other amounts owed on the note immediately due. Maker and each surety, endorser, and guarantor waive, to the extent permitted by law, all (a) demand for payment, (b) presentation for payment, (c) notice of intention to accelerate maturity, (d) notice of acceleration of maturity, (e) protest, (f) notice of protest, and (g) rights under sections 51.003 and 51.004 of the Texas Property Code.

Maker also promises to pay reasonable attorney's fees and court and other costs if this note is placed in the hands of an attorney to collect or enforce the note. These expenses will bear interest from the date of advance at the annual interest rate on matured, unpaid amounts. Maker will pay Payee these expenses and interest on demand at the place for payment. These expenses and interest will become part of the debt evidenced by the note and will be secured by any security for payment.

Interest on the debt evidenced by this note will not exceed the maximum rate or amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the principal amount or, if the principal amount has been paid, refunded. On any acceleration or required or permitted prepayment, any excess interest will be canceled automatically as of the acceleration or prepayment or, if the excess interest has already been paid, credited on the principal amount or, if the principal amount has been paid, refunded. This provision overrides any conflicting provisions in this note and all other instruments concerning the debt.

Each Maker is responsible for all obligations represented by this note.

When the context requires, singular nouns and pronouns include the plural.

This note is given to evidence the indebtedness imposed on Maker by the Final Decree of Divorce entered in Cause No. 13-2647 by the District Court of Hays County, Texas, styled "In the Matter of the Marriage of K.R.J. and A.J. and in the Interest of K.A.J., C.A.J., and G.G.J., minor children."

Alexander Emerick Jones, Maker
101 Colorado St., #3605
Austin, Texas 78703

3-19-15   2:00 &DT

2256RealEstateLienNote                                                    2

## EXHIBIT A-2

*Back of the Moon Deed of Trust*


TRV  2015043396
6 PGS

## Deed of Trust

Date: 3-19-15  2:20 CDT

Grantor: Alexander Emerick Jones

Grantor's Mailing Address: 101 Colorado Street, #3605, Austin, Travis County, Texas  78703

Trustee: James S. Gilbreath

Trustee's Mailing Address: 1301 S. Capital of Texas Highway, Suite C-120, Austin, Travis County, Texas  78746

Beneficiary: Kelly R. Jones

Beneficiary's Mailing Address: 12250 Trautwein Road, Austin, Hays County, Texas  78737

Note

    Date:

    Original Principal Amount:  $2,727,951.00

    Maker:  Alexander Emerick Jones

    Payee:  Kelly R. Jones

    Maturity Date:  Payable in 72 equal monthly installments of $43,933.00 each beginning 45 days after the signing of the Final Decree of Divorce in Cause No. 13-2647 by the Presiding Judge of the 428th Judicial District Court of Hays County, Texas.

Property (including any improvements):

    15101 Back of the Moon St. D., Austin, TX  78734, legally described as Lot 3, Amended Plat Of Back Of The Moon Subdivision, A Subdivision in Travis County, Texas, According to the Map Or Plat Thereof Recorded In Volume 93, Page 282, Of The Plat Records Of Travis County, Texas

Prior Lien(s): None.

Other Exceptions to Conveyance and Warranty: None.

    For value received and to secure payment of the note, Grantor conveys the property to Trustee in trust. Grantor warrants and agrees to defend the title to the property, subject to the other exceptions to conveyance and warranty. On payment of the note and all other amounts secured by this deed of trust, this deed of trust will have no further effect, and Beneficiary will release it at Grantor's expense.

2256DeedofTrustBackOfTheMoon/Back of the Moon         1

Clauses and Covenants

A.      Grantor's Obligations

Grantor agrees to—

1.      keep the property in good repair and condition;

2.      pay all taxes and assessments on the property before delinquency, not authorize a taxing entity to transfer its tax lien on the property to anyone other than Beneficiary, and not request a deferral of the collection of taxes pursuant to section 33.06 of the Texas Tax Code;

3.      defend title to the property subject to the other exceptions to conveyance and warranty and preserve the lien's priority as it is established in this deed of trust;

4.      maintain all insurance coverages with respect to the property, revenues generated by the property, and operations on the property that Beneficiary reasonably requires ("Required Insurance Coverages"), issued by insurers and written on policy forms acceptable to Beneficiary, and deliver evidence of the Required Insurance Coverages in a form acceptable to Beneficiary at least ten days before the expiration of the Required Insurance Coverages;

5.      obey all laws, ordinances, and restrictive covenants applicable to the property;

6.      keep any buildings occupied as required by the Required Insurance Coverages;

7.      if the lien of this deed of trust is not a first lien, pay or cause to be paid all prior lien notes and abide by or cause to be abided by all prior lien instruments; and

8.      notify Beneficiary of any change of address.

B.      Beneficiary's Rights

1.      Beneficiary may appoint in writing a substitute trustee, succeeding to all rights and responsibilities of Trustee.

2.      If the proceeds of the note are used to pay any debt secured by prior liens, Beneficiary is subrogated to all the rights and liens of the holders of any debt so paid.

3.      Beneficiary may apply any proceeds received under the property insurance policies covering the property either to reduce the note or to repair or replace damaged or destroyed improvements covered by the policy. If the property is Grantor's primary residence and Beneficiary reasonably determines that repairs to the improvements are economically feasible, Beneficiary will make the insurance proceeds available to Grantor for repairs.

4.      Notwithstanding the terms of the note to the contrary, and unless applicable law prohibits, all payments received by Beneficiary from Grantor with respect to the note or this deed of trust may, at Beneficiary's discretion, be applied first to amounts payable under this deed of trust and then to amounts due and payable to Beneficiary with respect to the note, to be applied to late charges, principal, or interest in the order Beneficiary in its discretion determines.

2256DeedofTrustBackOfTheMoon/Back of the Moon          2

5.     If Grantor fails to perform any of Grantor's obligations, Beneficiary may perform those obligations and be reimbursed by Grantor on demand for any amounts so paid, including attorney's fees, plus interest on those amounts from the dates of payment at the rate stated in the note for matured, unpaid amounts. The amount to be reimbursed will be secured by this deed of trust.

6.     If a default exists in payment of the note or performance of Grantor's obligations and the default continues after any required notice of the default and the time allowed to cure, Beneficiary may—

   a.     declare the unpaid principal balance and earned interest on the note immediately due;

   b.     exercise Beneficiary's rights with respect to rent under the Texas Property Code, as then in effect;

   c.     direct Trustee to foreclose this lien, in which case Beneficiary or Beneficiary's agent will cause notice of the foreclosure sale to be given as provided by the Texas Property Code as then in effect; and

   d.     purchase the property at any foreclosure sale by offering the highest bid and then have the bid credited on the note.

7.     Beneficiary may remedy any default without waiving it and may waive any default without waiving any prior or subsequent default.

C.     Trustee's Rights and Duties

If directed by Beneficiary to foreclose this lien, Trustee will—

1.     either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then in effect;

2.     sell and convey all or part of the property "AS IS" to the highest bidder for cash with a general warranty binding Grantor, subject to prior liens and to the other exceptions to conveyance and warranty and without representation or warranty, express or implied, by Trustee;

3.     from the proceeds of the sale, pay, in this order—

   a.     expenses of foreclosure, including a reasonable commission to Trustee;

   b.     to Beneficiary, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;

   c.     any amounts required by law to be paid before payment to Grantor; and

   d.     to Grantor, any balance; and

4.     be indemnified, held harmless, and defended by Beneficiary against all costs, expenses, and liabilities incurred by Trustee for acting in the execution or enforcement of the trust

created by this deed of trust, which includes all court and other costs, including attorney's fees, incurred by Trustee in defense of any action or proceeding taken against Trustee in that capacity.

D.  General Provisions

1.  If any of the property is sold under this deed of trust, Grantor must immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor will become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

2.  Recitals in any trustee's deed conveying the property will be presumed to be true.

3.  Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

4.  This lien will remain superior to liens later created even if the time of payment of all or part of the note is extended or part of the property is released.

5.  If any portion of the note cannot be lawfully secured by this deed of trust, payments will be applied first to discharge that portion.

6.  Grantor assigns to Beneficiary all amounts payable to or received by Grantor from condemnation of all or part of the property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the property. After deducting any expenses incurred, including attorney's fees and court and other costs, Beneficiary will either release any remaining amounts to Grantor or apply such amounts to reduce the note. Beneficiary will not be liable for failure to collect or to exercise diligence in collecting any such amounts. Grantor will immediately give Beneficiary notice of any actual or threatened proceedings for condemnation of all or part of the property.

7.  Grantor collaterally assigns to Beneficiary all present and future rent from the property and its proceeds. Grantor warrants the validity and enforceability of the assignment. Grantor will apply all rent to payment of the note and performance of this deed of trust, but if the rent exceeds the amount due with respect to the note and the deed of trust, Grantor may retain the excess. If a default exists in payment of the note or performance of this deed of trust, Beneficiary may exercise Beneficiary's rights with respect to rent under the Texas Property Code, as then in effect. Beneficiary neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the property. Beneficiary may exercise Beneficiary's rights and remedies under this paragraph without taking possession of the property. Beneficiary will apply all rent collected under this paragraph as required by the Texas Property Code, as then in effect. Beneficiary is not required to act under this paragraph, and acting under this paragraph does not waive any of Beneficiary's other rights or remedies.

8.  Interest on the debt secured by this deed of trust will not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess will be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded.

2256DeedofTrustBackOfTheMoon/Back of the Mnon          4

This provision overrides any conflicting provisions in this and all other instruments concerning the debt.

9. In no event may this deed of trust secure payment of any debt that may not lawfully be secured by a lien on real estate or create a lien otherwise prohibited by law.

10. If Grantor transfers any part of the property without Beneficiary's prior written consent, Beneficiary may declare the note immediately payable and invoke any remedies provided in this deed of trust for default. If the property is residential real property containing fewer than five dwelling units or a residential manufactured home, this provision does not apply to (a) a subordinate lien or encumbrance that does not transfer rights of occupancy of the property; (b) creation of a purchase-money security interest for household appliances; (c) grant of a leasehold interest of three years or less without an option to purchase; (d) transfer to a spouse or children of Grantor; (e) transfer to a relative of Grantor on Grantor's death; (f) a transfer resulting from a decree of a dissolution of marriage, a legal separation agreement, or an incidental property settlement agreement by which the spouse of Grantor becomes an owner of the property; or (g) transfer to an inter vivos trust in which Grantor is and remains a beneficiary and occupant of the property.

11. When the context requires, singular nouns and pronouns include the plural.

12. The term *note* includes all extensions, modifications, and renewals of the note and all amounts secured by this deed of trust.

13. This deed of trust binds, benefits, and may be enforced by successors in interest of all parties.

14. If Grantor and Maker are not the same person, the term *Grantor* includes Maker.

15. Grantor and each surety, endorser, and guarantor of the note waive, to the extent permitted by law, all (a) demand for payment, (b) presentation for payment, (c) notice of intention to accelerate maturity, (d) notice of acceleration of maturity, (e) protest, (f) notice of protest, and (g) rights under sections 51.003 and 51.004 of the Texas Property Code.

16. Grantor agrees to pay reasonable attorney's fees, trustee's fees, and court and other costs of enforcing Beneficiary's rights under this deed of trust if this deed of trust is placed in the hands of an attorney for enforcement.

17. If any provision of this deed of trust is determined to be invalid or unenforceable, the validity or enforceability of any other provision will not be affected.

18. Grantor represents that this deed of trust and the note are given for the following purposes:

This deed of trust is given to comply with the Final Decree of Divorce and obligation imposed therein in Cause No. 13-2647, rendered by the 428th Judicial District Court of Hays County, Texas, styled "In the Matter of the Marriage of K.R.J. and A.J. and in the Interest of R.A.J., C.A.J. and G.G.J., minor children."

Alexander Emerick Jones

STATE OF TEXAS                    )

COUNTY OF                         )

This instrument was acknowledged before me on March 19th 2015 _____ by the Back of the Moon, undersigned Alexander Emerick Jones, Grantor

TIMOTHY JAMES FRUGE
Notary Public, State of Texas
My Commission Expires
April 21, 2018

Notary Public, State of Texas

AFTER RECORDING, RETURN TO:

James S. Gilbreath
1301 S. Capital of Texas Highway
Suite C-120
Austin, Texas   78746

**FILED AND RECORDED**
OFFICIAL PUBLIC RECORDS

Dana DeBeauvoir

Mar 24, 2015  04:03 PM    2015043396
PEREZTA: $48.00
Dana DeBeauvoir, County Clerk
Travis County  TEXAS

**EXHIBIT A-3**

*Pedernales Deed of Trust*

150815

## Deed of Trust  < O T

3-19-15  2:25

Date:

Grantor: Alexander Emerick Jones

Grantor's Mailing Address: 101 Colorado Street, #3605, Austin, Travis County, Texas 78703

Trustee: James S. Gilbreath

Trustee's Mailing Address: 1301 S. Capital of Texas Highway, Suite C-120, Austin, Travis County, Texas 78746

Beneficiary: Kelly R. Jones

Beneficiary's Mailing Address: 12250 Trautwein Road, Austin, Hays County, Texas 78737

Note

Date:

Original Principal Amount: $2,727,951.00

Maker: Alexander Emerick Jones

Payee: Kelly R. Jones

Filed this 26 day of May 2015

11:34 AM

Laura Walla
County Clerk, Blanco County, Texas
By: Shilea K Malit Deputy

Maturity Date: Payable in 72 equal monthly installments of $43,933.00 each beginning 45 days after the signing of the Final Decree of Divorce in Cause No. 13-2647 by the Presiding Judge of the 428th Judicial District Court of Hays County, Texas.

Property (including any improvements):

> Pedernales Hills Ranch, Lot 18, 5.01 Acres, legally described as BEING Tract 18, PEDERNALES HILLS RANCHES, a subdivision situated in Blanco County, Texas, according to Plat in Volume 1, Page 123-126, Plat Records of Blanco County, Texas; TOGETHER WITH ingress and egress easement more particularly described in Volume 112, Page 782, Deed Records of Blanco County, Texas.

Prior Lien(s): None.

Other Exceptions to Conveyance and Warranty: None.

> For value received and to secure payment of the note, Grantor conveys the property to Trustee in trust. Grantor warrants and agrees to defend the title to the property, subject to the other exceptions to conveyance and warranty. On payment of the note and all other amounts secured by this deed of trust, this deed of trust will have no further effect, and Beneficiary will release it at Grantor's expense.

