**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **ALEXANDER E. JONES,** | § | **CASE NO. 20-10118-hcm** |
| **Alleged Debtor.** | § | **Chapter 11** |
| | § | |

## ALLEGED DEBTOR'S MOTION FOR SUMMARY JUDGMENT

The alleged debtor, Alex Jones ("*AJ*" or "*Alleged Debtor*"), in the above-captioned involuntary chapter 11 cases hereby submits this motion (the "*Motion*"), pursuant to Rule 56(b) of the Federal Rules of Civil Procedure (the "*Civil Rules*"), made applicable to this matter by Rules 1018 and 7056 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), for judgment, as a matter of law, denying entry of orders for relief with respect to the involuntary chapter 11 petition (the "*Involuntary Petition*") filed by Kelly Jones ("*KJ*").  In support of the Motion, the Alleged Debtor respectfully states as follows:

### SUMMARY

1.     KJ is AJ's former spouse.  As a result of KJ and AJ's divorce, KJ is the holder of a *Real Estate Lien Note.*  The note is secured by two separate pieces of real property.  The value of the properties securing the note significantly exceeds the amount owed under the note. In fact, as evidenced by Ted Lear's appraisal and opinion of value (incorporated herein as detailed below), the value of one of the properties alone is worth more than twice the value of the of KJ's claim.

2.     While AJ contests several of the factual and legal bases upon which the Involuntary Petition is based, because it is clear as provided in this motion, that  KJ is an oversecured creditor, and because oversecured creditors are not proper petitioning creditors

under 11 U.S.C. § 303, this Court should grant summary judgment in favor of AJ and deny entry of the order for relief.

## BACKGROUND FACTS

3.      Pursuant to the Final Decree of Divorce and as part of a property division, AJ executed and delivered to KJ that certain *Real Estate Lien Note* dated March 19, 2015, of $2,727,951 (the "*Note*"). In fact, KJ attached the Note to her Petition filed in this case. The Petition is attached hereto as **Exhibit A** and the Note is attached thereto as **Exhibit A-1**. Pursuant to the Note, AJ is obligated to make monthly payments to KJ in the amount of $43,933.00. The Note is the sole and exclusive basis upon which KJ contends that she is a valid petitioning creditor under 11 U.S.C. § 303.

4.      As admitted in her Petition, the Note is secured by two deeds of trust granting KJ a security interest against the following real property:

a)      15101 Back of Moon St. D., Austin, TX 78734, legally described as Lot 3, Amended Plat of Back of the Moon Subdivision, A Subdivision in Travis County, Texas, According to the Map or Plat thereof recorded in Volume 93, page 282, of the Plat Records of Travis County, Texas (the "***Back of the Moon Property***") attached to the Petition as **Exhibit A-2**; and

b)      Pedernales Hills Ranch, Lot 18, 5.01 acres, legally described as BEING Tract 18, Pedernales Hills Ranches, a subdivision situated in Blanco County, Texas, according to Plat in Volume 1, page 123-126, Plat Records of Blanco County, Texas; together with ingress and egress easement more particularly described in Volume 112, page 782, Deed of Records of Blanco County, Texas (the "***Pedernales Property***") attached to the Petition as **Exhibit A-3**.

5.      In the Petition filed in this case, KJ claims that she is owed $786,861.00 on the Note[1]. **Exhibit A**, ¶ 13. However, even if KJ was correct (she is not), the value of the property

---

[1] AJ disputes this amount and as evidenced by the *Affidavit of David Jones in Support of Alleged Debtor's Motion for Summary Judgment* attached as **Exhibit C** to AJ's Motion to Dismiss, the actual amount owed under the Note is $596,267.16. However, for the purposes of this Motion, it is immaterial whether KJ is owed $786,861.00 or

securing the Note exceeds the amount she claims is owed by a significant margin. Attached to this Motion as **Exhibit B** is the affidavit of Ted Lear, a licensed and qualified Real Estate Appraiser, wherein he testifies that the Back of the Moon Property alone "has a Market Value as of March 31, 2020 of $1,275,000" (the "*Expert Opinion of Value*"). *See* **Exhibit B**, ¶ 5.

6.       On January 24, 2020, despite being current on the receipt of payments due under the Note, and despite being significantly oversecured, KJ filed the Involuntary Petition, commencing this case.

## RELIEF REQUESTED

7.       The Alleged Debtor respectfully requests that the Court enter an order, pursuant to Civil Rule 56(b), made applicable hereto by Bankruptcy Rules 1018 and 7056, denying the order for relief with respect to the Involuntary Petition because the claim on which KJ premised the filing of her Involuntary Petition is significantly oversecured, and therefore she is not owed "at least $16,750 more than the value of any lien on property of the debtor securing such claims" as required under section 303(b) of the Bankruptcy Code. AJ reserves his claim for fees and for sanctions related to the improper filing of the involuntary petition under 11 U.S.C § 303 (i). Accordingly, the basis of KJ's Involuntary Petition is fundamentally flawed and summary judgment should be granted in favor of AJ denying the order for relief with respect to the Involuntary Petition.

## BASIS FOR RELIEF

8.       Bankruptcy Rule 1018 provides, in relevant part, that Bankruptcy Rule 7056 (and, thereby, Civil Rule 56) applies to all proceedings related to a contested involuntary petition. *See* Fed. R. Bankr. P. 1018 and 7056. Civil Rule 56 provides, in turn, that "[a] party against whom

---

$596,267.16 as AJ claims, because under either formulation, she is significantly oversecured and therefore not a proper petitioning creditor

relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim." Fed. R. Civ. P. 56(b).

9.      The Fifth Circuit "has acknowledged that the jurisdictional prerequisites for filing an involuntary bankruptcy proceeding constitute more than mere formalities." *In re Norriss Bros. Lumber Co.*, 133 B.R. 599, 608 (Bankr. N.D. Tex. 1991) (quoting *In re Walden*, 781 F.2d 1121 (5th Cir.1986)). The Fifth Circuit has also admonished that "[a]n allegation of bankruptcy invokes remedies not available to any ordinary debt collection procedures. It should not be invoked unadvisedly and contrary to statutory right." *In re Walden*, 781 F.2d at 1123.

10.      Here, KJ has no right to invoke the involuntary bankruptcy procedures because, to the extent she is a creditor holding a debt that is matured and payable at all,  she is an oversecured creditor.  As a result, the Court should grant this motion and render summary judgment in favor of AJ, denying entry of the order for relief with respect to the Involuntary Petition.

**A.      The Statutory Requirements of Section 303 of the Bankruptcy Code Are Not Satisfied**

11.      Summary judgment should be granted in favor of AJ because KJ, the sole petitioning creditor  is not qualified to bring this petition as an over-secured creditor, and as a consequence relief under 11 U.S.C. § 303 cannot be granted and the  Involuntary Petition fails to satisfy the statutory prerequisites of an involuntary bankruptcy petition prescribed by section 303(b) of the Bankruptcy Code.

12.      Recognizing that involuntary bankruptcy is a particularly severe remedy, Congress limited the circumstances in which creditors may force a debtor to such a proceeding. Pursuant to section 303(b) of the Bankruptcy Code, an involuntary case may only be filed against a person by filing a petition under chapters 7 or 11 with the bankruptcy court:

if there are fewer than 12 such holders [of claims against the debtor], excluding any employee or insider of such person and any transferee of a transfer that is voidable under section 544, 545, 547, 548, 549, or 724(a) of this title, *by one or more of such holders that hold in the aggregate at least $16,750 of such claims . . . .*"

11 U.S.C. § 303(b)(2)[2] (emphasis added).

13.     Here, the Involuntary Petition fails to satisfy the statutory prerequisites because KJ is a fully secured creditor and, therefore, not an eligible petitioning creditor. *See* 11 U.S.C. § 303(b)(1)–(2) (the petitioning creditor(s) must hold "noncontingent, undisputed claims aggregat[ing] at least $16,750 *more than the value of any lien on property of the debtor securing such claims*") (emphasis added).

14.     KJ attached the Note and two deeds of trust to the Involuntary Petition showing that her claim is secured by two different properties. Per the attached exhibits, including the Expert Opinion of Value, and even assuming *arguendo* that KJ is owed the amount she claims under the Note (she is not), the Back of the Moon Property alone has a value that exceeds the debt by at least $488,000. As such, KJ does not qualify as a petitioning creditor. *See* 11 U.S.C. § 303(b)(2).

15.     Because KJ cannot qualify as a petitioning creditor, this Court should grant summary judgment in favor of AJ and summarily deny entry of the order for relief on the Involuntary Petition.  *See Pleas Doyle & Assocs. v. James Plaza Joint Venture (In re James Plaza Joint Venture),* 67 B.R. 445, 447(Bankr. S.D. Tex. 1986) (stating "fully secured creditors cannot commence involuntary insolvency proceedings"); *see also In re Harman*, 243 B.R. 671, 673 (Bankr. N.D. Tex. 1999) ("Fully secured creditors may not file an involuntary petition. 11 U.S.C. § 303(b)").

---

[2] 11 U.S.C. § 303(b)(1) provides an additional avenue for involuntary relief that is not applicable to these facts, and is not asserted by KJ.

**B.**     **Reservation of Claims for Attorneys' Fees, Costs, and Damages**

16.     AJ was forced to incur attorneys' fees and costs due to the bad faith filing of the Petition. Pursuant to section 303(i)(1) of the Bankruptcy Code, a court dismissing an involuntary petition without the consent of all parties may award the alleged debtor reasonable attorneys' fees and costs. 11 U.S.C. § 303(i)(1). An alleged debtor is also entitled to actual or punitive damages where the petitioning creditor filed the petition in bad faith. 11 U.S.C. § 303(i)(2). KJ filed this case in bad faith.

17.     To the extent this Court grants this Motion, AJ requests that this Court reserve jurisdiction to enter an appropriate award of attorneys' fees, costs, damages and punitive damages due to the bad faith actions of KJ in bringing the Involuntary Petition to this Court.

AJ requests that the Court grant summary judgment in his favor for the reasons set forth herein and grant such further relief to which he may be justly entitled.

> Respectfully submitted,
>
> WALLER LANSDEN DORTCH & DAVIS, LLP
>
> By:/s/ Eric J. Taube
> Eric Taube (Bar No. 19679350)
> William R. "Trip" Nix, III (Bar No. 24092902)
> Evan J. Atkinson (Bar No. 24091844)
> 100 Congress Avenue, Suite 1800
> Austin, Texas 78701
> (512) 685-6400
> (512) 685-6417 (FAX)
> Email: Eric.Taube@wallerlaw.com
>          Trip.Nix@wallerlaw.com
>          Evan.Atkinson@wallerlaw.com
>
> *Attorneys for the Alleged Debtor*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served on all persons listed below via the Court's ECF service and by email on April 20, 2020:

Kelly R. Jones
11601 Hwy. 290w
Suite A101-307
Austin, TX 78737

*/s/ Eric Taube*
Eric J. Taube

# EXHIBIT A

DELIVERED
1/27/-2020
By PSC 2228
Austin Process, LLC

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Western District of Texas

Case number (*if known*): _____  Chapter 11

FILED

2020 JAN 24 PM 2: 06

CLERK
U.S. BANKRUPTCY COURT
BY _____
DEPUTY

☐ Check if this is an amended filing

Official Form 105

# Involuntary Petition Against an Individual

12/15

Use this form to begin a bankruptcy case against an individual you allege to be a debtor subject to an involuntary case. If you want to begin a case against a non-individual, use the *Involuntary Petition Against a Non-Individual* (Official Form 205). Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write name and case number (if known).

## Part 1: Identify the Chapter of the Bankruptcy Code Under Which Petition Is Filed

| | |
|---|---|
| 1. Chapter of the Bankruptcy Code | *Check one:*<br>☐ Chapter 7<br>☑ Chapter 11 |

## Part 2: Identify the Debtor

| | |
|---|---|
| 2. Debtor's full name | Alexander<br>First name<br><br>Emric<br>Middle name<br><br>Jones<br>Last name<br><br>_____<br>Suffix (Sr., Jr., II, III) |
| 3. Other names you know the debtor has used in the last 8 years<br><br>Include any assumed, married, maiden, or trade names, or *doing business as* names. | Alexander Emerick Jones  (AKA)<br>Alex Jones  (AKA)<br>Alexander E. Jones  (AKA) |
| 4. Only the last 4 digits of debtor's Social Security Number or federal Individual Taxpayer Identification Number (ITIN) | ☑ Unknown<br><br>xxx – xx – 5 9 8 9        OR        9 xx – xx – ___ ___ ___ ___ |
| 5. Any Employer Identification Numbers (EINs) used in the last 8 years | ☐ Unknown<br><br>EIN __ __ – __ __ __ __ __ __ __<br><br>EIN __ __ – __ __ __ __ __ __ __ |

Debtor  <u>Alexander Emric Jones</u>  Case number *(if known)* _____

| | | |
|---|---|---|
| **6. Debtor's address** | **Principal residence** | **Mailing address, if different from residence** |

<table>
<tr><td></td><td>1400 Barton Creek Boulevard<br><sub>Number     Street</sub></td><td>3019 Alvin DeVane Boulevard, Suite 350<br><sub>Number     Street</sub></td></tr>
<tr><td></td><td>_____</td><td>FREE SPEECH SYSTEMS, LLC</td></tr>
<tr><td></td><td>Austin     TX   78735<br><sub>City       State   ZIP Code</sub></td><td>Austin     TX   78741<br><sub>City       State   ZIP Code</sub></td></tr>
<tr><td></td><td>Travis County<br><sub>County</sub></td><td></td></tr>
</table>

**Principal place of business**

3019 Alvin DeVane Boulevard, #350
<sub>Number     Street</sub>

FREE SPEECH SYSTEMS, LLC

Austin     TX   78741
<sub>City       State   ZIP Code</sub>

78741
<sub>County</sub>

---

**7. Type of business**

☐ Debtor does not operate a business

*Check one if the debtor operates a business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☑ None of the above

---

**8. Type of debt**

**Each petitioner believes:**

☐ **Debts are primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☑ **Debts are primarily business debts.** *Business debts* are debts that were incurred to obtain money for a business or investment or through the operation of the business or investment.

---

**9. Do you know of any bankruptcy cases pending by or against any partner, spouse, or affiliate of this debtor?**

☑ No
☐ Yes. Debtor _____ Relationship _____

District _____ Date filed _____ Case number, if known_____
<sub>MM / DD / YYYY</sub>

Debtor _____ Relationship _____

District _____ Date filed _____ Case number, if known_____
<sub>MM / DD / YYYY</sub>

---

Official Form 105          Involuntary Petition Against an Individual          page **2**

Debtor     Alexander Emric Jones _____          Case number (if known) _____

| **Part 3:** | **Report About the Case** |
|---|---|

**10. Venue**

Reason for filing in this court.

*Check one:*

☑ Over the last 180 days before the filing of this bankruptcy, the debtor has resided, had the principal place of business, or had principal assets in this district longer than in any other district.

☐ A bankruptcy case concerning debtor's affiliates, general partner, or partnership is pending in this district.

☐ Other reason. Explain. (See 28 U.S.C. § 1408.) _____

**11. Allegations**

Each petitioner is eligible to file this petition under 11 U.S.C. § 303(b).

The debtor may be the subject of an involuntary case under 11 U.S.C. § 303(a).

*At least one box must be checked:*

☑ The debtor is generally not paying such debtor's debts as they become due, unless they are the subject of a bona fide dispute as to liability or amount.

☐ Within 120 days before the filing of this petition, a custodian, other than a trustee, receiver, or agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession.

**12. Has there been a transfer of any claim against the debtor by or to any petitioner?**

☑ No

☐ Yes. Attach all documents that evidence the transfer and any statements required under Bankruptcy Rule 1003(a).