2256DeedofTrust(Pedernales)HillsRanch

1

VOL 505 PAGE 0579

*i.*

Clauses and Covenants

A.     Grantor's Obligations

Grantor agrees to—

    1.     keep the property in good repair and condition;

    2.     pay all taxes and assessments on the property before delinquency, not authorize a taxing entity to transfer its tax lien on the property to anyone other than Beneficiary, and not request a deferral of the collection of taxes pursuant to section 33.06 of the Texas Tax Code;

    3.     defend title to the property subject to the other exceptions to conveyance and warranty and preserve the lien's priority as it is established in this deed of trust;

    4.     maintain all insurance coverages with respect to the property, revenues generated by the property, and operations on the property that Beneficiary reasonably requires ("Required Insurance Coverages"), issued by insurers and written on policy forms acceptable to Beneficiary, and deliver evidence of the Required Insurance Coverages in a form acceptable to Beneficiary at least ten days before the expiration of the Required Insurance Coverages;

    5.     obey all laws, ordinances, and restrictive covenants applicable to the property;

    6.     keep any buildings occupied as required by the Required Insurance Coverages;

    7.     if the lien of this deed of trust is not a first lien, pay or cause to be paid all prior lien notes and abide by or cause to be abided by all prior lien instruments; and

    8.     notify Beneficiary of any change of address.

B.     Beneficiary's Rights

    1.     Beneficiary may appoint in writing a substitute trustee, succeeding to all rights and responsibilities of Trustee.

    2.     If the proceeds of the note are used to pay any debt secured by prior liens, Beneficiary is subrogated to all the rights and liens of the holders of any debt so paid.

    3.     Beneficiary may apply any proceeds received under the property insurance policies covering the property either to reduce the note or to repair or replace damaged or destroyed improvements covered by the policy. If the property is Grantor's primary residence and Beneficiary reasonably determines that repairs to the improvements are economically feasible, Beneficiary will make the insurance proceeds available to Grantor for repairs.

    4.     Notwithstanding the terms of the note to the contrary, and unless applicable law prohibits, all payments received by Beneficiary from Grantor with respect to the note or this deed of trust may, at Beneficiary's discretion, be applied first to amounts payable under this deed of trust and then to amounts due and payable to Beneficiary with respect to the note, to be applied to late charges, principal, or interest in the order Beneficiary in its discretion determines.

2256DeedofTrustPedernalesHillsRanch          2

5.    If Grantor fails to perform any of Grantor's obligations, Beneficiary may perform those obligations and be reimbursed by Grantor on demand for any amounts so paid, including attorney's fees, plus interest on those amounts from the dates of payment at the rate stated in the note for matured, unpaid amounts. The amount to be reimbursed will be secured by this deed of trust.

6.    If a default exists in payment of the note or performance of Grantor's obligations and the default continues after any required notice of the default and the time allowed to cure, Beneficiary may—

    a.    declare the unpaid principal balance and earned interest on the note immediately due;

    b.    exercise Beneficiary's rights with respect to rent under the Texas Property Code, as then in effect;

    c.    direct Trustee to foreclose this lien, in which case Beneficiary or Beneficiary's agent will cause notice of the foreclosure sale to be given as provided by the Texas Property Code as then in effect; and

    d.    purchase the property at any foreclosure sale by offering the highest bid and then have the bid credited on the note.

7.    Beneficiary may remedy any default without waiving it and may waive any default without waiving any prior or subsequent default.

C.    Trustee's Rights and Duties

If directed by Beneficiary to foreclose this lien, Trustee will—

1.    either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then in effect;

2.    sell and convey all or part of the property "AS IS" to the highest bidder for cash with a general warranty binding Grantor, subject to prior liens and to the other exceptions to conveyance and warranty and without representation or warranty, express or implied, by Trustee;

3.    from the proceeds of the sale, pay, in this order—

    a.    expenses of foreclosure, including a reasonable commission to Trustee;

    b.    to Beneficiary, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;

    c.    any amounts required by law to be paid before payment to Grantor; and

    d.    to Grantor, any balance; and

4.    be indemnified, held harmless, and defended by Beneficiary against all costs, expenses, and liabilities incurred by Trustee for acting in the execution or enforcement of the trust

created by this deed of trust, which includes all court and other costs, including attorney's fees, incurred by Trustee in defense of any action or proceeding taken against Trustee in that capacity.

D.     General Provisions

     1.     If any of the property is sold under this deed of trust, Grantor must immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor will become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

     2.     Recitals in any trustee's deed conveying the property will be presumed to be true.

     3.     Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

     4.     This lien will remain superior to liens later created even if the time of payment of all or part of the note is extended or part of the property is released.

     5.     If any portion of the note cannot be lawfully secured by this deed of trust, payments will be applied first to discharge that portion.

     6.     Grantor assigns to Beneficiary all amounts payable to or received by Grantor from condemnation of all or part of the property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the property. After deducting any expenses incurred, including attorney's fees and court and other costs, Beneficiary will either release any remaining amounts to Grantor or apply such amounts to reduce the note. Beneficiary will not be liable for failure to collect or to exercise diligence in collecting any such amounts. Grantor will immediately give Beneficiary notice of any actual or threatened proceedings for condemnation of all or part of the property.

     7.     Grantor collaterally assigns to Beneficiary all present and future rent from the property and its proceeds. Grantor warrants the validity and enforceability of the assignment. Grantor will apply all rent to payment of the note and performance of this deed of trust, but if the rent exceeds the amount due with respect to the note and the deed of trust, Grantor may retain the excess. If a default exists in payment of the note or performance of this deed of trust, Beneficiary may exercise Beneficiary's rights with respect to rent under the Texas Property Code, as then in effect. Beneficiary neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the property. Beneficiary may exercise Beneficiary's rights and remedies under this paragraph without taking possession of the property. Beneficiary will apply all rent collected under this paragraph as required by the Texas Property Code, as then in effect. Beneficiary is not required to act under this paragraph, and acting under this paragraph does not waive any of Beneficiary's other rights or remedies.

     8.     Interest on the debt secured by this deed of trust will not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess will be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded.

This provision overrides any conflicting provisions in this and all other instruments concerning the debt.

9.      In no event may this deed of trust secure payment of any debt that may not lawfully be secured by a lien on real estate or create a lien otherwise prohibited by law.

10.     If Grantor transfers any part of the property without Beneficiary's prior written consent, Beneficiary may declare the note immediately payable and invoke any remedies provided in this deed of trust for default. If the property is residential real property containing fewer than five dwelling units or a residential manufactured home, this provision does not apply to (a) a subordinate lien or encumbrance that does not transfer rights of occupancy of the property; (b) creation of a purchase-money security interest for household appliances; (c) grant of a leasehold interest of three years or less without an option to purchase; (d) transfer to a spouse or children of Grantor; (e) transfer to a relative of Grantor on Grantor's death; (f) a transfer resulting from a decree of a dissolution of marriage, a legal separation agreement, or an incidental property settlement agreement by which the spouse of Grantor becomes an owner of the property; or (g) transfer to an inter vivos trust in which Grantor is and remains a beneficiary and occupant of the property.

11.     When the context requires, singular nouns and pronouns include the plural.

12.     The term *note* includes all extensions, modifications, and renewals of the note and all amounts secured by this deed of trust.

13.     This deed of trust binds, benefits, and may be enforced by successors in interest of all parties.

14.     If Grantor and Maker are not the same person, the term *Grantor* includes Maker.

15.     Grantor and each surety, endorser, and guarantor of the note waive, to the extent permitted by law, all (a) demand for payment, (b) presentation for payment, (c) notice of intention to accelerate maturity, (d) notice of acceleration of maturity, (e) protest, (f) notice of protest, and (g) rights under sections 51.003 and 51.004 of the Texas Property Code.

16.     Grantor agrees to pay reasonable attorney's fees, trustee's fees, and court and other costs of enforcing Beneficiary's rights under this deed of trust if this deed of trust is placed in the hands of an attorney for enforcement.

17.     If any provision of this deed of trust is determined to be invalid or unenforceable, the validity or enforceability of any other provision will not be affected.

18.     Grantor represents that this deed of trust and the note are given for the following purposes:

> This deed of trust is given to comply with the Final Decree of Divorce and obligation imposed therein in Cause No. 13-2647, rendered by the 428th Judicial District Court of Hays County, Texas, styled "In the Matter of the Marriage of K.R.J. and A.J. and in the Interest of R.A.J., C.A.J. and G.G.J., minor children."

VOL 5 0 5 PAGE 0 5 8 3.

Alexander Emerick Jones

STATE OF TEXAS                      )

COUNTY OF                          )

    This instrument was acknowledged before me on March 19th 2015 by the
Back of the Moon, undersigned Alexander Emerick Jones, Grantor

Notary Public, State of Texas



TIMOTHY JAMES FRUGE
Notary Public, State of Texas
My Commission Expires
April 21, 2018

After Recording, Return To:

James S. Gilbreath
1301 S. Capital of Texas Highway
Suite C-120
Austin, Texas    78746

STATE OF TEXAS
COUNTY OF BLANCO
I hereby certify that this instrument was FILED in File Number Sequence on the
date and at the time stamped hereon by me and was duly RECORDED in Official
Public records of Blanco County, Texas on

MAR 26 2015



Laura Walla
COUNTY CLERK
BLANCO COUNTY, TEXAS

2256 Deed of Trust Pedernales Hills Ranch                    6

VOL 505 PAGE 0584

## EXHIBIT B

*Affidavit of Randall Wilhite*

Affidavit of Randall Wilhite

Before me, the undersigned authority, personally appeared, Randall Wilhite, a person known to me who upon his oath, stated as follows:

1. My name is Randall Wilhite. I am over 21 years of age, have never been convicted of a felony and am fully competent to provide this affidavit. All the matters stated herein are within my personal knowledge and are true and correct.

2. I am an attorney licensed to practice law in the State of Texas since 1979. I am shareholder with the firm of Fullenweider Wilhite, P.C. in Houston and Austin, Texas. At all material times relevant to this affidavit, I was one of the counsel representing Alex Jones in connection with Cause No. 13-2647 styled in the Matter of the Marriage of KRJ and A.J. in the 428th Judicial District Court of Hays County, Texas (the "Divorce Action"). I am also one of the counsel representing Mr. Jones in Cause No. D-1-FM-15-005030 styled Alexander Jones v. Kelly Jones, (the "Pending Action") which was pending in the State District Court of Travis County, Texas and which is the subject of a "Notice of Removal" filed by Kelly Jones on February 7, 2020. A true and correct copy of the notice of removal is attached hereto as Exhibit B-1.

3. Attached to this affidavit as Exhibit B-2 is a true and correct copy of the portion of the Final Rendition entered in the Divorce Action related to the Court's findings of value for the "Back of the Moon Property" and the "Pedernales Property".

4. Attached to this affidavit as Exhibit B-3 is a true and correct copy of the Suggestion of Bankruptcy filed by Kelly Jones in the Pending Action.

Further affiant sayeth not.

_Randall Wilhite_
Randall Wilhite

State of GA
County of Cobb
My commission expires : 6-1-2020

_Brooke Perry_
Notary Public

4835-3809-3492.2

## **EXHIBIT B-1**

### *Notice of Removal*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

2020 FEB -7  PM 5:01

| | | |
|---|---|---|
| Alexander E. Jones, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. A20 CV 151 LY |
| | § | Removed from Travis County |
| Kelly R. Jones, | § | District Court Cause No. |
| Respondent. | § | D-1-FM-15-005030 (261st Dist). |

Kelly R. Jones'
NOTICE OF BANKRUPTCY REMOVAL
28 U.S.C. §1452 and Rule 9027 of the
Federal Rules of Bankruptcy Procedure

TO THE HONORABLE JUDGE OF SAID COURT:

1.  I, the undersigned Kelley R. Jones, Defendant/Respondent and Counter-petitioner to Alexander E. Jones' Petition to Modify Custody of three minor children R.A.J., C.A.J., and G.C.J., hereby file this my Notice of Bankruptcy Removal pursuant to 28 U.S.C. §§1334 & 1452, as well as Rule 9027 of the Federal Rules of Bankruptcy Procedure.

2.  This Notice of Removal is Timely because I filed my Involuntary Petition against Alexander Emric Jones on January 24, 2020.

3.  I attach the docket for 20-10118-hcm (through February 4, 2020) as Exhibit A to this Notice of Removal.

4.  The Texas Family Code case herein removed both arises from and touches upon the same series of transactions & occurrences as give rise to

*Notice of Bankruptcy Removal Pursuant to 28 U.S.C. §§1334 & 1452*                    1

my involuntary bankruptcy procedure against Alexander Emric Jones, arising from my acceleration of his note (See Exhibit B) and deeds of trust securing our divorce settlement (Exhibits C & D).

5.     Within the structure and context of the Involuntary Bankruptcy proceedings, I plan on foreclosing on his note and selling his houses pursuant to the deeds of trust.

6.     The debt constituting the basis for involuntary bankruptcy qualifies as a domestic relations debt for the following reasons:

7.     Under current law, a domestic support obligation is defined as a debt that accrues before, on or after the date of the order for relief.  To qualify as a domestic support obligation, the debt must satisfy four requirements:

> [the debt must be]
> (A) owed to or recoverable by—
> (i) a spouse, former spouse, or child of
> the debtor or such child's parent, legal
> guardian, or responsible relative;
> or
> (ii) a governmental unit TTT
> (B) in the nature of alimony, maintenance,
> or support TTT of such
> spouse, former spouse, or child of
> the debtor or such child's parent,
> without regard to whether such debt
> is expressly so designated:
> (C) established TTT by reason of TTT
> (i) a separation agreement, divorce
> decree, or property settlement agreement;
> (ii) an order of a court of record TTT
> (D) not assigned to a nongovernmental

*Notice of Bankruptcy Removal Pursuant to 28 U.S.C. §§1334 & 1452*                    **2**

> entity, unless TTT assigned voluntarily
> TTT for the purpose of collecting
> the debt.
> 11 U.S.C. § 101(14A) (2006).

8.    There is absolutely no question that the obligations arising from my divorce from Alexander Emric Jones evidenced by the documents attached in Exhibits B, C, and D qualify as domestic support obligations.

### PRAYER FOR RELIEF

9.    WHEREFORE, I ask, move, and pray that this Court take notice of my Notice of Removal pursuant to 28 U.S.C. §1452.

10.    I pray that this Court honor my demand for trial-by-jury in all aspects and elements of the case herein removed, including declaratory judgment.