**13. Each petitioner's claim**

| Name of petitioner | Nature of petitioner's claim | Amount of the claim above the value of any lien |
|---|---|---|
| Kelly R. Jones | Default on Promissory Note | $  786,861.00 |
| | | $ |
| | | $ |
| | Total | $  786,861.00 |

If more than 3 petitioners, attach additional sheets with the statement under penalty of perjury, each petitioner's (or representative's) signature under the statement, along with the signature of the petitioner's attorney, and the information on the petitioning creditor, the petitioner's claim, the petitioner's representative, and the attorney following the format on this form.

Debtor  <u>Alexander Emric Jones</u>                    Case number *(if known)*_____

## Part 4:  Request for Relief

Petitioners request that an order for relief be entered against the debtor under the chapter specified in Part 1 of this petition. If a petitioning creditor is a corporation, attach the corporate ownership statement required by Bankruptcy Rule 1010(b). If any petitioner is a foreign representative appointed in a foreign proceeding, a certified copy of the order of the court granting recognition is attached.

Petitioners declare under penalty of perjury that the information provided in this petition is true and correct.  Petitioners understand that if they make a false statement, they could be fined up to $250,000 or imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152 and 3571. If relief is not ordered, the court may award attorneys' fees, costs, damages, and punitive damages. 11 U.S.C. § 303(i).

| Petitioners or Petitioners' Representative | Attorneys |
|---|---|
| ✗ _Kelly R. Jones_ (signature) | ✗ _____ |
| Signature of petitioner or representative, including representative's title | Signature of attorney |
| **Kelly R. Jones** | _____ |
| Printed name of petitioner | Printed name |
| Date signed  01/23/2020 | _____ |
| MM / DD / YYYY | Firm name, if any |
| | _____ |
| **Mailing address of petitioner** | Number    Street |
| **11601 Hwy 290 W., Suite A101-307** | _____ |
| Number    Street | City          State       ZIP Code |
| Austin              TX        78737 | Date signed  _____ |
| City          State           ZIP Code | MM / DD / YYYY |
| | Contact phone _____ Email _____ |

**If petitioner is an individual and is not represented by an attorney:**

Contact phone   888-995-3559

Email   service@violetkelly.com

**Name and mailing address of petitioner's representative, if any**

_____
Name

_____
Number    Street

_____
City          State       ZIP Code

# Exhibit A:

## Alexander Emerick Jones'
## ("Maker's)
## 72 Month Promissory Note
## March 19, 2015

If Maker defaults in the payment of this note or in the performance of any obligation in any instrument securing or collateral to this note, Payee may declare the unpaid principal balance, earned interest, and any other accounts owed on the note immediately due. Maker and each surety, endorser, and guarantor waive, to the extent permitted by law, all (a) demand for payment, (b) presentation of payment, (c) notice of intention to accelerate maturity, (d) notice of acceleration of maturity, (e) protest, (f) notice of protest, and (g) rights under sections 51.003 and 51.004 of the Texas Property Code.

### Real Estate Lien Note

Date: 3-19-15  2:15 CDT

Maker: Alexander Emerick Jones

Maker's Mailing Address: 101 Colorado Street, #3605, Austin, Travis County, Texas 78703

Payee: Kelly R. Jones, as her sole and separate property and estate

Place for Payment: 12250 Trautwein Road, Austin, Hays County, Texas

Principal Amount: Two Million Seven Hundred and Twenty-Seven Thousand nine hundred and Fifty-One and No/100 Dollars ($2,727,951)

Annual Interest Rate: Five percent (5%)

Annual Interest Rate on Matured, Unpaid Amounts: Five percent (5%).

Terms of Payment (principal and interest):

Principal and interest on this Real Estate Lien Note ("Note") are due and payable in monthly installments of Forty-Three Thousand Nine Hundred Thirty-Three and No/100 Dollars ($43,933.00) each, beginning forty-five days after the signing of the Final Decree of Divorce between Payee and Maker in Cause No 13-2647, In the Matter of the Marriage of K.R.J. and A.J., by the Presiding Judge of the 428th Judicial District Court of Hays County, Texas, and continuing on the same day of each following calendar month until all payments of principal and interest called for herein have been paid in full. Payments shall be sent to 12250 Trautwein Road, Austin, Texas 78737.

Security for Payment:

This Note is secured by two deeds of Trust dated of even date herewith by Maker for the benefit of Payee. The Deeds of Trust grant Payee a lien on the following real property:

15101 Back of the Moon St. D., Austin, TX 78734, legally described as Lot 3, Amended Plat Of Back Of The Moon Subdivision, A Subdivision in Travis County, Texas, According to the Map Or Plat Thereof Recorded In Volume 93, Page 282, Of The Plat Records Of Travis County, Texas, and

Pedernales Hills Ranch, Lot 18, 5.01 Acres, legally described as BEING Tract 18, Pedernales Hills Ranches, a subdivision situated in Blanco County, Texas, according to Plat in Volume 1, Page 123-126, Plat Records of Blanco County, Texas; together with ingress and egress easement more particularly described in Volume 112, Page 782, Deed Records of Blanco County, Texas.

Maker promises to pay to the order of Payee the principal amount plus interest at the

2256RealEstateLienNote                    1

annual interest rate. This note is payable at the place for payment and according to the terms of payment. All unpaid amounts are due by the maturity date. If any amount is not paid either when due under the terms of payment or on acceleration of maturity, Maker promises to pay any unpaid amount plus interest from the date the payment was due to the date of payment at the annual interest rate on matured, unpaid amounts.

Maker may prepay this note in any amount at any time before the maturity date without penalty or premium. Prepayments will be applied to installments on the last maturing principal, and interest on that prepaid principal will immediately cease to accrue.

If Maker defaults in the payment of this note or in the performance of any obligation in any instrument securing or collateral to this note, Payee may declare the unpaid principal balance, earned interest, and any other amounts owed on the note immediately due. Maker and each surety, endorser, and guarantor waive, to the extent permitted by law, all (a) demand for payment, (b) presentation for payment, (c) notice of intention to accelerate maturity, (d) notice of acceleration of maturity, (e) protest, (f) notice of protest, and (g) rights under sections 51.003 and 51.004 of the Texas Property Code.

Maker also promises to pay reasonable attorney's fees and court and other costs if this note is placed in the hands of an attorney to collect or enforce the note. These expenses will bear interest from the date of advance at the annual interest rate on matured, unpaid amounts. Maker will pay Payee these expenses and interest on demand at the place for payment. These expenses and interest will become part of the debt evidenced by the note and will be secured by any security for payment.

Interest on the debt evidenced by this note will not exceed the maximum rate or amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the principal amount or, if the principal amount has been paid, refunded. On any acceleration or required or permitted prepayment, any excess interest will be canceled automatically as of the acceleration or prepayment or, if the excess interest has already been paid, credited on the principal amount or, if the principal amount has been paid, refunded. This provision overrides any conflicting provisions in this note and all other instruments concerning the debt.

Each Maker is responsible for all obligations represented by this note.

When the context requires, singular nouns and pronouns include the plural.

This note is given to evidence the indebtedness imposed on Maker by the Final Decree of Divorce entered in Cause No. 13-2647 by the District Court of Hays County, Texas, styled "In the Matter of the Marriage of K.R.J. and A.J. and in the Interest of K.A.J., C.A.J. and G.G.J., minor children."

Alexander Emerick Jones, Maker
101 Colorado St., #3605
Austin, Texas 78703

3-19-15  2:00 SDT

2256RealEstateLienNote

2



TRV   2015043396
6 PGS

## Deed of Trust

Date: 3-19-15  2:20 CDT

Grantor: Alexander Emerick Jones

Grantor's Mailing Address: 101 Colorado Street, #3605, Austin, Travis County, Texas 78703

Trustee: James S. Gilbreath

Trustee's Mailing Address: 1301 S. Capital of Texas Highway, Suite C-120, Austin, Travis County, Texas 78746

Beneficiary: Kelly R. Jones

Beneficiary's Mailing Address: 12250 Trautwein Road, Austin, Hays County, Texas 78737

Note

    Date:

    Original Principal Amount: $2,727,951.00

    Maker: Alexander Emerick Jones

    Payee: Kelly R. Jones

    Maturity Date: Payable in 72 equal monthly installments of $43,933.00 each beginning 45 days after the signing of the Final Decree of Divorce in Cause No. 13-2647 by the Presiding Judge of the 428th Judicial District Court of Hays County, Texas.

Property (including any improvements):

    15101 Back of the Moon St. D., Austin, TX 78734, legally described as Lot 3, Amended Plat Of Back Of The Moon Subdivision, A Subdivision in Travis County, Texas, According to the Map Or Plat Thereof Recorded In Volume 93, Page 282, Of The Plat Records Of Travis County, Texas

Prior Lien(s): None.

Other Exceptions to Conveyance and Warranty: None.

    For value received and to secure payment of the note, Grantor conveys the property to Trustee in trust. Grantor warrants and agrees to defend the title to the property, subject to the other exceptions to conveyance and warranty. On payment of the note and all other amounts secured by this deed of trust, this deed of trust will have no further effect, and Beneficiary will release it at Grantor's expense.

# Exhibit B:

## Alexander Emerick Jones'
## Grant of Deed of Trust
## In 15101 Back of the Moon St. D.
## Austin, Tx 78734 (Travis County)
## March 19, 2015

¶15.  Grantor and each surety, endorser, and guarantor of the note waive, to the extent permitted by law, all (a) demand for payment, (b) presentation for payment, (c) notice of intention to accelerate maturity, (d) notice of acceleration of maturity, (e) protest, (f) notice of protest, and (g) rights under sections 51.003 and 51.004 of the Texas Property Code.

## Clauses and Covenants

A.    **Grantor's Obligations**

Grantor agrees to—

1.    keep the property in good repair and condition;

2.    pay all taxes and assessments on the property before delinquency, not authorize a taxing entity to transfer its tax lien on the property to anyone other than Beneficiary, and not request a deferral of the collection of taxes pursuant to section 33.06 of the Texas Tax Code;

3.    defend title to the property subject to the other exceptions to conveyance and warranty and preserve the lien's priority as it is established in this deed of trust;

4.    maintain all insurance coverages with respect to the property, revenues generated by the property, and operations on the property that Beneficiary reasonably requires ("Required Insurance Coverages"), issued by insurers and written on policy forms acceptable to Beneficiary, and deliver evidence of the Required Insurance Coverages in a form acceptable to Beneficiary at least ten days before the expiration of the Required Insurance Coverages;

5.    obey all laws, ordinances, and restrictive covenants applicable to the property;

6.    keep any buildings occupied as required by the Required Insurance Coverages;

7.    if the lien of this deed of trust is not a first lien, pay or cause to be paid all prior lien notes and abide by or cause to be abided by all prior lien instruments; and

8.    notify Beneficiary of any change of address.

B.    **Beneficiary's Rights**

1.    Beneficiary may appoint in writing a substitute trustee, succeeding to all rights and responsibilities of Trustee.

2.    If the proceeds of the note are used to pay any debt secured by prior liens, Beneficiary is subrogated to all the rights and liens of the holders of any debt so paid.

3.    Beneficiary may apply any proceeds received under the property insurance policies covering the property either to reduce the note or to repair or replace damaged or destroyed improvements covered by the policy. If the property is Grantor's primary residence and Beneficiary reasonably determines that repairs to the improvements are economically feasible, Beneficiary will make the insurance proceeds available to Grantor for repairs.

4.    Notwithstanding the terms of the note to the contrary, and unless applicable law prohibits, all payments received by Beneficiary from Grantor with respect to the note or this deed of trust may, at Beneficiary's discretion, be applied first to amounts payable under this deed of trust and then to amounts due and payable to Beneficiary with respect to the note, to be applied to late charges, principal, or interest in the order Beneficiary in its discretion determines.

2256DeedofTrustBackOfTheMoon/Back of the Moon                    2

5.      If Grantor fails to perform any of Grantor's obligations, Beneficiary may perform those obligations and be reimbursed by Grantor on demand for any amounts so paid, including attorney's fees, plus interest on those amounts from the dates of payment at the rate stated in the note for matured, unpaid amounts. The amount to be reimbursed will be secured by this deed of trust.

6.      If a default exists in payment of the note or performance of Grantor's obligations and the default continues after any required notice of the default and the time allowed to cure, Beneficiary may—

    a.      declare the unpaid principal balance and earned interest on the note immediately due;

    b.      exercise Beneficiary's rights with respect to rent under the Texas Property Code, as then in effect;

    c.      direct Trustee to foreclose this lien, in which case Beneficiary or Beneficiary's agent will cause notice of the foreclosure sale to be given as provided by the Texas Property Code as then in effect; and

    d.      purchase the property at any foreclosure sale by offering the highest bid and then have the bid credited on the note.

7.      Beneficiary may remedy any default without waiving it and may waive any default without waiving any prior or subsequent default.

C.      **Trustee's Rights and Duties**

If directed by Beneficiary to foreclose this lien, Trustee will—

1.      either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then in effect;

2.      sell and convey all or part of the property "AS IS" to the highest bidder for cash with a general warranty binding Grantor, subject to prior liens and to the other exceptions to conveyance and warranty and without representation or warranty, express or implied, by Trustee;

3.      from the proceeds of the sale, pay, in this order—

    a.      expenses of foreclosure, including a reasonable commission to Trustee;

    b.      to Beneficiary, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;

    c.      any amounts required by law to be paid before payment to Grantor; and

    d.      to Grantor, any balance; and

4.      be indemnified, held harmless, and defended by Beneficiary against all costs, expenses, and liabilities incurred by Trustee for acting in the execution or enforcement of the trust

created by this deed of trust, which includes all court and other costs, including attorney's fees, incurred by Trustee in defense of any action or proceeding taken against Trustee in that capacity.

D.  General Provisions

1.  If any of the property is sold under this deed of trust, Grantor must immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor will become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

2.  Recitals in any trustee's deed conveying the property will be presumed to be true.

3.  Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

4.  This lien will remain superior to liens later created even if the time of payment of all or part of the note is extended or part of the property is released.

5.  If any portion of the note cannot be lawfully secured by this deed of trust, payments will be applied first to discharge that portion.

6.  Grantor assigns to Beneficiary all amounts payable to or received by Grantor from condemnation of all or part of the property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the property. After deducting any expenses incurred, including attorney's fees and court and other costs, Beneficiary will either release any remaining amounts to Grantor or apply such amounts to reduce the note. Beneficiary will not be liable for failure to collect or to exercise diligence in collecting any such amounts. Grantor will immediately give Beneficiary notice of any actual or threatened proceedings for condemnation of all or part of the property.

7.  Grantor collaterally assigns to Beneficiary all present and future rent from the property and its proceeds. Grantor warrants the validity and enforceability of the assignment. Grantor will apply all rent to payment of the note and performance of this deed of trust, but if the rent exceeds the amount due with respect to the note and the deed of trust, Grantor may retain the excess. If a default exists in payment of the note or performance of this deed of trust, Beneficiary may exercise Beneficiary's rights with respect to rent under the Texas Property Code, as then in effect. Beneficiary neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the property. Beneficiary may exercise Beneficiary's rights and remedies under this paragraph without taking possession of the property. Beneficiary will apply all rent collected under this paragraph as required by the Texas Property Code, as then in effect. Beneficiary is not required to act under this paragraph, and acting under this paragraph does not waive any of Beneficiary's other rights or remedies.

8.  Interest on the debt secured by this deed of trust will not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess will be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded.

This provision overrides any conflicting provisions in this and all other instruments concerning the debt.

9.     In no event may this deed of trust secure payment of any debt that may not lawfully be secured by a lien on real estate or create a lien otherwise prohibited by law.