11.    I ask, move, and pray that the Court take note of the 261st Texas District Court's repeated denial of my equal rights to offer and present evidence in Court and its intentional, arbitrary, irrational and unjustified denial of equal access to the courts in violation of 42 U.S.C. §1981.

12.    I ask, move, and pray that this Court certify me as a "Class of One" for purposes of analyzing the denial of equal protection against me in the Travis County District Court's handling of the case of Jones v. Jones.

13.    This court should rea my present Notice of Removal in conjunction with my anticipated Rule 59(e) motion to amend or alter judgment, and/or under Rule 60 for relief from judgment, of this court's previous rotely

*Notice of Bankruptcy Removal Pursuant to 28 U.S.C. §§1334 & 1452*          **3**

written order of remand filed and entered January 15, 2020 in case 1:20-cv-00009-LY.

Signed, Served, and Executed in Austin, Texas, on this Friday, 7th day of February, 2020.

Respectfully Submitted,

**Kelly R. Jones *in propria persona,***
*Removing Respondent,* **pro se**
From Travis County 261st District Court
Texas Civil Cause No. D-1-FM-005030
11601 Hwy 290 W.
Suite A101-307
Austin, Texas 78737
Designated Legal Ph# **888-995-3559**

## VERIFICATION

The undersigned states under oath: "I am the Removing Respondent in the above-and-foregoing Notice of Bankruptcy Removal." I have read and reviewed the statements contained therein, and all the facts stated herein are within my personal knowledge and are true and correct.



Kelly R. Jones, *pro se*
Petitioner, *in propria persona*

### Notary's Jurat

Kelly R. Jones, a person known to me and/or presenting legally sufficient identification, SIGNED under oath in person before me on Friday, February 7, 2020.

> TIMOTHY L. STUCKEY
> Notary Public, State of Texas
> Expires SEPT 4, 2023
> I.D.# 132155036

Notary Public, State of Texas

My Commission Expires: 09/04 /23              .

Printed name of notary: Timothy Stuckey              .

Business address of notary: 3300 Bee caves Rd, Ste 650              .

*Notice of Bankruptcy Removal Pursuant to 28 U.S.C. §§1334 & 1452*          5

# Exhibit A:
## Austin Bankruptcy Docket
## 20-10118-hcm
## In Re Alexander Emric Jones
## Filed 01/24/2020

2/3/2020                                    U.S.B.C. Western District of Texas (LIVE)

# U.S. Bankruptcy Court
## Western District of Texas (Austin)
### Bankruptcy Petition #: 20-10118-hcm

*Date filed:* 01/24/2020

*Assigned to:* Bankruptcy Judge H. Christopher Mott
Chapter 11
Involuntary

| | |
|---|---|
| **Debtor**<br>**Alexander Emric Jones**<br>3019 Alvin DeVane Boulevard #350<br>Austin, TX 78741<br>TRAVIS-TX<br>SSN / ITIN: xxx-xx-0000<br>*aka* Alexander Emerick Jones<br>*aka* Alex Jones<br>*aka* Alexander E. Jones | represented by **Alexander Emric Jones**<br>PRO SE |

*Petitioning Creditor*
**Kelly R. Jones**
11601 HWY 290 W
Suite A101-307
Austin, TX 78737
888-995-3559

| Filing Date | # | clear | Docket Text |
|---|---|---|---|
| 02/02/2020 | <u>6</u><br>(2 pgs) | 202.48 KB | BNC Certificate of Mailing (Related Document(s): <u>4</u> Order Granting Motion to Redact (related document(s): <u>3</u> Motion to Redact Debtor's Home Address- Restricted Document ( Fee Amount $25.00) filed by Petitioning Creditor Kelly R. Jones (Benitez, Estella). Related document(s) <u>1</u> Involuntary Petition Chapter 11 filed by Debtor Alexander Emric Jones, Petitioning Creditor Kelly R. Jones.) (Order entered on 1/31/2020)) Notice Date 02/02/2020. (Admin.) |
| 01/31/2020 | <u>4</u><br>(1 pg) | 75.854 KB | Order Granting Motion to Redact (related document(s): <u>3</u> Motion to Redact Debtor's Home Address- Restricted Document ( Fee Amount $25.00) filed by Petitioning Creditor Kelly R. Jones (Benitez, Estella). Related document(s) <u>1</u> Involuntary Petition Chapter 11 filed by Debtor Alexander Emric Jones, Petitioning Creditor Kelly R. Jones.) (Order entered on 1/31/2020) (Benitez, Estella) |
| 01/29/2020 | <u>3</u> | | Motion to Redact Debtor's Home Address- Restricted Document ( Fee Amount $25.00) filed by Petitioning Creditor Kelly R. Jones (Benitez, Estella). Related document(s) <u>1</u> Involuntary Petition Chapter 11 filed by Debtor Alexander Emric Jones, Petitioning Creditor Kelly R. Jones. (Entered: 01/30/2020) |

2/3/2020                                          U.S.B.C. Western District of Texas (LIVE)

| 01/29/2020 | | | Receipt of Redact Previously Filed Records - $25.00 by BT. Receipt Number 102453. (admin) |
|---|---|---|---|
| 01/24/2020 | 5 (23 pgs) | 0.76339 MB | Corrected Involuntary Petition filed to Redact Principal Residence - filed by Petitioning Creditor Kelly R. Jones. (Benitez, Estella). (Entered: 01/31/2020) |
| 01/24/2020 | | | Receipt of Chapter 11 Filing Fee - $1717.00 by AW. Receipt Number 102447. (admin) |
| 01/24/2020 | 2 (2 pgs) | 431.045 KB | Involuntary Case - Summons(es) Issued on Alexander Emric Jones (Wallace, Adam) |
| 01/24/2020 | 1 | | Involuntary Petition under Chapter 11 (Individual) ( Filing Fee: $ 1717.00 ) Re: Alexander Emric Jones Filed by Petitioning Creditor(s):Kelly R. Jones. (Wallace, Adam) |

View Selected
or
Download Selected

Total file size of selected documents (MB):
Maximum file size allowed (MB): 1

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/03/2020 20:25:51 | | | |
| PACER Login: | Sackotonchiic1660:6234271:0 | Client Code: | Kelly R. Jones |
| Description: | Docket Report | Search Criteria: | 20-10118-hcm Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Headers: included Multiple Docs: on Format: html Page counts for documents: included |
| Billable Pages: | 1 | Cost: | 0.10 |

# Exhibit B:
## Promissory Note aka
## "Real Estate Lien Note"
## March 19, 2015
## Executed by Alexander Emerick Jones
## in favor of
## Kelly R. Jones

If Maker defaults in the payment of this note or in the performance of any obligation in any instrument securing or collateral to this note, Payee may declare the unpaid principal balance, earned interest, and any other accounts owed on the note immediately due.  Maker and each surety, endorser, and guarantor waive, to the extent permitted by law, all (a) demand for payment, (b) presentation of payment, (c) notice of intention to accelerate maturity, (d) notice of acceleration of maturity, (e) protest, (f) notice of protest, and (g) rights under sections 51.003 and 51.004 of the Texas Property Code.

## Real Estate Lien Note

Date: 3-19-15 2:15 CDT

Maker: Alexander Emerick Jones

Maker's Mailing Address: 101 Colorado Street, #3605, Austin, Travis County, Texas 78703

Payee: Kelly R. Jones, as her sole and separate property and estate

Place for Payment: 12250 Trautwein Road, Austin, Hays County, Texas

Principal Amount: Two Million Seven Hundred and Twenty-Seven Thousand nine hundred and
Fifty-One and No/100 Dollars ($2,727,951)

Annual Interest Rate: Five percent (5%)

Annual Interest Rate on Matured, Unpaid Amounts: Five percent (5%).

Terms of Payment (principal and interest):

Principal and interest on this Real Estate Lien Note ("Note") are due and payable in
monthly installments of Forty-Three Thousand Nine Hundred Thirty-Three and No/100 Dollars
($43,933.00) each, beginning forty-five days after the signing of the Final Decree of Divorce
between Payee and Maker in Cause No 13-2647, In the Matter of the Marriage of K.R.J. and
A.J., by the Presiding Judge of the 428th Judicial District Court of Hays County, Texas, and
continuing on the same day of each following calendar month until all payments of principal and
interest called for herein have been paid in full.  Payments shall be sent to 12250 Trautwein
Road, Austin, Texas 78737.

Security for Payment:

This Note is secured by two deeds of Trust dated of even date herewith by Maker for the
benefit of Payee.  The Deeds of Trust grant Payee a lien on the following real property:

15101 Back of the Moon St. D., Austin, TX 78734, legally described as Lot 3,
Amended Plat Of Back Of The Moon Subdivision, A Subdivision in Travis
County, Texas, According to the Map Or Plat Thereof Recorded In Volume 93,
Page 282, Of The Plat Records Of Travis County, Texas. and

Pedernales Hills Ranch, Lot 18, 5.01 Acres, legally described as BEING Tract
18, Pedernales Hills Ranches, a subdivision situated in Blanco County, Texas,
according to Plat in Volume 1, Page 123-126, Plat Records of Blanco County,
Texas; together with ingress and egress easement more particularly described in
Volume 112, Page 782, Deed Records of Blanco County, Texas.

Maker promises to pay to the order of Payee the principal amount plus interest at the

annual interest rate. This note is payable at the place for payment and according to the terms of payment. All unpaid amounts are due by the maturity date. If any amount is not paid either when due under the terms of payment or on acceleration of maturity, Maker promises to pay any unpaid amount plus interest from the date the payment was due to the date of payment at the annual interest rate on matured, unpaid amounts.

Maker may prepay this note in any amount at any time before the maturity date without penalty or premium. Prepayments will be applied to installments on the last maturing principal, and interest on that prepaid principal will immediately cease to accrue.

If Maker defaults in the payment of this note or in the performance of any obligation in any instrument securing or collateral to this note, Payee may declare the unpaid principal balance, earned interest, and any other amounts owed on the note immediately due. Maker and each surety, endorser, and guarantor waive, to the extent permitted by law, all (a) demand for payment, (b) presentation for payment, (c) notice of intention to accelerate maturity, (d) notice of acceleration of maturity, (e) protest, (f) notice of protest, and (g) rights under sections 51.003 and 51.004 of the Texas Property Code.

Maker also promises to pay reasonable attorney's fees and court and other costs if this note is placed in the hands of an attorney to collect or enforce the note. These expenses will bear interest from the date of advance at the annual interest rate on matured, unpaid amounts. Maker will pay Payee these expenses and interest on demand at the place for payment. These expenses and interest will become part of the debt evidenced by the note and will be secured by any security for payment.

Interest on the debt evidenced by this note will not exceed the maximum rate or amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the principal amount or, if the principal amount has been paid, refunded. On any acceleration or required or permitted prepayment, any excess interest will be canceled automatically as of the acceleration or prepayment or, if the excess interest has already been paid, credited on the principal amount or, if the principal amount has been paid, refunded. This provision overrides any conflicting provisions in this note and all other instruments concerning the debt.

Each Maker is responsible for all obligations represented by this note.

When the context requires, singular nouns and pronouns include the plural.

This note is given to evidence the indebtedness imposed on Maker by the Final Decree of Divorce entered in Cause No. 13-2647 by the District Court of Hays County, Texas, styled "In the Matter of the Marriage of K.R.J. and A.J. and in the Interest of K.A.J., C.A.J. and G.G.J., minor children."

Alexander Emerick Jones, Maker
101 Colorado St., #3605
Austin, Texas 78703

3-19-15 2:00 SDT

2256RealEstateLienNote                    2

# Exhibit C:
## Alexander Emerick Jones'
## Grant of Deed of Trust
## In 15101 Back of the Moon St. D.
## Austin, Tx 78734 (Travis County)
## March 19, 2015

¶15. Grantor and each surety, endorser, and guarantor of the note waive, to the extent permitted by law, all (a) demand for payment, (b) presentation for payment, (c) notice of intention to accelerate maturity, (d) notice of acceleration of maturity, (e) protest, (f) notice of protest, and (g) rights under sections 51.003 and 51.004 of the Texas Property Code.

150815

## Deed of Trust  *COT*

3-19-15  2:25

Date:

Grantor: Alexander Emerick Jones

Grantor's Mailing Address: 101 Colorado Street, #3605, Austin, Travis County, Texas 78703

Trustee: James S. Gilbreath

Trustee's Mailing Address: 1301 S. Capital of Texas Highway, Suite C-120, Austin, Travis County, Texas 78746

Beneficiary: Kelly R. Jones

Beneficiary's Mailing Address: 12250 Trautwein Road, Austin, Hays County, Texas 78737

Note

Filed this 26 day of Mar 20 15
11:34 AM

Laura Walla
County Clerk, Blanco County, Texas
By Phillis V Maley Deputy

Date:

Original Principal Amount: $2,727,951.00

Maker: Alexander Emerick Jones

Payee: Kelly R. Jones

Maturity Date: Payable in 72 equal monthly installments of $43,933.00 each beginning 45 days after the signing of the Final Decree of Divorce in Cause No. 13-2647 by the Presiding Judge of the 428th Judicial District Court of Hays County, Texas.

Property (including any improvements):

Pedernales Hills Ranch, Lot 18, 5.01 Acres, legally described as BEING Tract 18, PEDERNALES HILLS RANCHES, a subdivision situated in Blanco County, Texas, according to Plat in Volume 1, Page 123-126, Plat Records of Blanco County, Texas; TOGETHER WITH ingress and egress easement more particularly described in Volume 112, Page 782, Deed Records of Blanco County, Texas.

Prior Lien(s): None.

Other Exceptions to Conveyance and Warranty: None.

For value received and to secure payment of the note, Grantor conveys the property to Trustee in trust. Grantor warrants and agrees to defend the title to the property, subject to the other exceptions to conveyance and warranty. On payment of the note and all other amounts secured by this deed of trust, this deed of trust will have no further effect, and Beneficiary will release it at Grantor's expense.

VOL 5 0 5 PAGE 0 5 7 9

Clauses and Covenants

**A.    Grantor's Obligations**

Grantor agrees to—

1.    keep the property in good repair and condition;

2.    pay all taxes and assessments on the property before delinquency, not authorize a taxing entity to transfer its tax lien on the property to anyone other than Beneficiary, and not request a deferral of the collection of taxes pursuant to section 33.06 of the Texas Tax Code;

3.    defend title to the property subject to the other exceptions to conveyance and warranty and preserve the lien's priority as it is established in this deed of trust;

4.    maintain all insurance coverages with respect to the property, revenues generated by the property, and operations on the property that Beneficiary reasonably requires ("Required Insurance Coverages"), issued by insurers and written on policy forms acceptable to Beneficiary, and deliver evidence of the Required Insurance Coverages in a form acceptable to Beneficiary at least ten days before the expiration of the Required Insurance Coverages;

5.    obey all laws, ordinances, and restrictive covenants applicable to the property;

6.    keep any buildings occupied as required by the Required Insurance Coverages;

7.    if the lien of this deed of trust is not a first lien, pay or cause to be paid all prior lien notes and abide by or cause to be abided by all prior lien instruments; and

8.    notify Beneficiary of any change of address.