10.    If Grantor transfers any part of the property without Beneficiary's prior written consent, Beneficiary may declare the note immediately payable and invoke any remedies provided in this deed of trust for default. If the property is residential real property containing fewer than five dwelling units or a residential manufactured home, this provision does not apply to (a) a subordinate lien or encumbrance that does not transfer rights of occupancy of the property; (b) creation of a purchase-money security interest for household appliances; (c) grant of a leasehold interest of three years or less without an option to purchase; (d) transfer to a spouse or children of Grantor; (e) transfer to a relative of Grantor on Grantor's death; (f) a transfer resulting from a decree of a dissolution of marriage, a legal separation agreement, or an incidental property settlement agreement by which the spouse of Grantor becomes an owner of the property; or (g) transfer to an inter vivos trust in which Grantor is and remains a beneficiary and occupant of the property.

11.    When the context requires, singular nouns and pronouns include the plural.

12.    The term *note* includes all extensions, modifications, and renewals of the note and all amounts secured by this deed of trust.

13.    This deed of trust binds, benefits, and may be enforced by successors in interest of all parties.

14.    If Grantor and Maker are not the same person, the term *Grantor* includes Maker.

15.    Grantor and each surety, endorser, and guarantor of the note waive, to the extent permitted by law, all (a) demand for payment, (b) presentation for payment, (c) notice of intention to accelerate maturity, (d) notice of acceleration of maturity, (e) protest, (f) notice of protest, and (g) rights under sections 51.003 and 51.004 of the Texas Property Code.

16.    Grantor agrees to pay reasonable attorney's fees, trustee's fees, and court and other costs of enforcing Beneficiary's rights under this deed of trust if this deed of trust is placed in the hands of an attorney for enforcement.

17.    If any provision of this deed of trust is determined to be invalid or unenforceable, the validity or enforceability of any other provision will not be affected.

18.    Grantor represents that this deed of trust and the note are given for the following purposes:

This deed of trust is given to comply with the Final Decree of Divorce and obligation imposed therein in Cause No. 13-2647, rendered by the 428th Judicial District Court of Hays County, Texas, styled "In the Matter of the Marriage of K.R.J. and A.J. and in the Interest of R.A.J., C.A.J. and G.G.J., minor children."



_____
Alexander Emerick Jones

STATE OF TEXAS                    )

COUNTY OF                          )

    This instrument was acknowledged before me on March 19th 2015 by the Back of the Moon, undersigned Alexander Emerick Jones, Grantor

_____
Notary Public, State of Texas

TIMOTHY JAMES FRUGE
Notary Public, State of Texas
My Commission Expires
April 21, 2018

AFTER RECORDING, RETURN TO:

James S. Gilbreath
1301 S. Capital of Texas Highway
Suite C-120
Austin, Texas   78746

**FILED AND RECORDED**
OFFICIAL PUBLIC RECORDS

_Dana DeBeauvoir_

Mar 24, 2015  04:03 PM     2015043396
PEREZTA: $46.00
Dana DeBeauvoir, County Clerk
Travis County  TEXAS

# Exhibit C:

## Alexander Emerick Jones' Grant of Deed of Trust in Pedernales Hills Ranch Blanco County March 19, 2015

¶15.  Grantor and each surety, endorser, and guarantor of the note waive, to the extent permitted by law, all (a) demand for payment, (b) presentation for payment, (c) notice of intention to accelerate maturity, (d) notice of acceleration of maturity, (e) protest, (f) notice of protest, and (g) rights under sections 51.003 and 51.004 of the Texas Property Code.

150815

Deed of Trust  COT

3-19-15  2:25

Date:

Grantor: Alexander Emerick Jones

Grantor's Mailing Address: 101 Colorado Street, #3605, Austin, Travis County, Texas 78703

Trustee: James S. Gilbreath

Trustee's Mailing Address: 1301 S. Capital of Texas Highway, Suite C-120, Austin, Travis County, Texas 78746

Beneficiary: Kelly R. Jones

Beneficiary's Mailing Address: 12250 Trautwein Road, Austin, Hays County, Texas 78737

Note

Date:

Original Principal Amount: $2,727,951.00

Maker: Alexander Emerick Jones

Payee: Kelly R. Jones

Filed this 26 day of Mar 20 15
11:34 AM

Laura Walla
County Clerk, Blanco County, Texas
By Phillis K Maly Deputy

Maturity Date: Payable in 72 equal monthly installments of $43,933.00 each beginning 45 days after the signing of the Final Decree of Divorce in Cause No. 13-2647 by the Presiding Judge of the 428th Judicial District Court of Hays County, Texas.

Property (including any improvements):

Pedernales Hills Ranch, Lot 18, 5.01 Acres, legally described as BEING Tract 18, PEDERNALES HILLS RANCHES, a subdivision situated in Blanco County, Texas, according to Plat in Volume 1, Page 123-126, Plat Records of Blanco County, Texas; TOGETHER WITH ingress and egress easement more particularly described in Volume 112, Page 782, Deed Records of Blanco County, Texas.

Prior Lien(s): None.

Other Exceptions to Conveyance and Warranty: None.

For value received and to secure payment of the note, Grantor conveys the property to Trustee in trust. Grantor warrants and agrees to defend the title to the property, subject to the other exceptions to conveyance and warranty. On payment of the note and all other amounts secured by this deed of trust, this deed of trust will have no further effect, and Beneficiary will release it at Grantor's expense.

2256DeedofTrustPedernalesHillsRanch                    1

VOL 505 PAGE 0579

<div align="center">

**Clauses and Covenants**

</div>

A.    **Grantor's Obligations**

Grantor agrees to—

1.    keep the property in good repair and condition;

2.    pay all taxes and assessments on the property before delinquency, not authorize a taxing entity to transfer its tax lien on the property to anyone other than Beneficiary, and not request a deferral of the collection of taxes pursuant to section 33.06 of the Texas Tax Code;

3.    defend title to the property subject to the other exceptions to conveyance and warranty and preserve the lien's priority as it is established in this deed of trust;

4.    maintain all insurance coverages with respect to the property, revenues generated by the property, and operations on the property that Beneficiary reasonably requires ("Required Insurance Coverages"), issued by insurers and written on policy forms acceptable to Beneficiary, and deliver evidence of the Required Insurance Coverages in a form acceptable to Beneficiary at least ten days before the expiration of the Required Insurance Coverages;

5.    obey all laws, ordinances, and restrictive covenants applicable to the property;

6.    keep any buildings occupied as required by the Required Insurance Coverages;

7.    if the lien of this deed of trust is not a first lien, pay or cause to be paid all prior lien notes and abide by or cause to be abided by all prior lien instruments; and

8.    notify Beneficiary of any change of address.

B.    **Beneficiary's Rights**

1.    Beneficiary may appoint in writing a substitute trustee, succeeding to all rights and responsibilities of Trustee.

2.    If the proceeds of the note are used to pay any debt secured by prior liens, Beneficiary is subrogated to all the rights and liens of the holders of any debt so paid.

3.    Beneficiary may apply any proceeds received under the property insurance policies covering the property either to reduce the note or to repair or replace damaged or destroyed improvements covered by the policy. If the property is Grantor's primary residence and Beneficiary reasonably determines that repairs to the improvements are economically feasible, Beneficiary will make the insurance proceeds available to Grantor for repairs.

4.    Notwithstanding the terms of the note to the contrary, and unless applicable law prohibits, all payments received by Beneficiary from Grantor with respect to the note or this deed of trust may, at Beneficiary's discretion, be applied first to amounts payable under this deed of trust and then to amounts due and payable to Beneficiary with respect to the note, to be applied to late charges, principal, or interest in the order Beneficiary in its discretion determines.

2256DeedofTrustPedernalesHillsRanch

<div align="center">2</div>

5.     If Grantor fails to perform any of Grantor's obligations, Beneficiary may perform those obligations and be reimbursed by Grantor on demand for any amounts so paid, including attorney's fees, plus interest on those amounts from the dates of payment at the rate stated in the note for matured, unpaid amounts. The amount to be reimbursed will be secured by this deed of trust.

6.     If a default exists in payment of the note or performance of Grantor's obligations and the default continues after any required notice of the default and the time allowed to cure, Beneficiary may—

a.     declare the unpaid principal balance and earned interest on the note immediately due;

b.     exercise Beneficiary's rights with respect to rent under the Texas Property Code, as then in effect;

c.     direct Trustee to foreclose this lien, in which case Beneficiary or Beneficiary's agent will cause notice of the foreclosure sale to be given as provided by the Texas Property Code as then in effect; and

d.     purchase the property at any foreclosure sale by offering the highest bid and then have the bid credited on the note.

7.     Beneficiary may remedy any default without waiving it and may waive any default without waiving any prior or subsequent default.

C.     Trustee's Rights and Duties

If directed by Beneficiary to foreclose this lien, Trustee will—

1.     either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then in effect;

2.     sell and convey all or part of the property "AS IS" to the highest bidder for cash with a general warranty binding Grantor, subject to prior liens and to the other exceptions to conveyance and warranty and without representation or warranty, express or implied, by Trustee;

3.     from the proceeds of the sale, pay, in this order—

a.     expenses of foreclosure, including a reasonable commission to Trustee;

b.     to Beneficiary, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;

c.     any amounts required by law to be paid before payment to Grantor; and

d.     to Grantor, any balance; and

4.     be indemnified, held harmless, and defended by Beneficiary against all costs, expenses, and liabilities incurred by Trustee for acting in the execution or enforcement of the trust

VOL 5 0 5 PAGE 0 5 8 1

created by this deed of trust, which includes all court and other costs, including attorney's fees, incurred by Trustee in defense of any action or proceeding taken against Trustee in that capacity.

**D.  General Provisions**

1.  If any of the property is sold under this deed of trust, Grantor must immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor will become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

2.  Recitals in any trustee's deed conveying the property will be presumed to be true.

3.  Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

4.  This lien will remain superior to liens later created even if the time of payment of all or part of the note is extended or part of the property is released.

5.  If any portion of the note cannot be lawfully secured by this deed of trust, payments will be applied first to discharge that portion.

6.  Grantor assigns to Beneficiary all amounts payable to or received by Grantor from condemnation of all or part of the property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the property. After deducting any expenses incurred, including attorney's fees and court and other costs, Beneficiary will either release any remaining amounts to Grantor or apply such amounts to reduce the note. Beneficiary will not be liable for failure to collect or to exercise diligence in collecting any such amounts. Grantor will immediately give Beneficiary notice of any actual or threatened proceedings for condemnation of all or part of the property.

7.  Grantor collaterally assigns to Beneficiary all present and future rent from the property and its proceeds. Grantor warrants the validity and enforceability of the assignment. Grantor will apply all rent to payment of the note and performance of this deed of trust, but if the rent exceeds the amount due with respect to the note and the deed of trust, Grantor may retain the excess. If a default exists in payment of the note or performance of this deed of trust, Beneficiary may exercise Beneficiary's rights with respect to rent under the Texas Property Code, as then in effect. Beneficiary neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the property. Beneficiary may exercise Beneficiary's rights and remedies under this paragraph without taking possession of the property. Beneficiary will apply all rent collected under this paragraph as required by the Texas Property Code, as then in effect. Beneficiary is not required to act under this paragraph, and acting under this paragraph does not waive any of Beneficiary's other rights or remedies.

8.  Interest on the debt secured by this deed of trust will not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess will be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded.

This provision overrides any conflicting provisions in this and all other instruments concerning the debt.

9.    In no event may this deed of trust secure payment of any debt that may not lawfully be secured by a lien on real estate or create a lien otherwise prohibited by law.

10.    If Grantor transfers any part of the property without Beneficiary's prior written consent, Beneficiary may declare the note immediately payable and invoke any remedies provided in this deed of trust for default. If the property is residential real property containing fewer than five dwelling units or a residential manufactured home, this provision does not apply to (a) a subordinate lien or encumbrance that does not transfer rights of occupancy of the property; (b) creation of a purchase-money security interest for household appliances; (c) grant of a leasehold interest of three years or less without an option to purchase; (d) transfer to a spouse or children of Grantor; (e) transfer to a relative of Grantor on Grantor's death; (f) a transfer resulting from a decree of a dissolution of marriage, a legal separation agreement, or an incidental property settlement agreement by which the spouse of Grantor becomes an owner of the property; or (g) transfer to an inter vivos trust in which Grantor is and remains a beneficiary and occupant of the property.

11.    When the context requires, singular nouns and pronouns include the plural.

12.    The term *note* includes all extensions, modifications, and renewals of the note and all amounts secured by this deed of trust.

13.    This deed of trust binds, benefits, and may be enforced by successors in interest of all parties.

14.    If Grantor and Maker are not the same person, the term *Grantor* includes Maker.

15.    Grantor and each surety, endorser, and guarantor of the note waive, to the extent permitted by law, all (a) demand for payment, (b) presentation for payment, (c) notice of intention to accelerate maturity, (d) notice of acceleration of maturity, (e) protest, (f) notice of protest, and (g) rights under sections 51.003 and 51.004 of the Texas Property Code.

16.    Grantor agrees to pay reasonable attorney's fees, trustee's fees, and court and other costs of enforcing Beneficiary's rights under this deed of trust if this deed of trust is placed in the hands of an attorney for enforcement.

17.    If any provision of this deed of trust is determined to be invalid or unenforceable, the validity or enforceability of any other provision will not be affected.

18.    Grantor represents that this deed of trust and the note are given for the following purposes:

This deed of trust is given to comply with the Final Decree of Divorce and obligation imposed therein in Cause No. 13-2647, rendered by the 428th Judicial District Court of Hays County, Texas, styled "In the Matter of the Marriage of K.R.J. and A.J. and in the Interest of R.A.J., C.A.J. and G.G.J., minor children."

_____

Alexander Emerick Jones

STATE OF TEXAS                    )

COUNTY OF _____            )

This instrument was acknowledged before me on March 19th 2015 by the Back of the Moon, undersigned Alexander Emerick Jones, Grantor

_____
Notary Public, State of Texas



TIMOTHY JAMES FRUGE
Notary Public, State of Texas
My Commission Expires
April 21, 2018

After Recording, Return To:

James S. Gilbreath
1301 S. Capital of Texas Highway
Suite C-120
Austin, Texas    78746

STATE OF TEXAS
COUNTY OF BLANCO
I hereby certify that this instrument was FILED in File Number Sequence on the
date and the time stamped hereon by me and was duly RECORDED in Official
Public records of Blanco County, Texas on