**B.    Beneficiary's Rights**

1.    Beneficiary may appoint in writing a substitute trustee, succeeding to all rights and responsibilities of Trustee.

2.    If the proceeds of the note are used to pay any debt secured by prior liens, Beneficiary is subrogated to all the rights and liens of the holders of any debt so paid.

3.    Beneficiary may apply any proceeds received under the property insurance policies covering the property either to reduce the note or to repair or replace damaged or destroyed improvements covered by the policy. If the property is Grantor's primary residence and Beneficiary reasonably determines that repairs to the improvements are economically feasible, Beneficiary will make the insurance proceeds available to Grantor for repairs.

4.    Notwithstanding the terms of the note to the contrary, and unless applicable law prohibits, all payments received by Beneficiary from Grantor with respect to the note or this deed of trust may, at Beneficiary's discretion, be applied first to amounts payable under this deed of trust and then to amounts due and payable to Beneficiary with respect to the note, to be applied to late charges, principal, or interest in the order Beneficiary in its discretion determines.

VOL 5 0 5 PAGE 0 5 8 0

5.    If Grantor fails to perform any of Grantor's obligations, Beneficiary may perform those obligations and be reimbursed by Grantor on demand for any amounts so paid, including attorney's fees, plus interest on those amounts from the dates of payment at the rate stated in the note for matured, unpaid amounts. The amount to be reimbursed will be secured by this deed of trust.

6.    If a default exists in payment of the note or performance of Grantor's obligations and the default continues after any required notice of the default and the time allowed to cure, Beneficiary may—

a.    declare the unpaid principal balance and earned interest on the note immediately due;

b.    exercise Beneficiary's rights with respect to rent under the Texas Property Code, as then in effect;

c.    direct Trustee to foreclose this lien, in which case Beneficiary or Beneficiary's agent will cause notice of the foreclosure sale to be given as provided by the Texas Property Code as then in effect; and

d.    purchase the property at any foreclosure sale by offering the highest bid and then have the bid credited on the note.

7.    Beneficiary may remedy any default without waiving it and may waive any default without waiving any prior or subsequent default.

## C.    Trustee's Rights and Duties

If directed by Beneficiary to foreclose this lien, Trustee will—

1.    either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then in effect;

2.    sell and convey all or part of the property "AS IS" to the highest bidder for cash with a general warranty binding Grantor, subject to prior liens and to the other exceptions to conveyance and warranty and without representation or warranty, express or implied, by Trustee;

3.    from the proceeds of the sale, pay, in this order—

a.    expenses of foreclosure, including a reasonable commission to Trustee;

b.    to Beneficiary, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;

c.    any amounts required by law to be paid before payment to Grantor; and

d.    to Grantor, any balance; and

4.    be indemnified, held harmless, and defended by Beneficiary against all costs, expenses, and liabilities incurred by Trustee for acting in the execution or enforcement of the trust

2256DeedofTrustPedernalesHillsRanch                     3

VOL 5 0 5 PAGE 0 5 8 1

created by this deed of trust, which includes all court and other costs, including attorney's fees, incurred by Trustee in defense of any action or proceeding taken against Trustee in that capacity.

**D. General Provisions**

1.    If any of the property is sold under this deed of trust, Grantor must immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor will become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

2.    Recitals in any trustee's deed conveying the property will be presumed to be true.

3.    Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

4.    This lien will remain superior to liens later created even if the time of payment of all or part of the note is extended or part of the property is released.

5.    If any portion of the note cannot be lawfully secured by this deed of trust, payments will be applied first to discharge that portion.

6.    Grantor assigns to Beneficiary all amounts payable to or received by Grantor from condemnation of all or part of the property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the property. After deducting any expenses incurred, including attorney's fees and court and other costs, Beneficiary will either release any remaining amounts to Grantor or apply such amounts to reduce the note. Beneficiary will not be liable for failure to collect or to exercise diligence in collecting any such amounts. Grantor will immediately give Beneficiary notice of any actual or threatened proceedings for condemnation of all or part of the property.

7.    Grantor collaterally assigns to Beneficiary all present and future rent from the property and its proceeds. Grantor warrants the validity and enforceability of the assignment. Grantor will apply all rent to payment of the note and performance of this deed of trust, but if the rent exceeds the amount due with respect to the note and the deed of trust, Grantor may retain the excess. If a default exists in payment of the note or performance of this deed of trust, Beneficiary may exercise Beneficiary's rights with respect to rent under the Texas Property Code, as then in effect. Beneficiary neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the property. Beneficiary may exercise Beneficiary's rights and remedies under this paragraph without taking possession of the property. Beneficiary will apply all rent collected under this paragraph as required by the Texas Property Code, as then in effect. Beneficiary is not required to act under this paragraph, and acting under this paragraph does not waive any of Beneficiary's other rights or remedies.

8.    Interest on the debt secured by this deed of trust will not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess will be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded.

2256DeedofTrustPedernalesHillsRanch                    4

This provision overrides any conflicting provisions in this and all other instruments concerning
the debt.

9. In no event may this deed of trust secure payment of any debt that may not
lawfully be secured by a lien on real estate or create a lien otherwise prohibited by law.

10. If Grantor transfers any part of the property without Beneficiary's prior written
consent, Beneficiary may declare the note immediately payable and invoke any remedies
provided in this deed of trust for default. If the property is residential real property containing
fewer than five dwelling units or a residential manufactured home, this provision does not apply
to (a) a subordinate lien or encumbrance that does not transfer rights of occupancy of the
property; (b) creation of a purchase-money security interest for household appliances; (c) grant of
a leasehold interest of three years or less without an option to purchase; (d) transfer to a spouse or
children of Grantor; (e) transfer to a relative of Grantor on Grantor's death; (f) a transfer resulting
from a decree of a dissolution of marriage, a legal separation agreement, or an incidental property
settlement agreement by which the spouse of Grantor becomes an owner of the property; or (g)
transfer to an inter vivos trust in which Grantor is and remains a beneficiary and occupant of the
property.

11. When the context requires, singular nouns and pronouns include the plural.

12. The term *note* includes all extensions, modifications, and renewals of the note and
all amounts secured by this deed of trust.

13. This deed of trust binds, benefits, and may be enforced by successors in interest of
all parties.

14. If Grantor and Maker are not the same person, the term *Grantor* includes Maker.

15. Grantor and each surety, endorser, and guarantor of the note waive, to the extent
permitted by law, all (a) demand for payment, (b) presentation for payment, (c) notice of intention
to accelerate maturity, (d) notice of acceleration of maturity, (e) protest, (f) notice of protest, and
(g) rights under sections 51.003 and 51.004 of the Texas Property Code.

16. Grantor agrees to pay reasonable attorney's fees, trustee's fees, and court and other
costs of enforcing Beneficiary's rights under this deed of trust if this deed of trust is placed in the
hands of an attorney for enforcement.

17. If any provision of this deed of trust is determined to be invalid or unenforceable,
the validity or enforceability of any other provision will not be affected.

18. Grantor represents that this deed of trust and the note are given for the following
purposes:

This deed of trust is given to comply with the Final Decree of Divorce and
obligation imposed therein in Cause No. 13-2647, rendered by the 428th Judicial
District Court of Hays County, Texas, styled "In the Matter of the Marriage of
K.R.J. and A.J. and in the Interest of R.A.J., C.A.J. and G.G.J., minor children."

2256DeedofTrustPedernalesHillsRanch                    5

_Alexander Emerick Jones_

STATE OF TEXAS                    )

COUNTY OF                        )

    This instrument was acknowledged before me on <u>March 19th 2015</u> by the Back of the Moon, undersigned Alexander Emerick Jones, Grantor

_Notary Public, State of Texas_



TIMOTHY JAMES FRUGE
Notary Public, State of Texas
My Commission Expires
April 21, 2018

After Recording, Return To:

James S. Gilbreath
1301 S. Capital of Texas Highway
Suite C-120
Austin, Texas    78746

STATE OF TEXAS
COUNTY OF BLANCO
I hereby certify that this instrument was FILED in File Number Sequence on the date and the time stamped hereon by me and was duly RECORDED in Official Public records of Blanco County, Texas on

**MAR 26 2015**



_Laura Walla_
COUNTY CLERK
BLANCO COUNTY, TEXAS

2256DeedofTrustPedernalesHillsRanch                    6

VOL 505 PAGE 0584

# Exhibit D:
## Alexander Emerick Jones' Grant of Deed of Trust in Pedernales Hills Ranch Blanco County March 19, 2015

¶15.  Grantor and each surety, endorser, and guarantor of the note waive, to the extent permitted by law, all (a) demand for payment, (b) presentation for payment, (c) notice of intention to accelerate maturity, (d) notice of acceleration of maturity, (e) protest, (f) notice of protest, and (g) rights under sections 51.003 and 51.004 of the Texas Property Code.

Error

Clauses and Covenants

A. **Grantor's Obligations**

Grantor agrees to—

1.      keep the property in good repair and condition;

2.      pay all taxes and assessments on the property before delinquency, not authorize a taxing entity to transfer its tax lien on the property to anyone other than Beneficiary, and not request a deferral of the collection of taxes pursuant to section 33.06 of the Texas Tax Code;

3.      defend title to the property subject to the other exceptions to conveyance and warranty and preserve the lien's priority as it is established in this deed of trust;

4.      maintain all insurance coverages with respect to the property, revenues generated by the property, and operations on the property that Beneficiary reasonably requires ("Required Insurance Coverages"), issued by insurers and written on policy forms acceptable to Beneficiary, and deliver evidence of the Required Insurance Coverages in a form acceptable to Beneficiary at least ten days before the expiration of the Required Insurance Coverages;

5.      obey all laws, ordinances, and restrictive covenants applicable to the property;

6.      keep any buildings occupied as required by the Required Insurance Coverages;

7.      if the lien of this deed of trust is not a first lien, pay or cause to be paid all prior lien notes and abide by or cause to be abided by all prior lien instruments; and

8.      notify Beneficiary of any change of address.

B.      **Beneficiary's Rights**

1.      Beneficiary may appoint in writing a substitute trustee, succeeding to all rights and responsibilities of Trustee.

2.      If the proceeds of the note are used to pay any debt secured by prior liens, Beneficiary is subrogated to all the rights and liens of the holders of any debt so paid.

3.      Beneficiary may apply any proceeds received under the property insurance policies covering the property either to reduce the note or to repair or replace damaged or destroyed improvements covered by the policy. If the property is Grantor's primary residence and Beneficiary reasonably determines that repairs to the improvements are economically feasible, Beneficiary will make the insurance proceeds available to Grantor for repairs.

4.      Notwithstanding the terms of the note to the contrary, and unless applicable law prohibits, all payments received by Beneficiary from Grantor with respect to the note or this deed of trust may, at Beneficiary's discretion, be applied first to amounts payable under this deed of trust and then to amounts due and payable to Beneficiary with respect to the note, to be applied to late charges, principal, or interest in the order Beneficiary in its discretion determines.

5.    If Grantor fails to perform any of Grantor's obligations, Beneficiary may perform those obligations and be reimbursed by Grantor on demand for any amounts so paid, including attorney's fees, plus interest on those amounts from the dates of payment at the rate stated in the note for matured, unpaid amounts. The amount to be reimbursed will be secured by this deed of trust.

6.    If a default exists in payment of the note or performance of Grantor's obligations and the default continues after any required notice of the default and the time allowed to cure, Beneficiary may—

      a.    declare the unpaid principal balance and earned interest on the note immediately due;

      b.    exercise Beneficiary's rights with respect to rent under the Texas Property Code, as then in effect;

      c.    direct Trustee to foreclose this lien, in which case Beneficiary or Beneficiary's agent will cause notice of the foreclosure sale to be given as provided by the Texas Property Code as then in effect; and

      d.    purchase the property at any foreclosure sale by offering the highest bid and then have the bid credited on the note.

7.    Beneficiary may remedy any default without waiving it and may waive any default without waiving any prior or subsequent default.

C.    **Trustee's Rights and Duties**

If directed by Beneficiary to foreclose this lien, Trustee will—

1.    either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then in effect;

2.    sell and convey all or part of the property "AS IS" to the highest bidder for cash with a general warranty binding Grantor, subject to prior liens and to the other exceptions to conveyance and warranty and without representation or warranty, express or implied, by Trustee;

3.    from the proceeds of the sale, pay, in this order—

      a.    expenses of foreclosure, including a reasonable commission to Trustee;

      b.    to Beneficiary, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;

      c.    any amounts required by law to be paid before payment to Grantor; and

      d.    to Grantor, any balance; and

4.    be indemnified, held harmless, and defended by Beneficiary against all costs, expenses, and liabilities incurred by Trustee for acting in the execution or enforcement of the trust

created by this deed of trust, which includes all court and other costs, including attorney's fees, incurred by Trustee in defense of any action or proceeding taken against Trustee in that capacity.

D.    **General Provisions**

1.    If any of the property is sold under this deed of trust, Grantor must immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor will become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

2.    Recitals in any trustee's deed conveying the property will be presumed to be true.

3.    Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

4.    This lien will remain superior to liens later created even if the time of payment of all or part of the note is extended or part of the property is released.

5.    If any portion of the note cannot be lawfully secured by this deed of trust, payments will be applied first to discharge that portion.

6.    Grantor assigns to Beneficiary all amounts payable to or received by Grantor from condemnation of all or part of the property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the property. After deducting any expenses incurred, including attorney's fees and court and other costs, Beneficiary will either release any remaining amounts to Grantor or apply such amounts to reduce the note. Beneficiary will not be liable for failure to collect or to exercise diligence in collecting any such amounts. Grantor will immediately give Beneficiary notice of any actual or threatened proceedings for condemnation of all or part of the property.