MAR 26 2015



_____
COUNTY CLERK
BLANCO COUNTY, TEXAS

VOL 5 0 5 PAGE 0 5 8 4

# Exhibit D:
## Spreadsheet Showing
## All Pending Lawsuits involving
## Alexander E. Jones as of
## January 23, 2020

| Date | Date Closed (if applicable) | Court Case Number | Case Title | Cause of Action | # of Hearings |
|---|---|---|---|---|---|
| 2015_2005 | 2019_2011 | 218cc0850 | Matt Fultz V. Infowars | Copyright Infringement | Over 125 |
| 2015_2001 | 2016_2100 | 018cc0013 | Free Speech Systems, LLC V. Fayazi, Inc. | Diversity- Other Contract | 50-100 |
| 2017_2004 | 2015_2006 | 227cc7267 | Geraldine Pierre Et Al V. Daniela J. Trump Et Al (Including Infowars) | Personal Civil Rights | Over 100 |
| 2017_2002 | N/A | 03-18-00650-CV | Alex E. Jones, Infowars, LLC, Free Speech Systems, LLC vs Neil Heslin | INTERROGATORY; Appeal - General Civil | 50-100 |
| N/A | N/A | #03889050 | Center For Environmental Health VS Free Speech Systems, LLC | Toxic Tort (Environmental) | 50-100 |
| N/A | N/A | D-1-GN-18-004623 | LEWIS V JONES ET AL | Diversity-Libel/Assault/Slander | Over 125 |
| 2016_2019 | N/A | #03889057 | Gilmore V. Jones Et Al | OTHER CIVIL Civil | 50-100 |
| 2016_2021 | N/A | D-4-GN-18-00171 | HESLIN V JONES | Diversity-Libel/Assault/Slander | 50-100 |
| N/A | N/A | D-4-GN-18-00185 | FONTAINE V JONES | DEFAMATION SLANDER LIBEL; Civil | 50-100 |
| 2016_2013 | N/A | D-1-GN-18-00495 | HESLIN V JONES | DEFAMATION SLANDER LIBEL; Civil | 50-100 |
| 2016_2016 | N/A | D-1-GN-19-004541 | POZNER V JONES | DAMAGES OTHER; Civil | 50-100 |
| N/A | N/A | 03-18-00813342 | Alex E. Jones, Infowars, LLC and Free Speech Systems, LLC vs Leonard Pozner and Veronique De La Rosa | DEFAMATION SLANDER LIBEL; Civil | 50-100 |
| 2016_2002 | N/A | 03-18-00650-CV | Scott Et Al V. Infowars, LLC Et Al | Diversity-Libel/Assault/Slander | 25-50 |
| 2016_2008 | N/A | 118cc456 | LAFFERTY Et Al Vs. JONES, ALEX E Et Al | Interrogatory; Appeal | 25-Oct |
| 2016_2416 | N/A | CV-18-207929-5 | SHERLACH, WILLIAM Et Al Vs. JONES, ALEX E Et Al | TORTS - DEFAMATION; Civil | 50-100 |
| N/A | 2018_2156 | 128cc1156 | Infowars, LLC Free Speech Systems, LLC and EX Daniels vs Marcel Fontaine | Diversity-Libel/Assault/Slander | 50-100 |
| 2016_2013 | N/A | 06-18-00838-5 | SHERLACH, WILLIAM Vs. JONES, ALEX E Et Al | TORTS - DEFAMATION; CIVIL | 50-100 |
| 2016_2017 | N/A | CV-18-604638-5 | In Re Alex E. Jones, Infowars, LLC and Free Speech Systems, LLC vs Scarlett Lewis | Interrogatory; Appeal | 50-100 |
| 2016_2623 | N/A | CV-18-607675-5 | Alex E. Jones, Infowars, LLC and Free Speech Systems, LLC vs Scarlett Lewis | TORTS - DEFAMATION; CIVIL | 50-100 |
| N/A | 2018_2155 | 03-18-00123-CV | Jones V. Vine Et Al | Mandamus; Appeal | 20-30 |
| N/A | N/A | 118cc041 | Free Speech Systems, LLC V. Morari | Interlocutory; Appeal | 50-100 |
| 2016_2723 | N/A | 318bc711 | Vanessa V. Free Speech Systems, LLC | Diversity-Libel/Assault/Slander | 40-50 |
| N/A | N/A | 1170-763 | Dobson V. Free Speech Systems, LLC | Defamatory Judgment | 20-30 |
| N/A | N/A | 11150411 | Gardner Fields, LLC V. Free Speech Systems, LLC | Copyright Infringement | 50-100 |
| 2014_0017 | N/A | 4171c0504 | Guzman V. Free Speech Systems, LLC | Copyright Infringement | 12 |
| N/A | N/A | 03-18-00669 | Otaduka, LLC vs. Alexander Jones, Infowars, LLC Free Speech Systems, LLC, | Trademark Infringement (Lanham Act) | 9 |
| N/A | 2020_1115 | 118cc00543 | Wargula V. Stone | Diversity-Libel, Assault, Slander | 10 |
| 2012_0124 | 2016_0013 | | | | 11 |
| 2016_0025 | 2016_0027 | | | | 29 |
| 2027_1294 | N/A | | | | |
| 2027_2413 | 2018_0027 | | | | |
| 2027_1113 | N/A | | | | |
| 2027_2424 | 2025_2029 | | | | |
| 2016_0315 | | | | | |

U.S.B.C. Western District of Texas (LIVE)                                          Page 1 of 1

United States Bankruptcy Court
Western District of Texas

## Notice of Involuntary Bankruptcy Case Filing

An involuntary bankruptcy case concerning the debtor(s) listed
below was filed under Chapter 11 of the United States
Bankruptcy Code, entered on 01/24/2020 at 1:45 PM and filed
on 01/24/2020.



Alexander Emric Jones
Free Speech Systems, LLC
3019 Alvin DeVane Boulevard #350
Austin, TX 78741
SSN / ITIN: xxx-xx-0000
*aka* Alexander Emerick Jones
*aka* Alex Jones
*aka* Alexander E. Jones

The case was filed by the following petitioning creditor(s):

Kelly R. Jones
11601 HWY 290 W
Suite A101-307
Austin, TX 78737
888-995-3559

The case was assigned case number 20-10118.

If you would like to view the bankruptcy petition and other documents filed by the petitioning creditor
(s) and the debtor, they are available at our *Internet* home page http://ecf.txwb.uscourts.gov or at the
Clerk's Office, 903 SAN JACINTO, SUITE 322, AUSTIN, TX 78701-0.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

Barry D. Knight
Clerk, U.S. Bankruptcy
Court

B2500E (Form 2500E) (12/15)

# United States Bankruptcy Court
## District Of _____

In re  Alexander Emric Jones  ,                )     Case No. 20 - 10118 ___
          Debtor*                              )
                                               )     Chapter _____ 11 _____
                                               )

### SUMMONS TO DEBTOR IN INVOLUNTARY CASE

To the above named debtor:

A petition under title 11, United States Code was filed against you in this bankruptcy court on
January 24, 2020 ___ (date), requesting an order for relief under chapter _11__ of the Bankruptcy
Code (title 11 of the United States Code).

YOU ARE SUMMONED and required to file with the clerk of the bankruptcy court a motion
or answer to the petition within 21 days after the service of this summons.  A copy of the petition is
attached.

Address of the clerk:   903 San Jacinto, Ste 322
                        Austin, TX 78701

At the same time, you must also serve a copy of your motion or answer on petitioner's attorney.

Name and Address of Petitioner's Attorney:
            Kelly Jones
            Pro Se
            11601 Hwy 290 W, Ste A101
            Austin, TX 78737
If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 1011(c).

If you fail to respond to this summons, the order for relief will be entered.

**BARRY D. KNIGHT**

_____ (Clerk of the Bankruptcy Court)

Date: 1-24-20            By: Adam Wallace (Deputy Clerk)

* Set forth all names, including trade names, used by the debtor within the last 8 years. (Fed. R .Bankr. P. 1005).

B2500E (Form 2500E) (12/15)

## CERTIFICATE OF SERVICE

I, _____(name), certify that on _____
(date), I served this summons and a copy of the involuntary petition on _____
(name), the debtor in this case, by *[describe the mode of service and the address at which the debtor was served]*:

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

Date _____     Signature _____

Print Name:          _____

Business Address:    _____

_____

# EXHIBIT B

## AFFIDAVIT OF TED LEAR

STATE OF TEXAS        §
                          §
COUNTY OF TRAVIS    §
e

       Before me, the undersigned authority on this day personally appeared Ted Lear, a person

known to me who, after being duly sworn, stated under oath as follows:

1. "My name is Ted Lear. I am over 21 years of age, have never been convicted of a felony, and am fully competent to provide this Affidavit. All of the statements contained herein are true and correct, and are within my personal knowledge.

2. I performed an Appraisal Report (the Appraisal") on real estate known as 5240 MCCormick Mountain Drive, Austin, Texas 78734, Lot 3 Back of the Moon Subdivision, formerly known as 15101 Back of the Moon, Unit D (the "Property") which is attached hereto and incorporated herein as Exhibit A.

3. My resume and qualifications are more fully described on page 16 of the Appraisal. I am a General Real Estate Appraiser licensed in the State of Texas since 1993. I had the SRA designation from the Appraisal Institute. I have performed many appraisals of the type of residential property which is the subject of the Appraisal. The Appraisal contains a description of the principal factors that I looked at and considered in connection with my opinion of the Market Value of the Property. The information which I considered and used is typical of information normally considered by appraisers in determining the Market Value (as defined on page 8 of the Appraisal) and was either personally observed by me or is from reliable sources normally considered by appraisers in determining the value of residential real estate of this type.

4. I used the Sales Comparison approach in arriving at my opinion of the Market Value of the Property as of 3/31/20, and the comparable sales that I have reviewed and the adjustments made with respect to those comparable sales and to the Property are reflected in the Appraisal. The Extraordinary Assumptions and limiting conditions of my opinions are described page 7 of the Appraisal. My certification as an appraiser is contained on page 8 of the Appraisal.

5. It is my professional opinion that the Property has a Market Value as of March 31, 2020 of $1,275,000.

       Further Affiant sayeth not.

_____

Ted Lear


SUBSCRIBED AND SWORN TO BEFORE ME on April   , 2020 to certify which witness my hand and seal of office.

_____

Notary Public, State of Texas

REBECCA PEREZ
Notary Public, State of Texas
Notary ID# 131237437
My Commission Expires
AUGUST 8, 2021

Jones
File # L20-138

# APPRAISAL OF REAL PROPERTY



## LOCATED AT
5240 McCormick Mountain Dr
Austin, TX 78734
Lot 3, Back of the Moon Subdivision, amended plat

## FOR
Minton, Burton, Foster & Collins, P.C.
1100 Guadalupe St
Austin, TX 78701

## OPINION OF VALUE
1,275,000

## AS OF
03/31/2020

## TABLE OF CONTENTS

GP Residential ........................................................................................................................................ 1
Additional Comparables 4-6 ................................................................................................................... 4
Supplemental Addendum ........................................................................................................................ 5
USPAP Compliance Addendum .............................................................................................................. 6
GP Residential Certifications Addendum ................................................................................................. 7
Photograph Addendum ........................................................................................................................... 9
Photograph Addendum ........................................................................................................................... 10
Photograph Addendum ........................................................................................................................... 11
Comparable Photos 1-3 .......................................................................................................................... 12
Comparable Photos 4-6 .......................................................................................................................... 13
Building Sketch (Page - 1) ...................................................................................................................... 14
Building Sketch (Page - 2) ...................................................................................................................... 15
Qualifications ......................................................................................................................................... 16
Tax Info/Plat/Flood - Page 1 ................................................................................................................... 17
Tax Info/Plat/Flood - Page 2 ................................................................................................................... 18
Tax Info/Plat/Flood - Page 3 ................................................................................................................... 19
Tax Info/Plat/Flood - Page 4 ................................................................................................................... 20
Tax Info/Plat/Flood - Page 5 ................................................................................................................... 21
Plat Map ................................................................................................................................................. 22
Comparable Sales Map ........................................................................................................................... 23
Aerial Map .............................................................................................................................................. 24

EXHIBIT A 

# Restricted Appraisal Report

Jones
File No.: L20-138

FFIEC/USPAP Report No.| | |FHA/VA Case No. |Figure | 39

## SUBJECT

| Property Address: | 5240 McCornick Mountain Dr | City: Austin | State: TX | Zip Code: 78734 |

| County: Travis | Legal Description: | Lot 3, Back of the Moon Subdivision, amended plat |
| | | Assessor's Parcel #: 156816 |

| Tax Year: 2019 | R.E. Taxes $ 12,248 | Special Assessments $: 0 | Borrower (if applicable): NA |

| Current Owner of Record: Alex Jones | Occupant: ☒ Owner ☐ Tenant ☐ Vacant | ☐ Manufactured Housing |

| Project Type: ☐ PUD ☐ Condominium ☐ Cooperative ☐ Other (describe) | HOA: $ NA ☐ per year ☐ per month |

| Market Area Name: Back of the Moon | Map Reference: 12420 | Census Tract: 0017.41 |

## ASSIGNMENT

| The purpose of this appraisal is to develop an opinion of: | ☒ Market Value (as defined), or | ☐ other type of value (describe) |

| This report reflects the following value (if not Current, see comments): | ☒ Current (the Inspection Date is the Effective Date) | ☐ Retrospective | ☐ Prospective |

| Approaches developed for this appraisal: | ☒ Sales Comparison Approach | ☐ Cost Approach | ☐ Income Approach | (See Reconciliation Comments and Scope of Work) |

| Property Rights Appraised: | ☒ Fee Simple | ☐ Leasehold | ☐ Leased Fee | ☐ Other (describe) |

Intended Use: to provide current market value opinion.

Intended User(s) (by name or type): Client identified below

Client: Minton, Burton, Foster & Collins, P.C.  Address: 1100 Guadalupe St, Austin, TX 78701

Appraiser: Ted Lear  Address: 6609 Manchaca Rd, Austin, TX 78745

## MARKET AREA DESCRIPTION

| Location: | ☐ Urban ☒ Suburban ☐ Rural | Predominant Occupancy | One-Unit Housing | Present Land Use | Change in Land Use |
| Built up: | ☐ Over 75% ☒ 25-75% ☐ Under 25% | | PRICE $(000) | AGE (yrs) | | % | ☒ Not Likely |
| Growth rate: | ☐ Rapid ☒ Stable ☐ Slow | ☒ Owner | | | One Unit 70 | ☐ Likely * ☐ In Process * |
| Property values: | ☐ Increasing ☒ Stable ☐ Declining | ☐ Tenant | 161 Low 0 | 2-4 Unit 2 | * To: |
| Demand/supply: | ☐ Shortage ☒ In Balance ☐ Over Supply | ☒ Vacant (0-5%) | 1,760 High 80 | Multi-Unit 3 | |
| Marketing time: | ☒ Under 3 Mos. ☐ 3-6 Mos. ☐ Over 6 Mos. | ☐ Vacant (>5%) | 380 Pred 1 | Comm'l 15 | |
| | | | | Vacant 10 | |

Market Area Boundaries, Description, and Market Conditions (including support for the above characteristics and trends): The subject is located in an established neighborhood west of Austin off RR 620. The specific neighborhood reference would be Hudson Bend. Market acceptance has been good based on the sales activity observed. It is in the Lake Travis ISD. Access to other parts of the city is adequate via RR 620. Schools, shopping and employment centers are located nearby or with adequate access via RR 620 and Highway 71. Supply and demand would appear to be in balance. Financing is readily available from a variety of lending sources. Boundaries can be identified as the Hudson Bend Community and is bound by Highway 71, Lake Travis, RR 620.

## SITE DESCRIPTION

| Dimensions: See plat | Site Area: 6.39 ac |

| Zoning Classification: None/Outside City guidelines | Description: Residential deed restricted/Travis County |

| Zoning Compliance: ☒ Legal ☐ Legal nonconforming (grandfathered) ☐ Illegal ☐ No zoning |

| Are CC&Rs applicable? ☐ Yes ☐ No ☒ Unknown | Have the documents been reviewed? ☒ Yes ☐ No | Ground Rent (if applicable) $ | / |

| Highest & Best Use as improved: ☒ Present use, or ☐ Other use (explain) |

| Actual Use as of Effective Date: Single Family Residential | Use as appraised in this report: Single Family Residential |

Summary of Highest & Best Use: The subject's current use is judged to be consistent with the highest and best use. This use would also meet the criteria of legally permissible, physically possible and financially feasible.

| Utilities | Public | Other | Provider/Description | Off-site Improvements | Type | Public | Private | Topography | Slopes |
| Electricity | ☒ | ☐ | Public | Street | Asphalt | ☒ | ☐ | Size | Larger than typical |
| Gas | ☐ | ☒ | Propane | Curb/Gutter | None | | | Shape | Irregular |
| Water | ☐ | ☒ | Water District | Sidewalk | None | | | Drainage | Appears Adequate |
| Sanitary Sewer | ☐ | ☒ | Septic | Street Lights | None | | | View | Lake/Skyln/Panor. |
| Storm Sewer | ☐ | ☒ | None | Alley | None | | | | |

| Other site elements: | ☐ Inside Lot ☐ Corner Lot ☐ Cul de Sac ☐ Underground Utilities ☐ Other (describe) |

| FEMA Spec'l Flood Hazard Area ☒ Yes ☐ No | FEMA Flood Zone AE | FEMA Map # 48453C0220J | FEMA Map Date 1/22/2020 |

Site Comments: The subject is an interior site accessed via a shared drive. Topography is steep to slightly sloped, typical of waterfront properties in the area. It offers good frontage along Lake Travis, along with a panoramic view of the lake and skyline. A good portion of the total site area extends into the main body of Lake Travis and is not considered usable (common to the market area). Approximately 1/2 of the total size is considered usable area. See additional comments.