7.    Grantor collaterally assigns to Beneficiary all present and future rent from the property and its proceeds. Grantor warrants the validity and enforceability of the assignment. Grantor will apply all rent to payment of the note and performance of this deed of trust, but if the rent exceeds the amount due with respect to the note and the deed of trust, Grantor may retain the excess. If a default exists in payment of the note or performance of this deed of trust, Beneficiary may exercise Beneficiary's rights with respect to rent under the Texas Property Code, as then in effect. Beneficiary neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the property. Beneficiary may exercise Beneficiary's rights and remedies under this paragraph without taking possession of the property. Beneficiary will apply all rent collected under this paragraph as required by the Texas Property Code, as then in effect. Beneficiary is not required to act under this paragraph, and acting under this paragraph does not waive any of Beneficiary's other rights or remedies.

8.    Interest on the debt secured by this deed of trust will not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess will be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded.

2256DeedofTrustPedernalesHillsRanch                    4

This provision overrides any conflicting provisions in this and all other instruments concerning the debt.

9.      In no event may this deed of trust secure payment of any debt that may not lawfully be secured by a lien on real estate or create a lien otherwise prohibited by law.

10.      If Grantor transfers any part of the property without Beneficiary's prior written consent, Beneficiary may declare the note immediately payable and invoke any remedies provided in this deed of trust for default. If the property is residential real property containing fewer than five dwelling units or a residential manufactured home, this provision does not apply to (a) a subordinate lien or encumbrance that does not transfer rights of occupancy of the property; (b) creation of a purchase-money security interest for household appliances; (c) grant of a leasehold interest of three years or less without an option to purchase; (d) transfer to a spouse or children of Grantor; (e) transfer to a relative of Grantor on Grantor's death; (f) a transfer resulting from a decree of a dissolution of marriage, a legal separation agreement, or an incidental property settlement agreement by which the spouse of Grantor becomes an owner of the property; or (g) transfer to an inter vivos trust in which Grantor is and remains a beneficiary and occupant of the property.

11.      When the context requires, singular nouns and pronouns include the plural.

12.      The term *note* includes all extensions, modifications, and renewals of the note and all amounts secured by this deed of trust.

13.      This deed of trust binds, benefits, and may be enforced by successors in interest of all parties.

14.      If Grantor and Maker are not the same person, the term *Grantor* includes Maker.

15.      Grantor and each surety, endorser, and guarantor of the note waive, to the extent permitted by law, all (a) demand for payment, (b) presentation for payment, (c) notice of intention to accelerate maturity, (d) notice of acceleration of maturity, (e) protest, (f) notice of protest, and (g) rights under sections 51.003 and 51.004 of the Texas Property Code.

16.      Grantor agrees to pay reasonable attorney's fees, trustee's fees, and court and other costs of enforcing Beneficiary's rights under this deed of trust if this deed of trust is placed in the hands of an attorney for enforcement.

17.      If any provision of this deed of trust is determined to be invalid or unenforceable, the validity or enforceability of any other provision will not be affected.

18.      Grantor represents that this deed of trust and the note are given for the following purposes:

This deed of trust is given to comply with the Final Decree of Divorce and obligation imposed therein in Cause No. 13-2647, rendered by the 428th Judicial District Court of Hays County, Texas, styled "In the Matter of the Marriage of K.R.J. and A.J. and in the Interest of R.A.J., C.A.J. and G.G.J., minor children."

VOL 5 0 5 PAGE 0 5 8 3

_____

Alexander Emerick Jones

STATE OF TEXAS                              )

COUNTY OF                                   )

This instrument was acknowledged before me on March 19th 2015 by the Back of the Moon, undersigned Alexander Emerick Jones, Grantor

_____

Notary Public, State of Texas



TIMOTHY JAMES FRUGE
Notary Public, State of Texas
My Commission Expires
April 21, 2018

After Recording, Return To:

James S. Gilbreath
1301 S. Capital of Texas Highway
Suite C-120
Austin, Texas    78746

STATE OF TEXAS
COUNTY OF BLANCO
I hereby certify that this instrument was FILED In File Number Sequence on the date and the time stamped hereon by me and was duly RECORDED in Official Public records of Blanco County, Texas on

MAR 26 2015



COUNTY CLERK
BLANCO COUNTY, TEXAS

VOL 505 PAGE 0584

## CERTIFICATE OF SERVICE

On or about January 24, 2020, immediately after filing my Involuntary Petition against Alexander Emric Jones, I filed Suggestions of Bankruptcy in Travis County District Court case D-1-FM-005030 and the only then pending related Habeas Corpus action D-1-FM-19-008556.

Today, Friday, February 7, 2020, I hereby certify that I served a true-and-correct copy of my above-and-foregoing *Notice of Bankruptcy Removal Pursuant to 28 U.S.C. §§1334 & 1452* on Petitioner's counsel of record, Randall & Alison Wilhite and David Minton, as well as Heidi Lee Heinrich and the Court personnel of the 261st Judicial District Court. Personal hand and/or e-mail service were rendered pursuant to the Texas Rules of Civil Procedure utilizing the e-mail addresses listed below.

Tiffaney Gould
Tiffaney.Gould@traviscountytx.gov
Randall B. Wilhite
service@fullenweider.com
David F. Minton
eservice@mbfc.com
Heidi Lee Henrich
heidi@heinrichchristian.com

The Honorable Judge Lora J. Livingston
(Judge 261st District Court, Travis County, Texas)
Brent Douglas McCabe (261st Court Staff Attorney)
Mary Jane Lawson (261st Court Operations Officer)

**Kelly R. Jones** *in própria persona,*
*Removing Respondent,* **pro se**
From Travis County 261st District Court
Texas Civil Cause No. D-1-FM-005030
11601 Hwy 290 W.
Suite A101-307
Austin, Texas 78737
Designated Legal Ph#**888-995-3559**

*Notice of Bankruptcy Removal Pursuant to 28 U.S.C. §§1334 & 1452*          **10**

**EXHIBIT B-2**

*Excerpt From Final Rendition*

03/02/2015  22:14    2813508876              DOUG WARNE              FILED                    PAGE  05/22
                                                                     3/3/2015 2:46:44 PM
                                                                     Beverly Crumley
                                                                     District Clerk
                                                                     Hays County  Texas

NOTICE: THIS CASE IS UNDER SEAL AND THIS
DOCUMENT CONTAINS SENSITIVE DATA

CAUSE NO. 13-2647

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| K.R.J. | § | |
| AND | § | 428TH JUDICIAL DISTRICT |
| A.J. | § | |
| | § | |
| AND IN THE INTEREST OF | § | |
| R.A.J., C.A.J. and G.G.J., | § | |
| CHILDREN | § | HAYS COUNTY, TEXAS |

## FINAL RENDITION
(Formal Judgment to be Prepared Consistent Herewith)

On December 15th, 16th, 17th, 18th and 19th, 2014, the Court heard the property issues in the trial. On February 16th, 2015, the Court received an agreement of the parties with respect to all parent-child issues and rendered a divorce, taking the division of property under advisement. On February 18th, 2015, the Court considered and ordered the division of property according to the parties' agreed Personal Property Protocol. On February 19th, 2015, the Court considered argument of counsel with respect to the final property division to be rendered by the Court. This final trial was conducted pursuant to and under the authority conferred by the Agreed Order Referring Case to A Special Judge, which was signed by the Referring Court on April 16th, 2014.

The parties were subject to prior rulings by the Special Judge and agreements and stipulations of the parties, including a Scheduling Order and Discover Control Plan approved by the Special Judge. On December 15th, 2014, prior to commencement of the trial on the merits, the Special Judge heard and ruled on additional pre-trial matters and motions. These included a Motion for Continuance brought by Petitioner, which was denied. Stipulations, both pre-trial and during the course of the trial, were presented on the record and approved by the Special Judge. By prior order of the court and without objection by the parties, the court heard all property issues and matters separately commencing on December 16th, 2014 and continuing on December 17th, 18th and 19th, 2014. Both parties rested on the property related issues only. The trial was recessed and, by agreement of the parties, resumed at a new location agreed to by the parties in Austin, Texas on all matters relating to the Suit Affecting Parent-Child Relationship. Presentation on all matters relating to the Suit Affecting Parent-Child Relationship was thereby withheld until the trial resumed on February 16th, 2015, at which time the Court heard those matters.

1

Petitioner, K.R.J, appeared for the property portion of the trial in person and by counsel, **Richel Rivers, Catherine Mauzy and Warren Wills.** K.R.J, appeared for the February 2015 portion of the trial, including the parent-child part of the trial, in person and by counsel, **James S. Gilbreath, Brian Walters and Joseph Webber.**

Respondent, A.J., appeared in person and by counsel, **Randall Wilhite, David Minton,** and **Alison Wilhite.**

A record was made of the December 2014 portion of the trial by **Caroline Chapman** and of the February 2015 portion of the trial by **David Bateman** (both through Ken Owen and Assoc., L.P., Austin, Texas).

Having considered the pleadings and applicable statutory provisions and considered the testimony and other evidence admitted, the Courts makes the following Findings and Rulings and finds the same to be fair and just:

1. 

2. 

3. 

4. 

5. The real estate is valued as follows:

   a.  Perdernales Hills Ranch – $68,640 (as agreed);

   b. 

2

03/02/2015  22:14    2813508076              DOUG WARNE                    PAGE  07/22

c.    Back of the Moon residence -- $780,000 per Beal report.



6.

7.

8.

9.

10.

11.

12.

13.

14.

15.

3

g.



h.

27.   In the event of conflict between the provisions of this rendition and any stipulation or agreement of the parties, the stipulation or agreement controls.

28.   Any relief requested in connection with this litigation and not specifically granted herein is **DENIED**.

Signed and rendered on _____ *March 2nd* _____ , 2015.

_____
Doug Warne, Special Judge Presiding

6

**EXHIBIT B-3**

*Suggestion of Bankruptcy*

Rule 21c(d)(2) Notice:
THIS DOCUMENT
CONTAINS SENSITITVE DATA

Filed In The District Court
of Travis County, Texas

JAN 2 4 2020  JG
At _____ 3:01 P.M.
Velva L. Price, District Clerk

Cause No.: D-1-FM-15-005030

| | | |
|---|---|---|
| In the Matter of the Marriage of | § | In the District Court |
| K.R. J. and A.E.J., | § | |
| And in the interests of | § | 261st District Court |
| R.A.J., C.A.J., and G.G.J., | § | |
| Minor Children. | § | Travis County, Texas |

## SUGGESTION OF BANKRUPTCY of ALEXANDER E. JONES
## TO THE HONORABLE DISTRICT COURT:

I, Kelly R. Jones, petitioner, pro se, on this Friday, 24 January 2020, filed an Involuntary Petition for Bankruptcy Relief under 11 U.S.C. §303 against Alexander E. Jones, and the automatic stay under 11 U.S.C. §362(a) is now in full force and effect (Chapter 11 Petition attached as Exhibit A).

The automatic stay is triggered by the act of filing an involuntary petition pursuant to 11 U.S.C. § 303, not by the entry of an order for relief by the court 2 LAWRENCE P. KING, ET AL., COLLIER ON BANKRUPTCY ¶ 362.04, at 362–35 (15th ed. 1996). The automatic stay is broad in scope and applies to almost every formal and informal action by or against the debtor or property of the debtor, except as set forth under (b) of Section 362. 2 LAWRENCE P. KING, ET AL., COLLIER ON BANKRUPTCY ¶ 362.04, at 362–34 (15th ed. 1996). See also *In re*

*Kelly R. Jones' Suggestion of Bankruptcy filed against Alexander E. Jones*                    1

*MortgageAmerica Corp.*, 714 F.2d 1266 at 1273, 1277 (5th Cir. Sept. 19, 1983). Title 11 U.S.C. §541(a) specifically states:

> The commencement of a case under section 301, 302, or 303 of this title creates an estate.

The United States Bankruptcy Court for the Western District of Texas has assigned case number _____ 20- 10118 _____ to this proceeding.

Any action taken by this court in any case relating to Alexander E. Jones will be null and void, and all hearings should be accordingly stayed.

Respectfully submitted,

Friday
24 January 2020

**Kelly R. Jones** *in propria persona,*
*Relator,* **pro se**
11601 Hwy 290 W., Suite A101-307
Austin, Texas 78737
Designated Legal Ph# **888-995-3559**

## Certificate of Service

I have served this Suggestion of Bankruptcy, either by e-mail or hand delivery, on all attorneys in Case D-1-FM-15-005030, and judicial personnel (Judge Livingston's staff) on the 261st Judicial District Court:

Tiffaney Gould
Tiffaney.Gould@traviscountytx.gov
Randall B. Wilhite
service@fullenweider.com
David F. Minton
eservice@mbfc.com
Heidi Lee Henrich
heidi@heinrichchristian.com
Brent Douglas McCabe (261st Court Staff Attorney)
Brent.McCabe@traviscountytx.gov
And
Mary Jane Lawson (261st Court Operations)

**Kelly R. Jones** *in propria persona,*
*Respondent,* **pro se**
11601 Hwy 290 W., Suite A101-307
Austin, Texas 78737
Designated Legal Ph# **888-995-3559**

# Exhibit A:
## Kelly R. Jones'
## Involuntary Petition (Chapter 11) for Bankruptcy Relief & Protection against Alexander E. Jones' under 11 U.S.C. §303 Filed January 24, 2020

UNITED STATES
BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

# 102447    — AW

January 24, 2020
14:03:43

CH 11 PETITION
20-10118-HCM11
Debtor.: ALEXANDER EMRIC JONES
Judge..: H. CHRISTOPHER MOTT
Amount.:              $1,717.00 CH
Check#.: 1718

Total-> $1,717.00

FROM: KELLY JONES
      11601 W HWY 290
      STE A101
      AUSTIN, TX 78737

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Western District of Texas

Case number (if known): _____  Chapter 11

FILED

2020 JAN 24  PM 2: 06

CLERK
U.S. BANKRUPTCY COURT
BY _____
DEPUTY

☐ Check if this is an
amended filing

## Official Form 105

# Involuntary Petition Against an Individual

12/15

Use this form to begin a bankruptcy case against an individual you allege to be a debtor subject to an involuntary case. If you want to begin a case against a non-individual, use the *Involuntary Petition Against a Non-Individual* (Official Form 205). Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write name and case number (if known).