## DESCRIPTION OF THE IMPROVEMENTS

| General Description | | Exterior Description | | Foundation | | Basement ☒ None | | Heating | |
| # of Units | 1 ☐ Acc.Unit | Foundation | Concrete | Slab | Yes | Area Sq. Ft. | None | Type | FWA |
| # of Stories | 2 | Exterior Walls | Stucco/Msnry | Crawl Space | NA | % Finished | None | Fuel | Elect |
| Type ☒ Det. ☐ Att. | | Roof Surface | Clay Tile | Basement | NA | Ceiling | | | |
| Design (Style) | Hacienda | Gutters & Dwnspts. | NA | Sump Pump | | Walls | | Cooling | |
| ☒ Existing ☐ Proposed ☐ Und.Cons. | | Window Type | SteelCasmnt | Dampness | | Floor | | Central | Yes |
| Actual Age (Yrs.) | 25 | Storm/Screens | | Settlement | None evident | Outside Entry | | Other | |
| Effective Age (Yrs.) | 10 | Screens | | Infestation | NA | | | | |

| Interior Description | | Appliances | | Attic ☐ None | | Amenities | | Car Storage | ☐ None |
| Floors | Tile,Conc,Cpt | Refrigerator ☒ | Stairs ☒ | Fireplace(s) # 1 | Woodstove(s) # | Garage # of cars 9 Tot.) |
| Walls | Paint | Range/Oven ☒ | Drop Stair ☒ | Patio Cvd&Open | | Attach. |
| Trim/Finish | Wood | Disposal ☒ | Scuttle ☒ | Deck None | | Detach. 3 |
| Bath Floor | Tile | Dishwasher ☒ | Doorway ☒ | Porch Cvd | | Blt-In |
| Bath Wainscot | Tile | Fan/Hood ☒ | Floor | Fence None | | Carport |
| Doors | Wood | Microwave ☒ | Heated | Pool None | | Driveway 4 |
| | | Washer/Dryer | Finished | | | Surface Concrete |

| Finished area above grade contains: | 7 Rooms | 3 Bedrooms | 2.0 Bath(s) | 2,233 Square Feet of Gross Living Area Above Grade |

Additional features: Breezeway entry foyer, covered patios with fireplace, open stone patios, sauna/storage, private gated entry off street, shared drive, stone tile floors, stained/scored concrete floors, Viking range and hood, poured concrete countertops.

Describe the condition of the property (including physical, functional and external obsolescence): The subject displays a generally adequate layout and design. It is considered to offer features which are generally accepted in the market, and generally average to good in overall quality. Overall condition is considered generally good, with adequate overall maintenance.

NOTE: The property was formerly known as 15101 Back of the Moon, Unit D. New legal address is as reported, 5240 McCormick Mountain Dr.

GP RESIDENTIAL  Copyright 2007 by a la mode, inc. This form may be reproduced unmodified without written permission, however, a la mode, inc. must be acknowledged and credited.
Form GPRES2 - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE   3/2007

## Restricted Appraisal Report

Jones
File No. L20-138

| TRANSFER HISTORY | | |
|---|---|---|
| My research ☐ did ☒ did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal. | | |
| Data Source(s): MLS, tax records. | | |
| 1st Prior Subject Sale/Transfer | Analysis of sale/transfer history and/or any current agreement of sale/listing: | The subject has no sale history over the |
| Date: None in 3 yrs | past three years. None of the comparables appear to have sold in the year prior to the stated | |
| Price: NA | transaction. The appraiser has performed no other services in regard to appraisal or any other role in | |
| Source(s): Tax Records | the past 3 years. | |
| 2nd Prior Subject Sale/Transfer | | |
| Date: | | |
| Price: | | |
| Source(s): | | |

### SALES COMPARISON APPROACH TO VALUE (if developed)    ☐ The Sales Comparison Approach was not developed for this appraisal.

| FEATURE | SUBJECT | COMPARABLE SALE # 1 | | COMPARABLE SALE # 2 | | COMPARABLE SALE # 3 | |
|---|---|---|---|---|---|---|---|
| Address | 5240 McCormick Mountain Dr Austin, TX 78734 | 5262 McCormick Mountain Dr Austin, TX 78734 | | 15304 Rainbow One St Austin, TX 78734 | | 14423 Agarita Rd Austin, TX 78734 | |
| Proximity to Subject | | 0.20 miles SE | | 0.27 miles NW | | 0.88 miles SE | |
| Sale Price | $ | | $ 1,125,000 | | $ 1,069,000 | | $ 1,490,000 |
| Sale Price/GLA | $ /sq.ft. | $ 454.55 /sq.ft. | | $ 314.60 /sq.ft. | | $ 519.53 /sq.ft. | |
| Data Source(s) | Inspection | MLS #2679180;DOM 8 | | MLS #1322083;DOM 209 | | MLS #8579149;DOM 236 | |
| Verification Source(s) | Tax Records | Tax Records | | Tax Records | | Tax Records | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjust. | DESCRIPTION | +(-) $ Adjust. | DESCRIPTION | +(-) $ Adjust. |
| Sales or Financing Concessions | 0 | Conv, 0 pts Bccst $1,000 | 0 | Cash, 0 pts Bccst $0 | | Cash, 0 pts Bccst $0 | |
| Date of Sale/Time | NA | s08/19;c07/19 | | s07/19;c07/19 | | s06/19;c05/19 | |
| Rights Appraised | Fee Simple | Fee Simple | | Fee Simple | | Fee Simple | |
| Location | Hudson Bend | Hudson Bend | | Hudson Bend | | Agarita | -150,000 |
| Site | 6.39 ac/3+ac-usbl | 1.15 ac | +75,000 | 0.53 ac | +125,000 | 1.0 ac | +75,000 |
| View | Lake/Sky/n.Panor. | Lake/Hills/Panor. | | Lake/Hills/Panor. | | Lake/Sky/n.Panor. | |
| Design (Style) | Hacienda | NeoEclectic | 0 | Modern | 0 | Tradtl. | |
| Quality of Construction | Good | Good-Avg | +25,000 | Avg-Good | +50,000 | Good | |
| Age | 25 | 29 | 0 | 59 | 0 | 38 | 0 |
| Condition | Good/Avg | Avg/Good | +25,000 | Average | +50,000 | Good/Avg | |
| Above Grade | Total 7 Bdrms 3 Baths 2.0 | Total 9 Bdrms 3 Baths 2.1 | | Total 9 Bdrms 4 Baths 3.1 | | Total 8 Bdrms 2 Baths 2.0 | |
| Room Count | | | | | | | |
| Gross Living Area | 2,233 sq.ft. | 2,475 sq.ft. | -24,200 | 3,398 sq.ft. | -116,500 | 2,868 sq.ft. | -63,500 |
| Basement & Finished Rooms Below Grade | None None | None | | None | | None None | |
| Functional Utility | Adequate | Adequate | | Adequate | | Adequate | |
| Heating/Cooling | CA/CH | CA/CH | | CA/CH | | CA/CH | |
| Energy Efficient Items | Typical Features | Typical Features | | Typical Features | | Typical Features | |
| Garage/Carport | 4 Garage/2 Carport | 3 Garage | +15,000 | Open Parking | +45,000 | 2 Carport | +40,000 |
| Porch/Patio/Deck | CvdPat,OpnPats, | Porch,CvdPatio, | 0 | Porch,CvdPatio, | 0 | Porch,CvdPatios, | |
| Addtnl. | FP,Sauna,Storage | Deck | +20,000 | Pl/Spa,Fnc,Stor. | -35,000 | OpnPats,Dck,Etc. | |
| Net Adjustment (Total) | | ☒ + ☐ - $ 135,800 | | ☒ + ☐ - $ 118,500 | | ☐ + ☒ - $ -98,500 | |
| Adjusted Sale Price of Comparables | | Net 12.1 % Gross 16.4 % $ 1,260,800 | | Net 11.1 % Gross 39.4 % $ 1,187,500 | | Net 6.6 % Gross 22.0 % $ 1,391,500 | |

Summary of Sales Comparison Approach The subject is located in a small and exclusive market of houses on waterfront lots, west of Austin in the community generally referred to as Hudson Bend. Sales 1 and 2 are located in this immediate neighborhood. Sale 3, while similar in general proximity, is located in an area considered superior (as evidenced by historical land sale data), most likely attributable to access and superior property conformity. Sale 4 is located nearby, in a competing neighborhood and school district. Sales 2 and 4 required greater overall net or gross adjustments that would be preferred, but were judged to be more similar than any other sales currently available.

The subject's site is considered its most significant characteristic contributing to marketability. The site is larger than typical for the immediate area, and offers usable area specifically with its moderate slope down to Lake Travis. In this market of waterfront properties, site size is not a specific indicator of contribution to value, as often the usable area of a site is vastly different than from the total area.

No date of sale adjustments made as available data in the subject market segment in inconclusive in regard to any price changes. Data from the overall neighborhood suggests generally stable value trends over the past year. Site adjustments were made for differences in overall site size - in regard to usable area, as well as for water frontage impct and view amenity desirability. Quality adjustments made for differences in materials and features. Most notable differences were flooring, countertops, cabinets, appliances, trim, etc. Sales 1 and 2 are both judged inferior, with Sale 2 more lacking in regard to these materials and features. Condition adjustments were made to account for differences in cosmetic items. Sales 1 and 2 are both judged inferior in regard to cosmetic condition, with Sale 2 most dissimilar in regard to need of upating. Size and bath adjustments were made at market estimates for contribution of these characteristics in like kind houses. Additional adjustments were made for differences in parking amenity, as well as exterior features.

These comparables are judged to adequately represent the market for the subject, despite noted differences. The adjusted sale price range is noted to be $1,114,700 to $1,391,500. Sales 1-3 are judged most similar overall, with Sale 1 judged more similar than any of the others. Sale 1 has received slightly more emphasis in my analysis and conclusion.

Indicated Value by Sales Comparison Approach $ 1,275,000

**GP RESIDENTIAL**

Copyright© 2007 by a la mode, inc. This form may be reproduced unmodified without written permission, however, a la mode, inc. must be acknowledged and credited.

Form GPRES2 - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE    3/2007

## Restricted Appraisal Report

File No.: L20-138

**COST APPROACH TO VALUE (if developed)**  ☒ The Cost Approach was not developed for this appraisal.

Provide adequate information for replication of the following cost figures and calculations.

Support for the opinion of site value (summary of comparable land sales or other methods for estimating site value):

### COST APPROACH

| ESTIMATED ☐ REPRODUCTION OR ☐ REPLACEMENT COST NEW | OPINION OF SITE VALUE | =$ |
|---|---|---|
| Source of cost data: | DWELLING Sq.Ft. @ $ | =$ |
| Quality rating from cost service: Effective date of cost data: | Sq.Ft. @ $ | =$ |
| Comments on Cost Approach (gross living area calculations, depreciation, etc.): | Sq.Ft. @ $ | =$ |
| | Sq.Ft. @ $ | =$ |
| | Sq.Ft. @ $ | =$ |
| | | =$ |
| | Garage/Carport Sq.Ft. @ $ | =$ |
| | Total Estimate of Cost-New | =$ |
| | Less Physical Functional External | |
| | Depreciation | =$( ) |
| | Depreciated Cost of Improvements | =$ |
| | "As-is" Value of Site Improvements | =$ |
| | | =$ |
| | | =$ |
| Estimated Remaining Economic Life (if required): Years | INDICATED VALUE BY COST APPROACH | =$ |

### INCOME APPROACH

**INCOME APPROACH TO VALUE (if developed)**  ☒ The Income Approach was not developed for this appraisal.

Estimated Monthly Market Rent $ _____ X Gross Rent Multiplier _____ = $ _____  Indicated Value by Income Approach _____

Summary of Income Approach (including support for market rent and GRM):

### PUD

**PROJECT INFORMATION FOR PUDs (if applicable)**  ☐ The Subject is part of a Planned Unit Development.

Legal Name of Project:

Describe common elements and recreational facilities:

### RECONCILIATION

Indicated Value by: Sales Comparison Approach $ 1,275,000  Cost Approach (if developed) $ _____  Income Approach (if developed) $ _____

Final Reconciliation: The Sales Comparison Approach was given the most weight as it reflects the actions of typical buyers and sellers within this marketplace. The Cost Approach was not developed as it is not relied upon in this market for existing homes. The Income Approach was not considered as it is not strongly relied upon by buyers or appraisers as a valuation model in this particular market of homes. Neither the Cost Approach or Income Approach is judged to be required in order to provide credible results.

This appraisal is made ☒ "as is", ☐ subject to completion per plans and specifications on the basis of a Hypothetical Condition that the improvements have been completed, ☐ subject to the following repairs or alterations on the basis of a Hypothetical Condition that the repairs or alterations have been completed, ☐ subject to the following required inspection based on the Extraordinary Assumption that the condition or deficiency does not require alteration or repair:

☒ This report is also subject to other Hypothetical Conditions and/or Extraordinary Assumptions as specified in the attached addenda.

Based on the degree of inspection of the subject property, as indicated below, defined Scope of Work, Statement of Assumptions and Limiting Conditions, and Appraiser's Certifications, my (our) Opinion of the Market Value (or other specified value type), as defined herein, of the real property that is the subject of this report is: $ 1,275,000 , as of: 03/31/2020 , which is the effective date of this appraisal. If indicated above, this Opinion of Value is subject to Hypothetical Conditions and/or Extraordinary Assumptions included in this report. See attached addenda.

A true and complete copy of this report contains 24 pages, including exhibits which are considered an integral part of the report. This appraisal report may not be properly understood without reference to the information contained in the complete report.