**Part 1:**  Identify the Chapter of the Bankruptcy Code Under Which Petition Is Filed

| 1. Chapter of the Bankruptcy Code | *Check one:* |
|---|---|
| | ☐ Chapter 7 |
| | ☑ Chapter 11 |

**Part 2:**  Identify the Debtor

| 2. Debtor's full name | Alexander |
|---|---|
| | First name |
| | Emric |
| | Middle name |
| | Jones |
| | Last name |
| | |
| | Suffix (Sr., Jr., II, III) |

| 3. Other names you know the debtor has used in the last 8 years | Alexander Emerick Jones  (AKA) V9 |
|---|---|
| | Alex Jones  (AKA) V9 |
| Include any assumed, married, maiden, or trade names, or *doing business as* names. | Alexander E. Jones  (A.K.A) V |

| 4. Only the last 4 digits of debtor's Social Security Number or federal Individual Taxpayer Identification Number (ITIN) | ☑ Unknown |
|---|---|
| | xxx – xx – 5  9  8  9        OR        9 xx – xx – ___ ___ ___ ___ |

| 5. Any Employer Identification Numbers (EINs) used in the last 8 years | ☐ Unknown |
|---|---|
| | EIN ___ – ___ ___ ___ ___ ___ ___ |
| | EIN ___ – ___ ___ ___ ___ ___ ___ |

Debtor    Alexander Emric Jones _____    Case number _(if known)_ _____

| 6. | Debtor's address | **Principal residence** | | | **Mailing address, if different from residence** | | |

**Principal residence**

1400 Barton Creek Boulevard _____
Number    Street

_____

Austin _____ TX _____ 78735
City _____ State  ZIP Code

Travis County _____
County

**Principal place of business**

3019 Alvin DeVane Boulevard, #350 _____
Number    Street

FREE SPEECH SYSTEMS, LLC _____

Austin _____ TX _____ 78741
City _____ State  ZIP Code

78741 _____
County

**Mailing address, if different from residence**

3019 Alvin DeVane Boulevard, Suite 350 ____
Number    Street

FREE SPEECH SYSTEMS, LLC _____

Austin _____ TX _____ 78741
City _____ State  ZIP Code

---

| 7. | Type of business |

☐ Debtor does not operate a business

_Check one if the debtor operates a business:_

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☑ None of the above

---

| 8. | Type of debt |

**Each petitioner believes:**

☐ **Debts are primarily consumer debts.** _Consumer debts are defined in 11 U.S.C. § 101(8) as_ "incurred by an individual primarily for a personal, family, or household purpose."

☑ **Debts are primarily business debts.** _Business debts are debts that were incurred to obtain money for a business or investment or through the operation of the business or investment._

---

| 9. | Do you know of any bankruptcy cases pending by or against any partner, spouse, or affiliate of this debtor? |

☑ No
☐ Yes. Debtor _____ Relationship _____

District _____ Date filed _____ Case number, if known _____
MM / DD / YYYY

Debtor _____ Relationship _____

District _____ Date filed _____ Case number, if known _____
MM / DD / YYYY

---

Debtor    Alexander Emric Jones _____    Case number (if known) _____

| 10. | Venue | Check one: |
| --- | --- | --- |
| | Reason for filing in this court. | ☑ Over the last 180 days before the filing of this bankruptcy, the debtor has resided, had the principal place of business, or had principal assets in this district longer than in any other district. |
| | | ☐ A bankruptcy case concerning debtor's affiliates, general partner, or partnership is pending in this district. |
| | | ☐ Other reason. Explain. (See 28 U.S.C. § 1408.) _____ |

| 11. | Allegations | Each petitioner is eligible to file this petition under 11 U.S.C. § 303(b). |
| --- | --- | --- |
| | | The debtor may be the subject of an involuntary case under 11 U.S.C. § 303(a). |
| | | *At least one box must be checked:* |
| | | ☑ The debtor is generally not paying such debtor's debts as they become due, unless they are the subject of a bona fide dispute as to liability or amount. |
| | | ☐ Within 120 days before the filing of this petition, a custodian, other than a trustee, receiver, or agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession. |

| 12. | Has there been a transfer of any claim against the debtor by or to any petitioner? | ☑ No |
| --- | --- | --- |
| | | ☐ Yes. Attach all documents that evidence the transfer and any statements required under Bankruptcy Rule 1003(a). |

13. Each petitioner's claim

| Name of petitioner | Nature of petitioner's claim | Amount of the claim above the value of any lien |
| --- | --- | --- |
| Kelly R. Jones | Default on Promissory Note | $ 786,861.00 |
| | | $ |
| | | $ |
| | Total | $ 786,861.00 |

If more than 3 petitioners, attach additional sheets with the statement under penalty of perjury, each petitioner's (or representative's) signature under the statement, along with the signature of the petitioner's attorney, and the information on the petitioning creditor, the petitioner's claim, the petitioner's representative, and the attorney following the format on this form.

Debtor    Alexander Emric Jones                                              Case number (if known) _____

## Part 4:    Request for Relief

Petitioners request that an order for relief be entered against the debtor under the chapter specified in Part 1 of this petition. If a petitioning
creditor is a corporation, attach the corporate ownership statement required by Bankruptcy Rule 1010(b). If any petitioner is a foreign
representative appointed in a foreign proceeding, a certified copy of the order of the court granting recognition is attached.

Petitioners declare under penalty of perjury that the information provided in this petition is true and correct.  Petitioners understand that if they make a
false statement, they could be fined up to $250,000 or imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152 and 3571. If relief is not ordered, the court may award attorneys' fees, costs, damages, and punitive damages. 11 U.S.C. § 303(i).

| Petitioners or Petitioners' Representative | Attorneys |
|---|---|
| **✗** _Kelly R. Jones (signature)_ | **✗** |
| Signature of petitioner or representative, including representative's title | Signature of attorney |
| Kelly R. Jones | |
| Printed name of petitioner | Printed name |
| Date signed  01/23/2020 | |
| MM / DD / YYYY | Firm name, if any |
| | Number    Street |
| **Mailing address of petitioner** | |
| 11601 Hwy 290 W., Suite A101-307 | City                    State              ZIP Code |
| Number    Street | |
| Austin                    TX        78737 | Date signed _____ |
| City                       State              ZIP Code | MM / DD / YYYY |
| | Contact phone _____  Email _____ |
| **If petitioner is an individual and is not represented by an attorney:** | |
| Contact phone   888-995-3559 | |
| Email   service@violetkelly.com | |
| **Name and mailing address of petitioner's representative, if any** | |
| Name | |
| Number    Street | |
| City                       State              ZIP Code | |

Official Form 105                           Involuntary Petition Against an Individual                           page **4**

# Exhibit A:

## Alexander Emerick Jones' ("Maker's) 72 Month Promissory Note March 19, 2015

If Maker defaults in the payment of this note or in the performance of any obligation in any instrument securing or collateral to this note, Payee may declare the unpaid principal balance, earned interest, and any other accounts owed on the note immediately due. Maker and each surety, endorser, and guarantor waive, to the extent permitted by law, all (a) demand for payment, (b) presentation of payment, (c) notice of intention to accelerate maturity, (d) notice of acceleration of maturity, (e) protest, (f) notice of protest, and (g) rights under sections 51.003 and 51.004 of the Texas Property Code.

Real Estate Lien Note

3-19-15  2:15 CDT

Date:

Maker: Alexander Emerick Jones

Maker's Mailing Address: 101 Colorado Street, #3605, Austin, Travis County, Texas 78703

Payee: Kelly R. Jones, as her sole and separate property and estate

Place for Payment: 12250 Trautwein Road, Austin, Hays County, Texas

Principal Amount: Two Million Seven Hundred and Twenty-Seven Thousand nine hundred and Fifty-One and No/100 Dollars ($2,727,951)

Annual Interest Rate: Five percent (5%)

Annual Interest Rate on Matured, Unpaid Amounts: Five percent (5%).

Terms of Payment (principal and interest):

Principal and interest on this Real Estate Lien Note ("Note") are due and payable in monthly installments of Forty-Three Thousand Nine Hundred Thirty-Three and No/100 Dollars ($43,933.00) each, beginning forty-five days after the signing of the Final Decree of Divorce between Payee and Maker in Cause No 13-2647, In the Matter of the Marriage of K.R.J. and A.J., by the Presiding Judge of the 428th Judicial District Court of Hays County, Texas, and continuing on the same day of each following calendar month until all payments of principal and interest called for herein have been paid in full. Payments shall be sent to 12250 Trautwein Road, Austin, Texas 78737.

Security for Payment:

This Note is secured by two deeds of Trust dated of even date herewith by Maker for the benefit of Payee. The Deeds of Trust grant Payee a lien on the following real property:

15101 Back of the Moon St. D., Austin, TX 78734, legally described as Lot 3, Amended Plat Of Back Of The Moon Subdivision, A Subdivision in Travis County, Texas, According to the Map Or Plat Thereof Recorded In Volume 93, Page 282, Of The Plat Records Of Travis County, Texas. and

Pedernales Hills Ranch, Lot 18, 5.01 Acres, legally described as BEING Tract 18, Pedernales Hills Ranches, a subdivision situated in Blanco County, Texas, according to Plat in Volume 1, Page 123-126, Plat Records of Blanco County, Texas; together with ingress and egress easement more particularly described in Volume 112, Page 782, Deed Records of Blanco County, Texas.

Maker promises to pay to the order of Payee the principal amount plus interest at the

2256RealEstateLienNote                                                  1

annual interest rate. This note is payable at the place for payment and according to the terms of payment. All unpaid amounts are due by the maturity date. If any amount is not paid either when due under the terms of payment or on acceleration of maturity, Maker promises to pay any unpaid amount plus interest from the date the payment was due to the date of payment at the annual interest rate on matured, unpaid amounts.

Maker may prepay this note in any amount at any time before the maturity date without penalty or premium. Prepayments will be applied to installments on the last maturing principal, and interest on that prepaid principal will immediately cease to accrue.

If Maker defaults in the payment of this note or in the performance of any obligation in any instrument securing or collateral to this note, Payee may declare the unpaid principal balance, earned interest, and any other amounts owed on the note immediately due. Maker and each surety, endorser, and guarantor waive, to the extent permitted by law, all (a) demand for payment, (b) presentation for payment, (c) notice of intention to accelerate maturity, (d) notice of acceleration of maturity, (e) protest, (f) notice of protest, and (g) rights under sections 51.003 and 51.004 of the Texas Property Code.

Maker also promises to pay reasonable attorney's fees and court and other costs if this note is placed in the hands of an attorney to collect or enforce the note. These expenses will bear interest from the date of advance at the annual interest rate on matured, unpaid amounts. Maker will pay Payee these expenses and interest on demand at the place for payment. These expenses and interest will become part of the debt evidenced by the note and will be secured by any security for payment.

Interest on the debt evidenced by this note will not exceed the maximum rate or amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the principal amount or, if the principal amount has been paid, refunded. On any acceleration or required or permitted prepayment, any excess interest will be canceled automatically as of the acceleration or prepayment or, if the excess interest has already been paid, credited on the principal amount or, if the principal amount has been paid, refunded. This provision overrides any conflicting provisions in this note and all other instruments concerning the debt.

Each Maker is responsible for all obligations represented by this note.

When the context requires, singular nouns and pronouns include the plural.

This note is given to evidence the indebtedness imposed on Maker by the Final Decree of Divorce entered in Cause No. 13-2647 by the District Court of Hays County, Texas, styled "In the Matter of the Marriage of K.R.J. and A.J. and in the Interest of K.A.J, C.A.J. and G.G.J., minor children."

Alexander Emerick Jones, Maker
101 Colorado St., #3605
Austin, Texas 78703

$3-/9-/5$  $2:00$ $SDT$

2256RealEstateLienNote

2



TRV
6 PGS
2015043396

## Deed of Trust

Date: $3-19-15$  $2:20$ $CDT$

Grantor: Alexander Emerick Jones

Grantor's Mailing Address: 101 Colorado Street, #3605, Austin, Travis County, Texas 78703

Trustee: James S. Gilbreath

Trustee's Mailing Address: 1301 S. Capital of Texas Highway, Suite C-120, Austin, Travis County, Texas 78746

Beneficiary: Kelly R. Jones

Beneficiary's Mailing Address: 12250 Trautwein Road, Austin, Hays County, Texas 78737

Note

    Date:

    Original Principal Amount: $2,727,951.00

    Maker: Alexander Emerick Jones

    Payee: Kelly R. Jones

    Maturity Date: Payable in 72 equal monthly installments of $43,933.00 each beginning 45 days after the signing of the Final Decree of Divorce in Cause No. 13-2647 by the Presiding Judge of the 428th Judicial District Court of Hays County, Texas.

Property (including any improvements):

    15101 Back of the Moon St. D., Austin, TX 78734, legally described as Lot 3, Amended Plat Of Back Of The Moon Subdivision, A Subdivision in Travis County, Texas, According to the Map Or Plat Thereof Recorded In Volume 93, Page 282, Of The Plat Records Of Travis County, Texas

Prior Lien(s): None.

Other Exceptions to Conveyance and Warranty: None.

    For value received and to secure payment of the note, Grantor conveys the property to Trustee in trust. Grantor warrants and agrees to defend the title to the property, subject to the other exceptions to conveyance and warranty. On payment of the note and all other amounts secured by this deed of trust, this deed of trust will have no further effect, and Beneficiary will release it at Grantor's expense.

2256DeedofTrustBackOfTheMoon/Back of the Moon       1

# Exhibit B:

## Alexander Emerick Jones'
## Grant of Deed of Trust
## In 15101 Back of the Moon St. D.
## Austin, Tx 78734 (Travis County)
## March 19, 2015

¶15. Grantor and each surety, endorser, and guarantor of the note waive, to the extent permitted by law, all (a) demand for payment, (b) presentation for payment, (c) notice of intention to accelerate maturity, (d) notice of acceleration of maturity, (e) protest, (f) notice of protest, and (g) rights under sections 51.003 and 51.004 of the Texas Property Code.

Clauses and Covenants

A.    **Grantor's Obligations**

Grantor agrees to—

1.    keep the property in good repair and condition;

2.    pay all taxes and assessments on the property before delinquency, not authorize a taxing entity to transfer its tax lien on the property to anyone other than Beneficiary, and not request a deferral of the collection of taxes pursuant to section 33.06 of the Texas Tax Code;

3.    defend title to the property subject to the other exceptions to conveyance and warranty and preserve the lien's priority as it is established in this deed of trust;

4.    maintain all insurance coverages with respect to the property, revenues generated by the property, and operations on the property that Beneficiary reasonably requires ("Required Insurance Coverages"), issued by insurers and written on policy forms acceptable to Beneficiary, and deliver evidence of the Required Insurance Coverages in a form acceptable to Beneficiary at least ten days before the expiration of the Required Insurance Coverages;

5.    obey all laws, ordinances, and restrictive covenants applicable to the property;

6.    keep any buildings occupied as required by the Required Insurance Coverages;

7.    if the lien of this deed of trust is not a first lien, pay or cause to be paid all prior lien notes and abide by or cause to be abided by all prior lien instruments; and

8.    notify Beneficiary of any change of address.