### ATTACHMENTS

Attached Exhibits:
☒ Scope of Work  ☒ Limiting Cond./Certifications  ☒ Narrative Addendum  ☒ Photograph Addenda  ☒ Sketch Addendum
☒ Map Addenda  ☒ Additional Sales  ☐ Cost Addendum  ☒ Flood Addendum  ☐ Manuf. House Addendum
☐ Hypothetical Conditions  ☒ Extraordinary Assumptions

Client Contact: _____  Client Name: Minton, Burton, Foster & Collins, P.C.
E-Mail: _____  Address: 1100 Guadalupe St, Austin, TX 78701

### SIGNATURES

APPRAISER

Appraiser Name: Ted Lear
Company: The Lear Company
Phone: (512) 329-8290  Fax:
E-Mail: tedlear@learcompany.com
Date of Report (Signature): 04/09/2020
License or Certification #: TX-1321121-G  State: TX
Designation: SRA
Expiration Date of License or Certification: 06/30/2021
Inspection of Subject ☒ Interior & Exterior ☐ Exterior Only ☐ None
Date of Inspection: 03/31/2020

SUPERVISORY APPRAISER (if required) or CO-APPRAISER (if applicable)

Supervisory or Co-Appraiser Name:
Company:
Phone:  Fax:
E-Mail:
Date of Report (Signature): 04/09/2020
License or Certification #: _____ State: TX
Designation:
Expiration Date of License or Certification: 06/30/2021
Inspection of Subject ☐ Interior & Exterior ☐ Exterior Only ☐ None
Date of Inspection:

GP RESIDENTIAL  Copyright© 2007 by a la mode, inc. This form may be reproduced unmodified without written permission, however, a la mode, inc. must be acknowledged and credited.
Form GPRES2 - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE  3/2007

## ADDITIONAL COMPARABLE SALES

Jones
FHA/VA Case No.  Page # 4
File No.: L20-138

| FEATURE | SUBJECT | COMPARABLE SALE # 4 | | COMPARABLE SALE # 5 | | COMPARABLE SALE # 6 | |
|---|---|---|---|---|---|---|---|
| Address | 5240 McCormick Mountain Dr Austin, TX 78734 | 4808 Park Ln Austin, TX 78732 | | | | | |
| Proximity to Subject | | 1.89 miles SE | | | | | |
| Sale Price | $ | | $ 950,000 | | $ | | $ |
| Sale Price/GLA | $ /sq.ft. | $ 455.42 /sq.ft. | | $ /sq.ft. | | $ /sq.ft. | |
| Data Source(s) | Inspection | MLS #1143178;DOM 46 | | | | | |
| Verification Source(s) | Tax Records | Tax Records | | | | | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjust. | DESCRIPTION | +(-) $ Adjust. | DESCRIPTION | +(-) $ Adjust. |
| Sales or Financing | 0 | VA, 0 pts | | | | | |
| Concessions | | Bccst $0 | | | | | |
| Date of Sale/Time | NA | s07/19;c06/19 | | | | | |
| Rights Appraised | Fee Simple | Fee Simple | | | | | |
| Location | Hudson Bend | Travis Vista | | | | | |
| Site | 6.39 ac/3+ac-usbl | 0.66 ac | +125,000 | | | | |
| View | Lake/Skyln/Panor. | Lake/Hills/Panor. | | | | | |
| Design (Style) | Hacienda | Modern | | | | | |
| Quality of Construction | Good | Good | | | | | |
| Age | 25 | 41 | | | | | |
| Condition | Good/Avg | Good/Avg | | | | | |
| Above Grade | Total  Bdrms  Baths | Total  Bdrms  Baths | | Total  Bdrms  Baths | | Total  Bdrms  Baths | |
| Room Count | 7    3    2.0 | 7    3    2.0 | | | | | |
| Gross Living Area | 2,233 sq.ft. | 2,086 sq.ft. | +14,700 | sq.ft. | | sq.ft. | |
| Basement & Finished | None | None | | | | | |
| Rooms Below Grade | None | | | | | | |
| Functional Utility | Adequate | Adequate | | | | | |
| Heating/Cooling | CA/CH | CA/CH | | | | | |
| Energy Efficient Items | Typical Features | Typical Features | | | | | |
| Garage/Carport | 4 Garage/2 Carport | 2 Garage | +25,000 | | | | |
| Porch/Patio/Deck | CvdPat,OpnPats, | Porch,Patios,Deck, | 0 | | | | |
| Addtnl. | FP,Sauna,Storage | Cabana,Fence | 0 | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| Net Adjustment (Total) | | ☒ +  ☐ -  $ | 164,700 | ☐ +  ☐ -  $ | | ☐ +  ☐ -  $ | |
| Adjusted Sale Price of Comparables | | Net   17.3 % Gross  17.3 % | $ 1,114,700 | Net   % Gross  % | $ | Net   % Gross  % | $ |
| Summary of Sales Comparison Approach | | | | | | | |

*(left margin, rotated)* SALES COMPARISON APPROACH

**GP RESIDENTIAL**

Copyright© 2007 by a la mode, inc. This form may be reproduced unmodified without written permission, however, a la mode, inc. must be acknowledged and credited.
Form GPRES2.(AC) - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE
3/2007

| | FHA/VA Case No. | Page # 5 |

## Supplemental Addendum

File No. L20-138

| Owner | Alex Jones | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Property Address | 5240 McCormick Mountain Dr | | | | | | | |
| City | Austin | County | Travis | | State | TX | Zip Code | 78734 |
| Client | Minton, Burton, Foster & Collins, P.C. | | | | | | | |

Extraordinary Assumptions/Hypothetical Conditions:
No inspection report was known to be available, nor was one provided to the appraiser. Assumptions regarding overall condition are based upon cursory observations during the site visit. Any notable issues are itemized. Should any issues regarding condition arise from any subsequent reports, the value conclusion could be impacted. This is considered an Extraordinary Assumption, the use of which might have impacted appraisal results.

Prior Services/Prior Sales:
No prior other services provided from the appraiser in regard to the subject property (appraisal, consultation, etc.) in the 3 year period preceding the effective date of the appraisal. None of the sales utilized appear to have sold in the 12 months prior to the stated transaction.

Purpose/Intended Use/Intended User:
The purpose of this appraisal is to establish an opinion of the market value as defined, for the purpose of valuation of assets. The intended user is the stated client.

Scope of Appraisal:
Upon receiving this assignment, I identified the real property being appraised and collected property-specific data available through public records, various data services and or MLS database when available. I then completed an inspection of the subject, noting design, layout, features, quality, utility, amenities and architectural style. The inspection included interior and exterior readily observable and accessible areas. I did not make entry into the attic and did not move any personal property or furnishings. The appraiser has noted all readily observable conditions of the subject property, that is, conditions that are immediately noticeable and discernible during a typical site visit. The appraiser is not responsible for determining the functionality of appliances or mechanical systems. Zoning data was obtained from public records, office files, and or city/county planning offices. The collected data was then used to develop a profile of the subject and to perform a search of the market for the most similar closed comparable sales, pending sales and active listings. The sales were confirmed and verified from public records, various data services and MLS, and when necessary with an agent or the owner. The sales data was then analyzed and a value conclusion derived. This Report was then completed, signed and released to the client. This report is intended to satisfy the requirements of USPAP.

It should be noted that the appraiser is not a home inspector, and this appraisal is not a home inspection. The appraiser only performed a visual observation of accessible areas and the appraisal report cannot be relied upon to disclose conditions and/or defects in the property.

Site Comments:
No adverse easements or encroachments were noted. It is observed to be similar to surrounding sites in regard to general physical characteristics. Current residential use appears to be consistent with the highest and best use. Residential use meets the criteria of legally permissible, economically feasible, physically possible and providing the greatest return to the site.

Current Market Comments:
With the current world health crisis involving the Covid-19 virus, markets have slowed. It is impossible at this time to make any estimate on how this worldwide health crisis might impact the real estate market in Austin, Texas. As of the effective date of this appraisal, the market data presented supports the value conclusion reached.

USPAP Compliance Addendum

FHLMC/VA Case No. [blank]  Loan # Jones  File # L20-138

| Owner | Alex Jones | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 5240 McCormick Mountain Dr | | | | | |
| City | Austin | County | Travis | State | TX | Zip Code | 78734 |
| Client | Minton, Burton, Foster & Collins, P.C. | | | | | |

## APPRAISAL AND REPORT IDENTIFICATION

This Appraisal Report is one of the following types:

[X] Appraisal Report — This report was prepared in accordance with the requirements of the Appraisal Report option of USPAP Standards Rule 2-2(a).

[ ] Restricted Appraisal Report — This report was prepared in accordance with the requirements of the Restricted Appraisal Report option of USPAP Standards Rule 2-2(b), and is intended only for the use of the client and any other named intended user(s). Users of this report must clearly understand that the report may not contain supporting rationale for all of the opinions and conclusions set forth in the report.

## ADDITIONAL CERTIFICATIONS

I certify that, to the best of my knowledge and belief:

- The statements of fact contained in this report are true and correct.
- The report analyses, opinions, and conclusions are limited only by the reported assumptions and are my personal, impartial, and unbiased professional analyses, opinions, and conclusions.
- I have no (or the specified) present or prospective interest in the property that is the subject of this report and no (or specified) personal interest with respect to the parties involved.
- I have no bias with respect to the property that is the subject of this report or the parties involved with this assignment.
- My engagement in this assignment was not contingent upon developing or reporting predetermined results.
- My compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.
- My analyses, opinions, and conclusions were developed and this report has been prepared, in conformity with the Uniform Standards of Professional Appraisal Practice.
- This appraisal report was prepared in accordance with the requirements of Title XI of FIRREA and any implementing regulations.

## PRIOR SERVICES

[X] I have NOT performed services, as an appraiser or in any other capacity, regarding the property that is the subject of this report within the three-year period immediately preceding acceptance of this assignment.

[ ] I HAVE performed services, as an appraiser or in another capacity, regarding the property that is the subject of this report within the three-year period immediately preceding acceptance of this assignment. Those services are described in the comments below.

## PROPERTY INSPECTION

[ ] I have NOT made a personal inspection of the property that is the subject of this report.

[X] I HAVE made a personal inspection of the property that is the subject of this report.

## APPRAISAL ASSISTANCE

Unless otherwise noted, no one provided significant real property appraisal assistance to the person signing this certification. If anyone did provide significant assistance, they are hereby identified along with a summary of the extent of the assistance provided in the report.

NA

## ADDITIONAL COMMENTS

Additional USPAP related issues requiring disclosure and/or any state mandated requirements:     NA

## MARKETING TIME AND EXPOSURE TIME FOR THE SUBJECT PROPERTY

[X] A reasonable marketing time for the subject property is   90-180   day(s) utilizing market conditions pertinent to the appraisal assignment.

[X] A reasonable exposure time for the subject property is   90-180   day(s).

| APPRAISER | SUPERVISORY APPRAISER (ONLY IF REQUIRED) |
|---|---|
| Signature | Signature |
| Name Ted Lear | Name |
| Date of Signature 04/09/2020 | Date of Signature 04/09/2020 |
| State Certification # TX-1321121-G | State Certification # |
| or State License # | or State License # |
| State TX | State |
| Expiration Date of Certification or License 06/30/2021 | Expiration Date of Certification or License |
| Effective Date of Appraisal 03/31/2020 | Supervisory Appraiser Inspection of Subject Property [ ] Did Not [ ] Exterior-only from Street [ ] Interior and Exterior |

USPAP Compliance Addendum 2020

Page 1 of 1

## Assumptions, Limiting Conditions & Scope of Work

| | | | | Jones |
| --- | --- | --- | --- | --- |
| | | | File No.: | L20-138 |

| Property Address: | 5240 McCormick Mountain Dr | | City: Austin | | State: TX | Zip Code: 78734 |
| --- | --- | --- | --- | --- | --- | --- |
| Client: | Minton, Burton, Foster & Collins, P.C. | Address: | 1100 Guadalupe St, Austin, TX 78701 | | | |
| Appraiser: | Ted Lear | Address: | 6609 Manchaca Rd, Austin, TX 78745 | | | |

### STATEMENT OF ASSUMPTIONS & LIMITING CONDITIONS

- The appraiser will not be responsible for matters of a legal nature that affect either the property being appraised or the title to it. The appraiser assumes that the title is good and marketable and, therefore, will not render any opinions about the title. The property is appraised on the basis of it being under responsible ownership.

- The appraiser may have provided a sketch in the appraisal report to show approximate dimensions of the improvements, and any such sketch is included only to assist the reader of the report in visualizing the property and understanding the appraiser's determination of its size. Unless otherwise indicated, a Land Survey was not performed.

- If so indicated, the appraiser has examined the available flood maps that are provided by the Federal Emergency Management Agency (or other data sources) and has noted in the appraisal report whether the subject site is located in an identified Special Flood Hazard Area. Because the appraiser is not a surveyor, he or she makes no guarantees, express or implied, regarding this determination.

- The appraiser will not give testimony or appear in court because he or she made an appraisal of the property in question, unless specific arrangements to do so have been made beforehand.

- If the cost approach is included in this appraisal, the appraiser has estimated the value of the land in the cost approach at its highest and best use, and the improvements at their contributory value. These separate valuations of the land and improvements must not be used in conjunction with any other appraisal and are invalid if they are so used. Unless otherwise specifically indicated, the cost approach value is not an insurance value, and should not be used as such.

- The appraiser has noted in the appraisal report any adverse conditions (including, but not limited to, needed repairs, depreciation, the presence of hazardous wastes, toxic substances, etc.) observed during the inspection of the subject property, or that he or she became aware of during the normal research involved in performing the appraisal. Unless otherwise stated in the appraisal report, the appraiser has no knowledge of any hidden or unapparent conditions of the property, or adverse environmental conditions (including, but not limited to, the presence of hazardous wastes, toxic substances, etc.) that would make the property more or less valuable, and has assumed that there are no such conditions and makes no guarantees or warranties, express or implied, regarding the condition of the property. The appraiser will not be responsible for any such conditions that do exist or for any engineering or testing that might be required to discover whether such conditions exist. Because the appraiser is not an expert in the field of environmental hazards, the appraisal report must not be considered as an environmental assessment of the property.

- The appraiser obtained the information, estimates, and opinions that were expressed in the appraisal report from sources that he or she considers to be reliable and believes them to be true and correct. The appraiser does not assume responsibility for the accuracy of such items that were furnished by other parties.

- The appraiser will not disclose the contents of the appraisal report except as provided for in the Uniform Standards of Professional Appraisal Practice, and any applicable federal, state or local laws.

- If this appraisal is indicated as subject to satisfactory completion, repairs, or alterations, the appraiser has based his or her appraisal report and valuation conclusion on the assumption that completion of the improvements will be performed in a workmanlike manner.

- An appraiser's client is the party (or parties) who engage an appraiser in a specific assignment. Any other party acquiring this report from the client does not become a party to the appraiser-client relationship. Any persons receiving this appraisal report because of disclosure requirements applicable to the appraiser's client do not become intended users of this report unless specifically identified by the client at the time of the assignment.

- The appraiser's written consent and approval must be obtained before this appraisal report can be conveyed by anyone to the public, through advertising, public relations, news, sales, or by means of any other media, or by its inclusion in a private or public database.

- An appraisal of real property is not a 'home inspection' and should not be construed as such. As part of the valuation process, the appraiser performs a non-invasive visual inventory that is not intended to reveal defects or detrimental conditions that are not readily apparent. The presence of such conditions or defects could adversely affect the appraiser's opinion of value. Clients with concerns about such potential negative factors are encouraged to engage the appropriate type of expert to investigate.

The Scope of Work is the type and extent of research and analyses performed in an appraisal assignment that is required to produce credible assignment results, given the nature of the appraisal problem, the specific requirements of the intended user(s) and the intended use of the appraisal report. Reliance upon this report, regardless of how acquired, by any party or for any use, other than those specified in this report by the Appraiser, is prohibited. The Opinion of Value that is the conclusion of this report is credible only within the context of the Scope of Work, Effective Date, the Date of Report, the Intended User(s), the Intended Use, the stated Assumptions and Limiting Conditions, any Hypothetical Conditions and/or Extraordinary Assumptions, and the Type of Value, as defined herein. The appraiser, appraisal firm, and related parties assume no obligation, liability, or accountability, and will not be responsible for any unauthorized use of this report or its conclusions.

Additional Comments (Scope of Work, Extraordinary Assumptions, Hypothetical Conditions, etc.):

See attached.

Copyright© 2007 by a la mode, inc. This form may be reproduced unmodified without written permission, however, a la mode, inc. must be acknowledged and credited.
3/2007

## Certifications

| | | File No.: | L20-138 |
|---|---|---|---|
Jones

| Property Address: | 5240 McCormick Mountain Dr | City: Austin | State: TX | Zip Code: 78734 |
|---|---|---|---|---|
| Client: | Minton, Burton, Foster & Collins, P.C. | Address: | 1100 Guadalupe St, Austin, TX 78701 | |
| Appraiser: | Ted Lear | Address: | 6609 Manchaca Rd, Austin, TX 78745 | |

**APPRAISER'S CERTIFICATION**

**I certify that, to the best of my knowledge and belief:**
- The statements of fact contained in this report are true and correct.
- The credibility of this report, for the stated use by the stated user(s), of the reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions, and are my personal, impartial, and unbiased professional analyses, opinions, and conclusions.
- I have no present or prospective interest in the property that is the subject of this report and no personal interest with respect to the parties involved.
- I have no bias with respect to the property that is the subject of this report or to the parties involved with this assignment.
- My engagement in this assignment was not contingent upon developing or reporting predetermined results.
- My compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.
- My analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the Uniform Standards of Professional Appraisal Practice that were in effect at the time this report was prepared.
- I did not base, either partially or completely, my analysis and/or the opinion of value in the appraisal report on the race, color, religion, sex, handicap, familial status, or national origin of either the prospective owners or occupants of the subject property, or of the present owners or occupants of the properties in the vicinity of the subject property.
- Unless otherwise indicated, I have made a personal inspection of the property that is the subject of this report.
- Unless otherwise indicated, no one provided significant real property appraisal assistance to the person(s) signing this certification.