B.    **Beneficiary's Rights**

1.    Beneficiary may appoint in writing a substitute trustee, succeeding to all rights and responsibilities of Trustee.

2.    If the proceeds of the note are used to pay any debt secured by prior liens, Beneficiary is subrogated to all the rights and liens of the holders of any debt so paid.

3.    Beneficiary may apply any proceeds received under the property insurance policies covering the property either to reduce the note or to repair or replace damaged or destroyed improvements covered by the policy. If the property is Grantor's primary residence and Beneficiary reasonably determines that repairs to the improvements are economically feasible, Beneficiary will make the insurance proceeds available to Grantor for repairs.

4.    Notwithstanding the terms of the note to the contrary, and unless applicable law prohibits, all payments received by Beneficiary from Grantor with respect to the note or this deed of trust may, at Beneficiary's discretion, be applied first to amounts payable under this deed of trust and then to amounts due and payable to Beneficiary with respect to the note, to be applied to late charges, principal, or interest in the order Beneficiary in its discretion determines.

5. If Grantor fails to perform any of Grantor's obligations, Beneficiary may perform those obligations and be reimbursed by Grantor on demand for any amounts so paid, including attorney's fees, plus interest on those amounts from the dates of payment at the rate stated in the note for matured, unpaid amounts. The amount to be reimbursed will be secured by this deed of trust.

6. If a default exists in payment of the note or performance of Grantor's obligations and the default continues after any required notice of the default and the time allowed to cure, Beneficiary may—

> a. declare the unpaid principal balance and earned interest on the note immediately due;
>
> b. exercise Beneficiary's rights with respect to rent under the Texas Property Code, as then in effect;
>
> c. direct Trustee to foreclose this lien, in which case Beneficiary or Beneficiary's agent will cause notice of the foreclosure sale to be given as provided by the Texas Property Code as then in effect; and
>
> d. purchase the property at any foreclosure sale by offering the highest bid and then have the bid credited on the note.

7. Beneficiary may remedy any default without waiving it and may waive any default without waiving any prior or subsequent default.

## C. Trustee's Rights and Duties

If directed by Beneficiary to foreclose this lien, Trustee will—

1. either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then in effect;

2. sell and convey all or part of the property "AS IS" to the highest bidder for cash with a general warranty binding Grantor, subject to prior liens and to the other exceptions to conveyance and warranty and without representation or warranty, express or implied, by Trustee;

3. from the proceeds of the sale, pay, in this order—

> a. expenses of foreclosure, including a reasonable commission to Trustee;
>
> b. to Beneficiary, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;
>
> c. any amounts required by law to be paid before payment to Grantor; and
>
> d. to Grantor, any balance; and

4. be indemnified, held harmless, and defended by Beneficiary against all costs, expenses, and liabilities incurred by Trustee for acting in the execution or enforcement of the trust

2256DeedofTrustBackOfTheMoon/Back of the Moon          3

created by this deed of trust, which includes all court and other costs, including attorney's fees, incurred by Trustee in defense of any action or proceeding taken against Trustee in that capacity.

D.    General Provisions

1.    If any of the property is sold under this deed of trust, Grantor must immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor will become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

2.    Recitals in any trustee's deed conveying the property will be presumed to be true.

3.    Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

4.    This lien will remain superior to liens later created even if the time of payment of all or part of the note is extended or part of the property is released.

5.    If any portion of the note cannot be lawfully secured by this deed of trust, payments will be applied first to discharge that portion.

6.    Grantor assigns to Beneficiary all amounts payable to or received by Grantor from condemnation of all or part of the property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the property. After deducting any expenses incurred, including attorney's fees and court and other costs, Beneficiary will either release any remaining amounts to Grantor or apply such amounts to reduce the note. Beneficiary will not be liable for failure to collect or to exercise diligence in collecting any such amounts. Grantor will immediately give Beneficiary notice of any actual or threatened proceedings for condemnation of all or part of the property.

7.    Grantor collaterally assigns to Beneficiary all present and future rent from the property and its proceeds. Grantor warrants the validity and enforceability of the assignment. Grantor will apply all rent to payment of the note and performance of this deed of trust, but if the rent exceeds the amount due with respect to the note and the deed of trust, Grantor may retain the excess. If a default exists in payment of the note or performance of this deed of trust, Beneficiary may exercise Beneficiary's rights with respect to rent under the Texas Property Code, as then in effect. Beneficiary neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the property. Beneficiary may exercise Beneficiary's rights and remedies under this paragraph without taking possession of the property. Beneficiary will apply all rent collected under this paragraph as required by the Texas Property Code, as then in effect. Beneficiary is not required to act under this paragraph, and acting under this paragraph does not waive any of Beneficiary's other rights or remedies.

8.    Interest on the debt secured by this deed of trust will not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess will be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded.

2256DeedofTrustBackOfTheMoon/Back of the Moon          4

This provision overrides any conflicting provisions in this and all other instruments concerning
the debt.

9.    In no event may this deed of trust secure payment of any debt that may not
lawfully be secured by a lien on real estate or create a lien otherwise prohibited by law.

10.    If Grantor transfers any part of the property without Beneficiary's prior written
consent, Beneficiary may declare the note immediately payable and invoke any remedies
provided in this deed of trust for default. If the property is residential real property containing
fewer than five dwelling units or a residential manufactured home, this provision does not apply
to (a) a subordinate lien or encumbrance that does not transfer rights of occupancy of the
property; (b) creation of a purchase-money security interest for household appliances; (c) grant of
a leasehold interest of three years or less without an option to purchase; (d) transfer to a spouse or
children of Grantor; (e) transfer to a relative of Grantor on Grantor's death; (f) a transfer resulting
from a decree of a dissolution of marriage, a legal separation agreement, or an incidental property
settlement agreement by which the spouse of Grantor becomes an owner of the property; or (g)
transfer to an inter vivos trust in which Grantor is and remains a beneficiary and occupant of the
property.

11.    When the context requires, singular nouns and pronouns include the plural.

12.    The term *note* includes all extensions, modifications, and renewals of the note and
all amounts secured by this deed of trust.

13.    This deed of trust binds, benefits, and may be enforced by successors in interest of
all parties.

14.    If Grantor and Maker are not the same person, the term *Grantor* includes Maker.

15.    Grantor and each surety, endorser, and guarantor of the note waive, to the extent
permitted by law, all (a) demand for payment, (b) presentation for payment, (c) notice of intention
to accelerate maturity, (d) notice of acceleration of maturity, (e) protest, (f) notice of protest, and
(g) rights under sections 51.003 and 51.004 of the Texas Property Code.

16.    Grantor agrees to pay reasonable attorney's fees, trustee's fees, and court and other
costs of enforcing Beneficiary's rights under this deed of trust if this deed of trust is placed in the
hands of an attorney for enforcement.

17.    If any provision of this deed of trust is determined to be invalid or unenforceable,
the validity or enforceability of any other provision will not be affected.

18.    Grantor represents that this deed of trust and the note are given for the following
purposes:

This deed of trust is given to comply with the Final Decree of Divorce and
obligation imposed therein in Cause No. 13-2647, rendered by the 428th Judicial
District Court of Hays County, Texas, styled "In the Matter of the Marriage of
K.R.J. and A.J. and in the Interest of R.A.J., C.A.J. and G.G.J., minor children."

2256DeedofTrustBackOfTheMoon/Back of the Moon          5

Alexander Emerick Jones

STATE OF TEXAS )

COUNTY OF )

This instrument was acknowledged before me on March 19th 2015 by the Back of the Moon, undersigned Alexander Emerick Jones, Grantor



TIMOTHY JAMES FRUGE
Notary Public, State of Texas
My Commission Expires
April 21, 2018

Notary Public, State of Texas

AFTER RECORDING, RETURN TO:

James S. Gilbreath
1301 S. Capital of Texas Highway
Suite C-120
Austin, Texas    78746

**FILED AND RECORDED**
OFFICIAL PUBLIC RECORDS

Dana DeBeauvoir

Mar 24, 2015  04:03 PM    2015043396
PEREZTA: $46.00
Dana DeBeauvoir, County Clerk
Travis County  TEXAS

# Exhibit C:
## Alexander Emerick Jones' Grant of Deed of Trust in Pedernales Hills Ranch Blanco County
## March 19, 2015

¶15. Grantor and each surety, endorser, and guarantor of the note waive, to the extent permitted by law, all (a) demand for payment, (b) presentation for payment, (c) notice of intention to accelerate maturity, (d) notice of acceleration of maturity, (e) protest, (f) notice of protest, and (g) rights under sections 51.003 and 51.004 of the Texas Property Code.

150815

## Deed of Trust

3-19-18 2:25 COT

Date:

Grantor: Alexander Emerick Jones

Grantor's Mailing Address: 101 Colorado Street, #3605, Austin, Travis County, Texas 78703

Trustee: James S. Gilbreath

Trustee's Mailing Address: 1301 S. Capital of Texas Highway, Suite C-120, Austin, Travis County, Texas 78746

Beneficiary: Kelly R. Jones

Beneficiary's Mailing Address: 12250 Trautwein Road, Austin, Hays County, Texas 78737

Note

Date:

Original Principal Amount: $2,727,951.00

Maker: Alexander Emerick Jones

Payee: Kelly R. Jones

Filed this 26 day of May 20 15
11:34 AM
Laura Walla
County Clerk, Blanco County, Texas
By Shelia K Maly Deputy

Maturity Date: Payable in 72 equal monthly installments of $43,933.00 each beginning 45 days after the signing of the Final Decree of Divorce in Cause No. 13-2647 by the Presiding Judge of the 428th Judicial District Court of Hays County, Texas.

Property (including any improvements):

Pedernales Hills Ranch, Lot 18, 5.01 Acres, legally described as BEING Tract 18, PEDERNALES HILLS RANCHES, a subdivision situated in Blanco County, Texas, according to Plat in Volume 1, Page 123-126, Plat Records of Blanco County, Texas; TOGETHER WITH ingress and egress easement more particularly described in Volume 112, Page 782, Deed Records of Blanco County, Texas.

Prior Lien(s): None.

Other Exceptions to Conveyance and Warranty: None.

For value received and to secure payment of the note, Grantor conveys the property to Trustee in trust. Grantor warrants and agrees to defend the title to the property, subject to the other exceptions to conveyance and warranty. On payment of the note and all other amounts secured by this deed of trust, this deed of trust will have no further effect, and Beneficiary will release it at Grantor's expense.

2256DeedofTrustPedernalesHillsRanch

1

VOL 5 0 5 PAGE 0 5 7 9.1

ž,

Clauses and Covenants

A.   Grantor's Obligations

Grantor agrees to—

1.   keep the property in good repair and condition;

2.   pay all taxes and assessments on the property before delinquency, not authorize a taxing entity to transfer its tax lien on the property to anyone other than Beneficiary, and not request a deferral of the collection of taxes pursuant to section 33.06 of the Texas Tax Code;

3.   defend title to the property subject to the other exceptions to conveyance and warranty and preserve the lien's priority as it is established in this deed of trust;

4.   maintain all insurance coverages with respect to the property, revenues generated by the property, and operations on the property that Beneficiary reasonably requires ("Required Insurance Coverages"), issued by insurers and written on policy forms acceptable to Beneficiary, and deliver evidence of the Required Insurance Coverages in a form acceptable to Beneficiary at least ten days before the expiration of the Required Insurance Coverages;

5.   obey all laws, ordinances, and restrictive covenants applicable to the property;

6.   keep any buildings occupied as required by the Required Insurance Coverages;

7.   if the lien of this deed of trust is not a first lien, pay or cause to be paid all prior lien notes and abide by or cause to be abided by all prior lien instruments; and

8.   notify Beneficiary of any change of address.

B.   Beneficiary's Rights

1.   Beneficiary may appoint in writing a substitute trustee, succeeding to all rights and responsibilities of Trustee.

2.   If the proceeds of the note are used to pay any debt secured by prior liens, Beneficiary is subrogated to all the rights and liens of the holders of any debt so paid.

3.   Beneficiary may apply any proceeds received under the property insurance policies covering the property either to reduce the note or to repair or replace damaged or destroyed improvements covered by the policy. If the property is Grantor's primary residence and Beneficiary reasonably determines that repairs to the improvements are economically feasible, Beneficiary will make the insurance proceeds available to Grantor for repairs.

4.   Notwithstanding the terms of the note to the contrary, and unless applicable law prohibits, all payments received by Beneficiary from Grantor with respect to the note or this deed of trust may, at Beneficiary's discretion, be applied first to amounts payable under this deed of trust and then to amounts due and payable to Beneficiary with respect to the note, to be applied to late charges, principal, or interest in the order Beneficiary in its discretion determines.

2256DeedofTrustPedernalesHillsRanch                2

VOL 5 0 5 PAGE 0 5 8 0

5. If Grantor fails to perform any of Grantor's obligations, Beneficiary may perform those obligations and be reimbursed by Grantor on demand for any amounts so paid, including attorney's fees, plus interest on those amounts from the dates of payment at the rate stated in the note for matured, unpaid amounts. The amount to be reimbursed will be secured by this deed of trust.

6. If a default exists in payment of the note or performance of Grantor's obligations and the default continues after any required notice of the default and the time allowed to cure, Beneficiary may—

    a.    declare the unpaid principal balance and earned interest on the note immediately due;

    b.    exercise Beneficiary's rights with respect to rent under the Texas Property Code, as then in effect;

    c.    direct Trustee to foreclose this lien, in which case Beneficiary or Beneficiary's agent will cause notice of the foreclosure sale to be given as provided by the Texas Property Code as then in effect; and

    d.    purchase the property at any foreclosure sale by offering the highest bid and then have the bid credited on the note.

7. Beneficiary may remedy any default without waiving it and may waive any default without waiving any prior or subsequent default.

## C. Trustee's Rights and Duties

If directed by Beneficiary to foreclose this lien, Trustee will—

1. either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then in effect;

2. sell and convey all or part of the property "AS IS" to the highest bidder for cash with a general warranty binding Grantor, subject to prior liens and to the other exceptions to conveyance and warranty and without representation or warranty, express or implied, by Trustee;

3. from the proceeds of the sale, pay, in this order—

    a.    expenses of foreclosure, including a reasonable commission to Trustee;

    b.    to Beneficiary, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;

    c.    any amounts required by law to be paid before payment to Grantor; and

    d.    to Grantor, any balance; and

4. be indemnified, held harmless, and defended by Beneficiary against all costs, expenses, and liabilities incurred by Trustee for acting in the execution or enforcement of the trust

2256DeedofTrustPedernalesHillsRanch     3

created by this deed of trust, which includes all court and other costs, including attorney's fees, incurred by Trustee in defense of any action or proceeding taken against Trustee in that capacity.