**Additional Certifications:**

**As of the effective date of the appraisal, the appraiser has completed the continuing education requirements set forth by the Appraisal Institute.**

**DEFINITION OF MARKET VALUE \*:**
Market value means the most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller each acting prudently and knowledgeably, and assuming the price is not affected by undue stimulus. Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby:
1. Buyer and seller are typically motivated;
2. Both parties are well informed or well advised and acting in what they consider their own best interests;
3. A reasonable time is allowed for exposure in the open market;
4. Payment is made in terms of cash in U.S. dollars or in terms of financial arrangements comparable thereto; and
5. The price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions granted by anyone associated with the sale.
\* This definition is from regulations published by federal regulatory agencies pursuant to Title XI of the Financial Institutions Reform, Recovery, and Enforcement Act (FIRREA) of 1989 between July 5, 1990, and August 24, 1990, by the Federal Reserve System (FRS), National Credit Union Administration (NCUA), Federal Deposit Insurance Corporation (FDIC), the Office of Thrift Supervision (OTS), and the Office of Comptroller of the Currency (OCC). This definition is also referenced in regulations jointly published by the OCC, OTS, FRS, and FDIC on June 7, 1994, and in the Interagency Appraisal and Evaluation Guidelines, dated October 27, 1994.

| Client Contact: | | Client Name: | Minton, Burton, Foster & Collins, P.C. |
|---|---|---|---|
| E-Mail: | | Address: | 1100 Guadalupe St, Austin, TX 78701 |

| APPRAISER | SUPERVISORY APPRAISER (if required) or CO-APPRAISER (if applicable) |
|---|---|
| Appraiser Name: Ted Lear | Supervisory or Co-Appraiser Name: |
| Company: The Lear Company | Company: |
| Phone: (512) 329-8290    Fax: | Phone:    Fax: |
| E-Mail: tedlear@learcompany.com | E-Mail: |
| Date Report Signed: 04/09/2020 | Date Report Signed: 04/09/2020 |
| License or Certification #: TX-1321121-G    State: TX | License or Certification #:    State: |
| Designation: SRA | Designation: |
| Expiration Date of License or Certification: 06/30/2021 | Expiration Date of License or Certification: |
| Inspection of Subject: ☒ Interior & Exterior  ☐ Exterior Only  ☐ None | Inspection of Subject: ☐ Interior & Exterior  ☐ Exterior Only  ☐ None |
| Date of Inspection: 03/31/2020 | Date of Inspection: |

Copyright© 2007 by a la mode, inc. This form may be reproduced unmodified without written permission, however, a la mode, inc. must be acknowledged and credited.

**GP RESIDENTIAL**     Form GPRES2AD – "TOTAL" appraisal software by a la mode, inc. – 1-800-ALAMODE     3/2007

FHA/VA Case No. | Page # 9

# Photograph Addendum

| Owner | Alex Jones | | | | |
|---|---|---|---|---|---|
| Property Address | 5240 McCormick Mountain Dr | | | | |
| City | Austin | County Travis | | State TX | Zip Code 78734 |
| Client | Minton, Burton, Foster & Collins, P.C. | | | | |



**Front**



**Side**



**View**



**View**



**Site**



**Site/Propane**



**View**



**Side**



**Rear/Patio**



**Patio**



**Patio**

**Site**

FHA/VA Case No. | Page # 10

## Photograph Addendum

| Owner | Alex Jones | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 5240 McCormick Mountain Dr | | | | | |
| City | Austin | County | Travis | State | TX | Zip Code 78734 |
| Client | Minton, Burton, Foster & Collins, P.C. | | | | | |



**Carport**



**Garage/detached**



**Suana/Storage**



**Din**



**Kit**



**Den/Dining**



**Ba**



**Ba/Util**



**Br**



**Br**



**Mba**



**Mba**

## Photograph Addendum

| Owner | Alex Jones | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 5240 McCormick Mountain Dr | | | | | | |
| City | Austin | County | Travis | | State | TX | Zip Code 78734 |
| Client | Minton, Burton, Foster & Collins, P.C. | | | | | | |



**Mbr**



**Sleep loft**

FHA/VA Case No. | Page # 12

## Comparable Photo Page

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Owner | Alex Jones | | | | | | | | |
| Property Address | 5240 McCormick Mountain Dr | | | | | | | | |
| City | Austin | County | Travis | | | State | TX | Zip Code | 78734 |
| Client | Minton, Burton, Foster & Collins, P.C. | | | | | | | | |



### Comparable 1
5262 McCormick Mountain Dr
| | |
|---|---|
| Prox. to Subject | 0.20 miles SE |
| Sale Price | 1,125,000 |
| Gross Living Area | 2,475 |
| Total Rooms | 9 |
| Total Bedrooms | 3 |
| Total Bathrooms | 2.1 |
| Location | Hudson Bend |
| View | Lake/Hills/Panor. |
| Site | 1.15 ac |
| Quality | Good-Avg |
| Age | 29 |

MLS Photo



### Comparable 2
15304 Rainbow One St
| | |
|---|---|
| Prox. to Subject | 0.27 miles NW |
| Sale Price | 1,069,000 |
| Gross Living Area | 3,398 |
| Total Rooms | 9 |
| Total Bedrooms | 4 |
| Total Bathrooms | 3.1 |
| Location | Hudson Bend |
| View | Lake/Hills/Panor. |
| Site | 0.53 ac |
| Quality | Avg-Good |
| Age | 59 |

MLS Photo



### Comparable 3
14423 Agarita Rd
| | |
|---|---|
| Prox. to Subject | 0.88 miles SE |
| Sale Price | 1,490,000 |
| Gross Living Area | 2,868 |
| Total Rooms | 8 |
| Total Bedrooms | 2 |
| Total Bathrooms | 2.0 |
| Location | Agarita |
| View | Lake/Skyln/Panor. |
| Site | 1.0 ac |
| Quality | Good |
| Age | 38 |

MLS Photo

FHA/VA Case No. | Page # 13

## Comparable Photo Page

| Owner | Alex Jones | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 5240 McCormick Mountain Dr | | | | | |
| City | Austin | County | Travis | State TX | Zip Code | 78734 |
| Client | Minton, Burton, Foster & Collins, P.C. | | | | | |



### Comparable 4

4808 Park Ln

| | |
|---|---|
| Prox. to Subject | 1.89 miles SE |
| Sale Price | 950,000 |
| Gross Living Area | 2,086 |
| Total Rooms | 7 |
| Total Bedrooms | 3 |
| Total Bathrooms | 2.0 |
| Location | Travis Vista |
| View | Lake/Hills/Panor. |
| Site | 0.66 ac |
| Quality | Good |
| Age | 41 |

MLS Photo

### Comparable 5

| | |
|---|---|
| Prox. to Subject | |
| Sale Price | |
| Gross Living Area | |
| Total Rooms | |
| Total Bedrooms | |
| Total Bathrooms | |
| Location | |
| View | |
| Site | |
| Quality | |
| Age | |

### Comparable 6

| | |
|---|---|
| Prox. to Subject | |
| Sale Price | |
| Gross Living Area | |
| Total Rooms | |
| Total Bedrooms | |
| Total Bathrooms | |
| Location | |
| View | |
| Site | |
| Quality | |
| Age | |

**Building Sketch (Page - 1)**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Owner | Alex Jones | | | | | | |
| Property Address | 5240 McCormick Mountain Dr | | | | | | |
| City | Austin | County | Travis | State | TX | Zip Code | 78734 |
| Client | Minton, Burton, Foster & Collins, P.C. | | | | | | |



## Building Sketch (Page – 2)

| Owner | Alex Jones | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 5240 McCormick Mountain Dr | | | | | | |
| City | Austin | County | Travis | State | TX | Zip Code | 78734 |
| Client | Minton, Burton, Foster & Collins, P.C. | | | | | | |

TOTAL Sketch by a la mode, inc.                    **Area Calculations Summary**

| Living Area | | Calculation Details |
|---|---|---|
| First Floor | 745.59 Sq ft | 15 × 16.1 = 241.5 |
| | | 22.3 × 21.1 = 470.53 |
| | | 0.8 × 15 = 12 |
| | | Arc = 21.56 |
| First Floor | 891.13 Sq ft | 12.8 × 8.6 = 110.08 |
| | | 14.1 × 10.5 = 148.05 |
| | | 23.3 × 21.2 = 493.96 |
| | | 8.8 × 14.8 = 130.24 |
| | | Arc = 8.8 |
| Second Floor | 595.84 Sq ft | 15.5 × 12.4 = 192.2 |
| | | 6.4 × 5.2 = 33.28 |
| | | 14.8 × 17.4 = 257.52 |
| | | 8.8 × 12.8 = 112.64 |
| | | 0.2 × 1 = 0.2 |
| **Total Living Area (Rounded):** | **2233 Sq ft** | |
| Non-living Area | | |
| Cvd Patio | 705.25 Sq ft | 14 × 21.5 = 301 |
| | | 53.9 × 7.5 = 404.25 |
| Cvd Patio | 98.7 Sq ft | 14.1 × 7 = 98.7 |

## Qualifications

### _A RESUME OF THE QUALIFICATIONS OF TED N. LEAR_

My name is Ted Norman Lear.  I am an independent real estate appraiser and owner of The Lear Company, a real estate valuation and consulting firm with offices at 6609 Manchaca Road, Austin, Texas. I have been actively engaged in the valuation of real estate since 1983, after receiving a BBA from the University of Texas.  I have had the privilege of developing experience in the valuation and analysis of all types of real estate in and around the Austin, Texas area. My overall experience encompasses both vacant and developed properties. Before opening my own office, I worked with and managed the residential appraisal department of Sayers & Associates, Inc.  Since the time I started this career in 1983, 100% of my work experience has been devoted to the valuation process.

**Designations**

SRA designation – Appraisal Institute

**State Certification**

General Real Estate Appraiser - Certificate Number:  TX-1321121-G
Certified since 6/3/1993

**Employment History**

| | |
|---|---|
| Sayers & Associates | 7/83 - 1/95 |
| The Lear Company | 1/95 - Present |

**Education and Memberships**

University of Texas; BBA, Petroleum Land Management, 1983
Appraisal Institute-SRA Member

I am up to date regarding all ongoing education requirements.

**Experience, Types of Appraisal Work Performed**

I have extensive experience in the valuation of all types of properties, for all types of purposes.  Purposes would include, but would not necessarily be limited to Fair Market Value establishment for:  mortgage financing, construction financing, home sale, (legal) trust establishment, and litigation.  Additional services would include experience in court testimony as an expert witness, highest and best use analysis and feasibility analysis.

| | FHA/VA Case No. | Page # 17 |
|---|---|---|

## Tax Info/Plat/Flood – Page 1

**5240 Mccormick Mountain Dr, Austin, TX 78734-1816, Travis County**

| MLS Beds | MLS Sq Ft | Lot Sq Ft | Sale Price |
|---|---|---|---|
| 3 | 1,578 | 278,314 | N/A |
| **MLS Baths** | **Yr Built** | **Type** | **Sale Date** |
| 2 | 1995 | SFR | N/A |

### OWNER INFORMATION

| | | | |
|---|---|---|---|
| Owner Name | Jones Alex E | Tax Billing Zip | 78704 |
| Tax Billing Address | 2407 S Congress Ave #e | Tax Billing Zip+4 | 5500 |
| Tax Billing City & State | Austin, TX | Owner Occupied | No |

### LOCATION INFORMATION

| | | | |
|---|---|---|---|
| School District | 07 | MLS Area | LS |
| School District Name | Lake Travis ISD | Zip Code | 78734 |
| Census Tract | 17.41 | Zip + 4 | 1816 |
| Subdivision | Back Moon Amd | Flood Zone Date | 09/26/2008 |
| Elementary School District | Lake Travis | Flood Zone Code | AE |
| Middle School District/School Name | Hudson Bend | Flood Zone Panel | 48453C0220H |
| Neighborhood Code | R1000wf-R1000wf | Carrier Route | R029 |
| High School District/School Name | Lake Travis | Neighborhood Name | Travis Southwest |
| Mapsco | 461-N | | |

### TAX INFORMATION

| | | | |
|---|---|---|---|
| Property ID 1 | 156816 | Tax Area (113) | 0A |
| Property ID 2 | 01585502780000 | Tax Appraisal Area | 0A |
| Property ID 3 | 156816 | % Improved | 47% |
| Legal Description | LOT 3 BACK OF THE MOON SUBD AMENDED PLAT OF | | |
| Actual Tax Year | 2019 | Lot | 3 |
| Actual Tax | $12,248 | | |

### ASSESSMENT & TAX

| Assessment Year | 2019 | 2018 | 2017 |
|---|---|---|---|
| Market Value - Total | $621,000 | $621,000 | $563,524 |
| Market Value - Land | $330,345 | $330,345 | $297,000 |
| Market Value - Improved | $290,655 | $290,655 | $266,524 |
| Assessed Value - Total | $621,000 | $621,000 | $563,524 |
| Assessed Value - Land | $330,345 | $330,345 | $297,000 |
| Assessed Value - Improved | $290,655 | $290,655 | $266,524 |
| YOY Assessed Change ($) | $0 | $57,476 | |
| YOY Assessed Change (%) | 0% | 10.2% | |

| Tax Amount - Estimated | Tax Year | Change ($) | Change (%) |
|---|---|---|---|
| $11,517 | 2017 | | |
| $12,587 | 2018 | $1,069 | 9.28% |
| $12,248 | 2019 | -$339 | -2.69% |

| Jurisdiction | Tax Type | Tax Amount | Tax Rate |
|---|---|---|---|
| Travis County | Actual | $2,293.31 | .36929 |
| Lake Travis ISD | Actual | $8,305.88 | 1.3375 |
| Wcid No 17 | Actual | $371.98 | .0599 |
| Travis Co Hospital Dist | Actual | $655.61 | .10557 |
| Travis Co Esd No 6 | Actual | $621.00 | .1 |
| Total Estimated Tax Rate | | | 1.9723 |

### CHARACTERISTICS

| County Use Code | Single Family Residence | Roof Material | Tile |
|---|---|---|---|

**Property Details**  Courtesy of AUSTIN CENTRAL TX REALTY INFORMATION SVC
The data within this report is compiled by CoreLogic from public and private sources. The data is deemed reliable, but is not guaranteed. The accuracy of the data contained herein can be independently verified by the recipient of this report with the applicable county or municipality.