D.    General Provisions

1.    If any of the property is sold under this deed of trust, Grantor must immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor will become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

2.    Recitals in any trustee's deed conveying the property will be presumed to be true.

3.    Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

4.    This lien will remain superior to liens later created even if the time of payment of all or part of the note is extended or part of the property is released.

5.    If any portion of the note cannot be lawfully secured by this deed of trust, payments will be applied first to discharge that portion.

6.    Grantor assigns to Beneficiary all amounts payable to or received by Grantor from condemnation of all or part of the property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the property. After deducting any expenses incurred, including attorney's fees and court and other costs, Beneficiary will either release any remaining amounts to Grantor or apply such amounts to reduce the note. Beneficiary will not be liable for failure to collect or to exercise diligence in collecting any such amounts. Grantor will immediately give Beneficiary notice of any actual or threatened proceedings for condemnation of all or part of the property.

7.    Grantor collaterally assigns to Beneficiary all present and future rent from the property and its proceeds. Grantor warrants the validity and enforceability of the assignment. Grantor will apply all rent to payment of the note and performance of this deed of trust, but if the rent exceeds the amount due with respect to the note and the deed of trust, Grantor may retain the excess. If a default exists in payment of the note or performance of this deed of trust, Beneficiary may exercise Beneficiary's rights with respect to rent under the Texas Property Code, as then in effect. Beneficiary neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the property. Beneficiary may exercise Beneficiary's rights and remedies under this paragraph without taking possession of the property. Beneficiary will apply all rent collected under this paragraph as required by the Texas Property Code, as then in effect. Beneficiary is not required to act under this paragraph, and acting under this paragraph does not waive any of Beneficiary's other rights or remedies.

8.    Interest on the debt secured by this deed of trust will not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess will be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded.

2256DeedofTrustPedernalesHillsRanch                4

This provision overrides any conflicting provisions in this and all other instruments concerning the debt.

9.    In no event may this deed of trust secure payment of any debt that may not lawfully be secured by a lien on real estate or create a lien otherwise prohibited by law.

10.    If Grantor transfers any part of the property without Beneficiary's prior written consent, Beneficiary may declare the note immediately payable and invoke any remedies provided in this deed of trust for default. If the property is residential real property containing fewer than five dwelling units or a residential manufactured home, this provision does not apply to (a) a subordinate lien or encumbrance that does not transfer rights of occupancy of the property; (b) creation of a purchase-money security interest for household appliances; (c) grant of a leasehold interest of three years or less without an option to purchase; (d) transfer to a spouse or children of Grantor; (e) transfer to a relative of Grantor on Grantor's death; (f) a transfer resulting from a decree of a dissolution of marriage, a legal separation agreement, or an incidental property settlement agreement by which the spouse of Grantor becomes an owner of the property; or (g) transfer to an inter vivos trust in which Grantor is and remains a beneficiary and occupant of the property.

11.    When the context requires, singular nouns and pronouns include the plural.

12.    The term *note* includes all extensions, modifications, and renewals of the note and all amounts secured by this deed of trust.

13.    This deed of trust binds, benefits, and may be enforced by successors in interest of all parties.

14.    If Grantor and Maker are not the same person, the term *Grantor* includes Maker.

15.    Grantor and each surety, endorser, and guarantor of the note waive, to the extent permitted by law, all (a) demand for payment, (b) presentation for payment, (c) notice of intention to accelerate maturity, (d) notice of acceleration of maturity, (e) protest, (f) notice of protest, and (g) rights under sections 51.003 and 51.004 of the Texas Property Code.

16.    Grantor agrees to pay reasonable attorney's fees, trustee's fees, and court and other costs of enforcing Beneficiary's rights under this deed of trust if this deed of trust is placed in the hands of an attorney for enforcement.

17.    If any provision of this deed of trust is determined to be invalid or unenforceable, the validity or enforceability of any other provision will not be affected.

18.    Grantor represents that this deed of trust and the note are given for the following purposes:

This deed of trust is given to comply with the Final Decree of Divorce and obligation imposed therein in Cause No. 13-2647, rendered by the 428th Judicial District Court of Hays County, Texas, styled "In the Matter of the Marriage of K.R.J. and A.J. and in the Interest of R.A.J., C.A.J. and G.G.J., minor children."

_____

Alexander Emerick Jones

STATE OF TEXAS                    )

COUNTY OF                         )

This instrument was acknowledged before me on M$\text{arch}$ 19th 2015 by the Back of the Moon, undersigned Alexander Emerick Jones, Grantor

_____

Notary Public, State of Texas



TIMOTHY JAMES FRUGE
Notary Public, State of Texas
My Commission Expires
April 21, 2018

After Recording, Return To:

James S. Gilbreath
1301 S. Capital of Texas Highway
Suite C-120
Austin, Texas    78746

STATE OF TEXAS
COUNTY OF BLANCO
I hereby certify that this instrument was FILED in File Number Sequence on the date and the time stamped hereon by me and was duly RECORDED in Official Public records of Blanco County, Texas on

MAR 26 2015



_____
COUNTY CLERK
BLANCO COUNTY, TEXAS

VOL 5 0 5 PAGE 0 5 8 4

# Exhibit D:
## Spreadsheet Showing All Pending Lawsuits involving Alexander E. Jones as of January 23, 2020

| Date | Date Closed (if applicable) | Court Case Number | Case Title | Cause of Action | # of Hearings |
|---|---|---|---|---|---|
| 2018, 2020 | 2019, 2611 | 2:16-cv-1830 | Merit Fund V. Infowars | Copyright Infringement | Over 100 |
| 2018, 2021 | 2018, 1925 | 5:18-cv-0213 | Free Speech Systems, L.L.V. Paypal Inc. | Summary, Other Contract | 50-100 |
| 2017, 1904 | 2018, 0206 | 2:13-cv7267 | Geraldine Pence Et Al V. Deladd L. Truman Et Al (including Infowars) | Prisoner Civil Rights | Over 100 |
| 2019, 2502 | N/A | 03-18-00650-CV | Alex E. Jones; Infowars, LLC; Free Speech Systems, LLC, and Owen Shroyer vs Neil Heslin | Interlocutory/ Appeal | Over 100 |
| 2018, 0113 | N/A | R218886953 | Center For Environmental Health VS Free Speech Systems, LLC | Toxic Tort Environmental, General Civil | 50-100 |
| 2018, 3101 | N/A | D-1-GN-18-006423 | LEWIS V JONES ET AL | OTHER CIVIL, Civil | 50-100 |
| 2018, 3103 | N/A | 3:18cv17 | Gilmore V Jones Et Al | Diversity-Libel,Assault,Slander | Over 150 |
| 2018, 3106 | N/A | D-1-GN-18-006435 | HESLIN V JONES | DEFAMATION SLANDER LIBEL Deal | 50-100 |
| 2018, 3802 | N/A | D-1-GN-18-001406 | FONTAINE V JONES | DEFAMATION SLANDER LIBEL Deal | 50-100 |
| 2019, 3808 | N/A | D-1-GN-19-004651 | HESLIN V. JONES | DAMAGES OTHER, Deal | 50-50 |
| 2018, 3816 | N/A | D-1-GN-18-001842 | POZNER V JONES | DEFAMATION SLANDER, Deal | 30-50 |
| 2019, 7913 | N/A | 03-18-00609-CV | Alex E. Jones; Infowars, LLC and Free Speech Systems, LLC vs Leonard Posner and Veronique De La Rosa | Interlocutory Appeal | 30-50 |
| 2019, 0307 | N/A | 1:19cv066 | Gerci Et Al V. Infowars, LLC Et Al | Diversity-Libel,Assault,Slander | 20-Oct |
| 2019, 0521 | N/A | CV-18-6025078-S | LAFFERTY (PICA) Et Al Vs. JONES, ALEX EMRIC Et Al | TORTS – DEFAMATION, Civil | 50-100 |
| 2019, 0713 | 2019, 1105 | 3:18cv1156 | Lafferty (?) Et V. Jones Et Al | Diversity-Libel,Assault,Slander | 50-100 |
| 2018, 1209 | N/A | CV-18-6040438-S | SHERLACH, WILLIAM Et Al Vs. JONES, ALEX EMRIC Et Al | TORTS – DEFAMATION, CIVIL | 50-100 |
| 2019, 9617 | N/A | 03-18-00614-CV | Infowars, LLC; Free Speech Systems, LLC and Kit Daniels vs Marcel Fontaine | Interlocutory Appeal | 20-30 |
| 2018, 0796 | N/A | CV-18-6076475-S | SHERLACH, WILLIAM Vs. JONES, ALEX Et Al | TORTS – DEFAMATION, CIVIL | 50-100 |
| 2019, 0222 | N/A | 03-19-00112-CV | In Re Alex E. Jones; Infowars, LLC and Free Speech Systems, LLC | Mandamus, Appeal | 40-50 |
| 2019, 0624 | N/A | 03-19-00925-CV | Alex E. Jones, Infowars, LLC and Free Speech Systems, LLC vs Scarlett Lewis | Interlocutory, Appeal | 20-30 |
| 2019, 0925 | N/A | 1:18cv641 | Jones V. Wu Et Al | Diversity-Libel,Assault,Slander | 50-100 |
| 2020, 0308 | 2013, 1115 | 3:18cv711 | Free Speech Systems LLC V. Watzel | Declaratory Judgement | 1 |
| 2020, 1294 | 2018, 2013 | 1:17cv02026 | Matrix V. Free Speech Systems, LLC | Declaratory Judgement | 50-100 |
| 2019, 0511 | N/A | 1:18cv611 | Dantzer V. Free Speech Systems, LLC | Copyright Infringement | 22 |
| 2017, 1113 | 2018, 0227 | 4:17cv6554 | Carreison Foods, LLC V. Free Speech Systems, LLc | Copyright Infringement | 0 |
| 2017, 0424 | N/A | CV42-17-1659 | Chobani, LLC vs. Alexander Jones, Infowars, LLC, Free Speech Systems, LLC | Trademark Infringement (Lanham Act) | 10 |
| 2020, 0515 | 2012, 0129 | 1:19cv02983 | Wengd V Stone | Diversity-Libel, Assault, Slander | 25 |

United States Bankruptcy Court
Western District of Texas

## Notice of Involuntary Bankruptcy Case Filing

An involuntary bankruptcy case concerning the debtor(s) listed
below was filed under Chapter 11 of the United States
Bankruptcy Code, entered on 01/24/2020 at 1:45 PM and filed
on 01/24/2020.



**Alexander Emric Jones**
Free Speech Systems, LLC
3019 Alvin DeVane Boulevard #350
Austin, TX 78741
SSN / ITIN: xxx-xx-0000
*aka* **Alexander Emerick Jones**
*aka* **Alex Jones**
*aka* **Alexander E. Jones**

The case was filed by the following petitioning creditor(s):

**Kelly R. Jones**
11601 HWY 290 W
Suite A101-307
Austin, TX 78737
888-995-3559

The case was assigned case number 20-10118.

If you would like to view the bankruptcy petition and other documents filed by the petitioning creditor
(s) and the debtor, they are available at our *Internet* home page http://ecf.txwb.uscourts.gov or at the
Clerk's Office, 903 SAN JACINTO, SUITE 322, AUSTIN, TX 78701-0.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

> **Barry D. Knight**
> **Clerk, U.S. Bankruptcy**
> **Court**

B2500E (Form 2500E) (12/15)

# United States Bankruptcy Court
## _____ District Of _____

In re _Alexander Emric Jones_ ,  )  Case No. _20 – 10118_
Debtor*  )
  )  Chapter _11_
  )

## SUMMONS TO DEBTOR IN INVOLUNTARY CASE

To the above named debtor:

A petition under title 11, United States Code was filed against you in this bankruptcy court on _January 24, 2020_ (date), requesting an order for relief under chapter _11_ of the Bankruptcy Code (title 11 of the United States Code).

YOU ARE SUMMONED and required to file with the clerk of the bankruptcy court a motion or answer to the petition within 21 days after the service of this summons. A copy of the petition is attached.

Address of the clerk:  _903 San Jacinto, Ste 322_
_Austin, TX 78701_

At the same time, you must also serve a copy of your motion or answer on petitioner's attorney.

Name and Address of Petitioner's Attorney:
_Kelly Jones_
_Pro Se_
_11601 Hwy 290 W, Ste A101_
_Austin, TX 78737_

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 1011(c).

If you fail to respond to this summons, the order for relief will be entered.

**BARRY D. KNIGHT**

_____ (Clerk of the Bankruptcy Court)

Date: _12/13/20_  By: _____ (Deputy Clerk)

* Set forth all names, including trade names, used by the debtor within the last 8 years. (Fed. R .Bankr. P. 1005).

## EXHIBIT C

*Affidavit of David Jones*

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Alexander E. Jones, | § | CASE NO. 20-10118-hcm |
| | § | |
| Alleged Debtor. | § | Chapter 11 |
| | § | |

### Affidavit of David Jones in Support of Alleged Debtor's Motion to Dismiss

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF TRAVIS | § |

BEFORE ME, the undersigned authority, on this day personally appeared David Jones, who after being sworn did state upon his oath, as follows:

1.      "My name is David Jones. I am over 18 years of age and otherwise competent and capable of making this Affidavit. I have personal knowledge of the facts set forth herein and they are true and correct.

2.      "I have been involved with Alex Jones' personal and business finances for many years and have personal knowledge of the matters set forth herein, and they are true and correct.

3.      "I have personally reviewed the Real Estate Lien Note from Alexander Jones to Kelly R. Jones dated March 19, 2015 (the "*Note*"), which is attached to the Involuntary Bankruptcy Petition filed in the above referenced case and have reviewed the record of payments made by Alexander Jones to Kelly R. Jones under the Note. I have personally calculated the remaining balance of the Note. The balance of the Note is $596,267.16 as of the date hereof.

"Further Affiant sayeth not."

SIGNED on this 12 day of February, 2020.

_____
David Jones

Sworn to and subscribed before me, the undersigned authority, on this 13th day of February, 2020.

_____
Notary Public for the State of Texas
EXP  09-24-2022

PATRICK RILEY
Notary Public, State of Texas
Comm. Expires 09-24-2022
Notary ID 131734177

4837-5475-576

1