Generated on: 03/30/20

Page 1/5

## Tax Info/Plat/Flood – Page 2

| | | | |
|---|---|---|---|
| Land Use | SFR | Roof Shape | Hip |
| Lot Acres | 6.3892 | Construction | Wood/Brick |
| Basement Type | MLS: Slab | Year Built | 1995 |
| Gross Area | 1,578 | Effective Year Built | 1996 |
| Building Sq Ft | 1,578 | Foundation | Slab |
| Above Gnd Sq Ft | 1,578 | # of Buildings | 1 |
| Ground Floor Area | 996 | Building Type | Single Family |
| 2nd Floor Area | 582 | Lot Area | 278,314 |
| Stories | 2 | Lot Frontage | 73 |
| Bedrooms | MLS: 3 | No. of Porches | 4 |
| Total Baths | 2 | Patio/Deck 1 Area | 616 |
| Full Baths | 2 | Porch 1 Area | 864 |
| Cooling Type | Central | No. of Patios | 1 |
| Heat Type | Central | Num Stories | 2 |
| Porch | Open Porch | Patio/Deck 2 Area | 120 |
| Patio Type | Covered Terrace | Porch Type | Open Porch |
| Roof Type | Hip | County Use Description | Single Family Residence-A1 |

### FEATURES

| Feature Type | Unit | Size/Qty | Year Built | Value |
|---|---|---|---|---|
| 1st Floor | S | 996 | 1995 | $128,743 |
| 2nd Floor | S | 582 | 1995 | $67,709 |
| Porch Open 1st F | S | 864 | 1995 | $15,128 |
| Porch Open 1st F | S | 120 | 1995 | $2,101 |
| Porch Open 2nd F | S | 64 | 1995 | $1,120 |
| Hvac Residential | S | 1,578 | 1995 | $2,794 |
| Bathroom | U | 2 | 1995 | |
| Fence Mason Lf | S | 100 | 1995 | $4,073 |
| Terrace Covered | S | 616 | 1995 | $6,546 |
| Porch Clos Fin | S | 56 | 1995 | $2,941 |

### SELL SCORE

| | | | |
|---|---|---|---|
| Rating | Very High | Value As Of | 2020-03-13 23:12:09 |
| Sell Score | 876 | | |

### ESTIMATED VALUE

| | | | |
|---|---|---|---|
| RealAVM™ | $1,256,200 | Confidence Score | 60 |
| RealAVM™ Range | $979,836 - $1,532,564 | Forecast Standard Deviation | 22 |
| Value As Of | 03/20/2020 | | |

(1) RealAVM™ is a CoreLogic® derived value and should not be used in lieu of an appraisal. This represents an estimated sale price for this property. It is not the same as the opinion of value in an appraisal developed by a licensed appraiser under the Uniform Standards of Professional Appraisal Practice.

(2) The Confidence Score is a measure of the extent to which sales data, property information, and comparable sales support the property valuation analysis process. The confidence score range is 60 - 100. Clear and consistent quality and quantity of data drive higher confidence scores while lower confidence scores indicate diversity in data, lower quality and quantity of data, and/or limited similarity of the subject property to comparable sales.

(3) The FSD denotes confidence in an AVM estimate and uses a consistent scale and meaning to generate a standardized confidence metric. The FSD is a statistic that measures the likely range or dispersion an AVM estimate will fall within, based on the consistency of the information available to the AVM at the time of estimation. The FSD can be used to create confidence that the true value has a statistical degree of certainty.

### LISTING INFORMATION

| | | | |
|---|---|---|---|
| MLS Listing Number | 5500701 | Listing Date | 06/19/2015 |
| MLS Area | LS | MLS Status Change Date | 08/04/2016 |
| MLS Status | Withdrawn | Listing Agent Name | 595418-Brady Miner |
| Current Listing Price | $899,000 | Listing Broker Name | PANTHEON PROPERTY GROUP |
| Original Listing Price | $950,000 | | |

| MLS Listing # | 9285291 | 8833365 | 3536656 | 1567884 | 4203243 |
|---|---|---|---|---|---|
| MLS Status | Sold | Sold | Expired | Sold | Withdrawn |
| MLS Listing Date | 05/19/2009 | 12/03/2008 | 08/18/2008 | 04/03/2007 | 04/09/2006 |
| MLS Orig Listing Price | $998,000 | $1,125,000 | $1,125,000 | $845,000 | $989,000 |
| MLS Listing Price | $998,000 | $1,125,000 | $1,125,000 | $845,000 | $895,000 |
| MLS Close Date | 11/30/2009 | 01/16/2009 | | 06/01/2007 | |
| MLS Listing Close Price | $980,000 | $955,000 | | $855,000 | |

**Property Details** Courtesy of AUSTIN CENTRAL TX REALTY INFORMATION SVC

The data within this report is compiled by CoreLogic from public and private sources. The data is deemed reliable, but is not guaranteed. The accuracy of the data contained herein can be independently verified by the recipient of this report with the applicable county or municipality.

Generated on: 03/30/20

Page 2/5

Form SCNLTR - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

FHA/VA Case No. | Page # 19

## Tax Info/Plat/Flood – Page 3

| | | | | |
|---|---|---|---|---|
| MLS Listing Expiration Date | 12/19/2009 | 12/31/2008 | 11/30/2008 | 10/03/2007 | 01/30/2007 |

**LAST MARKET SALE & SALES HISTORY**

| | | | | | |
|---|---|---|---|---|---|
| Recording Date | 03/24/2015 | 03/24/2015 | 12/03/2009 | 12/03/2009 | 01/20/2009 |
| Sale/Settlement Date | 03/19/2015 | 03/19/2015 | 11/30/2009 | 11/30/2009 | 01/15/2009 |
| Document Number | 43395 | 43394 | 200092 | 200090 | 8405 |
| Document Type | Special Warranty Deed | Special Warranty Deed | Warranty Deed | Warranty Deed | Warranty Deed |
| Buyer Name | Jones Alex E | Jones Alexander E & Kelly R | Hutton Cabin Trust | Jones Alex | Smith Michael D & Holly A |
| Seller Name | Jones Kelly R | Hutton Cabin Trust | Jones Alex | Smith Michael D & Holly A | Eason Joseph C & Linda B |

| | | |
|---|---|---|
| Recording Date | 06/04/2007 | |
| Sale/Settlement Date | 06/01/2007 | 07/19/1993 |
| Document Number | 100746 | 11993-272 |
| Document Type | Warranty Deed | Special Warranty Deed |
| Buyer Name | Eason Joseph C & Linda B | Gioja Geoffrey & Gioja Linda |
| Seller Name | Gioja Geoffrey & Linda | |

**MORTGAGE HISTORY**

| | | | | | |
|---|---|---|---|---|---|
| Mortgage Date | 03/24/2015 | 12/03/2009 | 01/06/2006 | 12/29/2004 | 03/04/2003 |
| Mortgage Amount | $2,727,951 | $417,000 | $750,000 | $650,000 | $460,800 |
| Mortgage Lender | | Jp Morgan Chase Bk | Counselors Mtg Corp | Counselors Mtg Corp | Counselors Mtg Corp |
| Mortgage Type | Private Party Lender | Conventional | Conventional | Conventional | Conventional |
| Mortgage Code | Nominal | Resale | Refi | Refi | Refi |

| | | | |
|---|---|---|---|
| Mortgage Date | 07/06/2001 | 06/08/2001 | 08/06/1999 |
| Mortgage Amount | $227,050 | $452,950 | $29,000 |
| Mortgage Lender | Chase Manhattan Bk/Usa | Gn Mtg Corp | Bank One/Tx |
| Mortgage Type | Conventional | Conventional | |
| Mortgage Code | Refi | Refi | Construction |

**FORECLOSURE HISTORY**

| | | |
|---|---|---|
| Document Type | Appoint Of Substitute Trustee | Lis Pendens |
| Foreclosure Filing Date | 07/05/2019 | 12/28/2015 |
| Recording Date | 07/05/2019 | 12/28/2015 |
| Document Number | 99986 | 203140 |
| Original Doc Date | 03/24/2015 | |
| Original Document Number | 43396 | |
| Seller 2 | Anderson Shelly C | |
| Trustee Name | Wendi Ojeda | |
| Buyer 1 | Jones Alexander E | Jones Alex E |
| Lien Type | | Other |
| Mortgage Amount | $2,727,951 | $2,727,951 |
| Seller 1 | | Holman Thomas W |

Property Details Courtesy of AUSTIN CENTRAL TX REALTY INFORMATION SVC

The data within this report is compiled by CoreLogic from public and private sources. The data is deemed reliable, but is not guaranteed. The accuracy of the data contained herein can be independently verified by the recipient of this report with the applicable county or municipality.

Generated on: 03/30/20

Page 3/5

Form SCNLTR - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

## Tax Info/Plat/Flood – Page 4

**PROPERTY MAP**



*Lot Dimensions are Estimated

**Property Details**  Courtesy of AUSTIN CENTRAL TX REALTY INFORMATION SVC

The data within this report is compiled by CoreLogic from public and private sources. The data is deemed reliable, but is not guaranteed. The accuracy of the data contained herein can be independently verified by the recipient of this report with the applicable county or municipality.

Generated on: 03/30/20

Page 4/5

# Tax Info/Plat/Flood – Page 5

**5240 Mccormick Mountain Dr, Austin, TX 78734-1816, Travis County**

**FLOOD MAP**

| | | | |
|---|---|---|---|
| Report Date | 03/30/2020 | County | Travis |
| Flood Zone Code | AE | Community Name | Travis County |
| Flood Zone Panel | 481026-48453C0220H | Special Flood Hazard Area (SFHA) | In |
| Panel Date | 09/26/2008 | Within 250 feet of multiple flood zone | Yes (AE,X,X500) |
| Flood Code Description | Zone AE-An area inundated by 100 -year flooding | | |
| SFHA Definition | The land area covered by the flood waters of the base flood is the Special Flood Hazard Area (SFHA) on NFIP maps. The SFHA is the area where the NFIP's floodplain management regulations must be enforced and the area where the mandatory purchase of flood insurance applies. The SFHA includes Zones A, AO, AH, A1-30, AE, A99, AR, AR /A1-30, AR/AE, AR/AO, AR/AH, AR/ A, VO, V1-30, VE, and V. | | |



**Flood Zones**

- ● Coastal 100-year Floodway
- ● Coastal 100-year Floodplain
- ● 100-year Floodway
- ○ 100-year Floodplain

- Undetermined
- Unknown or Area Not Included
- 500-year Floodplain Incl. levee protected area
- ⊚ Out of Special Flood Hazard Area

---

**Flood Map** Courtesy of AUSTIN CENTRAL TX REALTY INFORMATION SVC

The data within this report is compiled by CoreLogic from public and private sources. The data is deemed reliable, but is not guaranteed. The accuracy of the data contained herein can be independently verified by the recipient of this report with the applicable county or municipality.

Generated on: 03/30/20

Page 5/5

# Plat Map

## BACK OF THE MOON SUBDIVISION

PLAT NOTES:

1. No lot in this subdivision shall be occupied until connection for service is made to an approved Public Water Supply and an approved and permitted on-site wastewater system is operational.
   Water service for this proposed subdivision will be provided by Travis County Water Control and Improvement District No.17.
2. All water system and service connection improvements must be in accordance to City of Austin Water Design Criteria and Specifications and Travis County Water District No.17 Standards. All plans must be presented to the City of Austin Water and Wastewater Utility for review and approval. All construction must be inspected by the City of Austin.
3. All streets in this subdivision will be constructed to City of Austin standards.
4. Sidewalks along the following streets are required to be constructed by the property owner after the abutting roadway is improved and concrete curbs are in place:
   McCormick Mountain Drive, subdivision side; 4 feet
   Failure to construct the required sidewalks may result in the withholding of Certificate of Occupancy, building permits, or utility connections by the governing body or utility company.
5. No objects, including but not limited to, buildings, fences, or landscaping shall be allowed in a drainage easement except as approved by City of Austin and Travis County.
7. The 100 year floodplain is contained within the drainage easements shown.
8. The minimum Finished Floor for all lots in this subdivision is 717.0 msl.
9. Properties lying below the 710 contour line are subject to the LCRA [illegible].
10. Maintenance of drainage easements shown is the responsibility of the owner of the lots wherein the easements are located.
11. Travis County Site Development Permit required prior to any site development.
12. The 100 year floodplain is contained within the drainage easements as shown hereon. A portion of this tract is within the boundaries of the 100 year floodplain of a waterway that is within the limits of study of the Federal Flood Insurance Administration FIRM Panel 481026 0265D, Travis County, Texas, dated April 1, 1993.

Larry W. Campbell, P.E.

Each and every on-site wastewater disposal system installed within this subdivision must be permitted, inspected and licensed for operation under the terms, standards and requirements of the Texas Water Commission and Lower Colorado River Authority as are in effect at the time such applications for permits and licenses are made. Due to shallow rock formations, each on-site wastewater disposal system within this subdivision must be designed by either a professional engineer or professional sanitarian.

This subdivision is approved for private on-site wastewater systems per the above requirements.

Lower Colorado River Authority

Access to McCormick Mountain Drive for all lots shall be restricted to the joint use access as per the Joint Use and Access Agreement as recorded in Volume 11854 and Page 0003 of the TCDR.

13. Property owners shall provide for Access to Drainage Easements as may be necessary and shall not prohibit access by City of Austin, Travis County, or LCRA for inspection and maintenance.
14. Per LDC Section 13-2-502: This subdivision is restricted to not more than a single, one-family housing unit for every five acres of land.

BENCHMARKS:

[illegible] nail in P.P. on lot 3 [illegible] ELEV: 721.32
[illegible] nail in ground @ lot 4 [illegible] ELEV: 714.53

C8-92-0205.0A

Vol. 91 Page 113

Pg. 1 of 2



## Comparable Sales Map

| Owner | Alex Jones | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 5240 McCormick Mountain Dr | | | | | | |
| City | Austin | County | Travis | State | TX | Zip Code | 78734 |
| Client | Minton, Burton, Foster & Collins, P.C. | | | | | | |



## Aerial Map

| Owner | Alex Jones | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 5240 McCormick Mountain Dr | | | | | | |
| City | Austin | County | Travis | State | TX | Zip Code | 78734 |
| Client | Minton, Burton, Foster & Collins, P.C. | | | | | | |



SUBJECT
5240 McCormick Mountain Dr
Austin, TX 78734

The Lear Company

FHA/VA Case No.

FROM:

The Lear Company
P.O. Box 163662
Austin, TX 78716

Telephone Number:  512-415-0140          Fax Number:

# INVOICE

| INVOICE NUMBER |
|---|
| L20-138 |

| DATE |
|---|
| 04/08/2020 |

TO:

Minton, Burton, Foster & Collins, P.C.
1100 Guadalupe St
Austin, TX 78701

Telephone Number:  (512) 476-4873          Fax Number:
Alternate Number:                                    E-Mail:

| REFERENCE | |
|---|---|
| Internal Order #: | L20-138 |
| Lender Case #: | Jones |
| Client File #: | |
| Main File # on form: | L20-138 |
| Other File # on form: | Jones |
| Federal Tax ID: | 74-2736019 |
| Employer ID: | |

## DESCRIPTION

| | | | |
|---|---|---|---|
| Lender: | Minton, Burton, Foster & Collins, P.C. | Client: | Minton, Burton, Foster & Collins, P.C. |
| Purchaser/Borrower: | NA | | |
| Property Address: | 5240 McCormick Mountain Dr | | |
| City: | Austin | | |
| County: | Travis | State: TX | Zip: 78734 |
| Legal Description: | Lot 3, Back of the Moon Subdivision, amended plat | | |

| FEES | AMOUNT |
|---|---|
| Appraisal/Complex Assignment | 2,500.00 |
| | |
| **SUBTOTAL** | 2,500.00 |

| PAYMENTS | AMOUNT |
|---|---|
| Check #: | Date: | Description: | |
| Check #: | Date: | Description: | |
| Check #: | Date: | Description: | |
| **SUBTOTAL** | |
| **TOTAL DUE** | $  2,500.00 |

---

Please Return This Portion With Your Payment

FROM:

Minton, Burton, Foster & Collins, P.C.
1100 Guadalupe St
Austin, TX 78701

Telephone Number:  (512) 476-4873          Fax Number:
Alternate Number:                                    E-Mail:

AMOUNT DUE:          $          2,500.00
AMOUNT ENCLOSED:  $

| INVOICE NUMBER |
|---|
| L20-138 |

| DATE |
|---|
| 04/08/2020 |

TO:

The Lear Company
P.O. Box 163662
Austin, TX 78716

| REFERENCE | |
|---|---|
| Internal Order #: | L20-138 |
| Lender Case #: | Jones |
| Client File #: | |
| Main File # on form: | L20-138 |
| Other File # on form: | Jones |
| Federal Tax ID: | 74-2736019 |
| Employer ID: | |