**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: May 27, 2020.**

_____
**H. CHRISTOPHER MOTT
UNITED STATES BANKRUPTCY JUDGE**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| IN RE: § | |
| ALEXANDER EMRIC JONES, § | CASE NO. 20-10118-hcm |
| Alleged Debtor. § | (Involuntary Chapter 11) |

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

The Court has carefully considered the Motion for Summary Judgment with supporting affidavit and materials ("Motion") (dkt# 41), filed on April 20, 2020 by Alexander E. Jones, as alleged debtor ("Mr. Jones").[1] The Court finds that the Motion should be granted for the reasons set forth in this Order.

**Procedural Background**

On January 24, 2020, Kelly R. Jones ("Ms. Jones"), acting *pro se*, as petitioning creditor, filed an Involuntary Petition against Mr. Jones, as alleged debtor ("Involuntary Petition") (dkt# 5). The Involuntary Petition seeks to force Mr. Jones into bankruptcy

---

[1] References to "dkt#" means the docket number maintained in CM/ECF by the Clerk of the Bankruptcy Court.

1

under Chapter 11 of the Bankruptcy Code.

On March 8, 2020, Mr. Jones filed a Motion to Dismiss the Involuntary Petition ("Motion to Dismiss") (dkt# 8) for lack of jurisdiction, under Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Rules") and Rule 7012 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). The Motion to Dismiss challenged the eligibility of Ms. Jones to file the Involuntary Petition as a petitioning creditor. After a contested hearing conducted on March 11, 2020, the Court denied the Motion to Dismiss, basically finding that the eligibility of a petitioning creditor was not jurisdictional under Rule 12(b)(1), but instead dealt with the merits of the Involuntary Petition. *See* Order Denying Motion to Dismiss (dkt# 17).

On March 17, 2020, Mr. Jones filed an Answer to the Involuntary Petition ("Answer") (dkt# 28). In the Answer, Mr. Jones contested the eligibility of Ms. Jones to file the Involuntary Petition as a petitioning creditor and challenged other allegations in the Involuntary Petition.

On April 20, 2020, Mr. Jones filed the instant Motion for Summary Judgment (herein "Motion") (dkt# 41). Attached in support of the Motion are the following materials: (1) the Involuntary Petition filed by Ms. Jones against Mr. Jones, as Exhibit A; (2) the Affidavit of Ted Lear, an expert real estate appraiser ("Appraiser") and an Appraisal of Real Property ("Appraisal"), as Exhibit B.

On April 30, 2020, the Court entered an Order setting deadlines and procedures with respect to the Motion ("Procedures Order") (dkt# 56). The Procedures Order set a deadline of May 21, 2020 for Ms. Jones to file a written Response to the Motion, together

with any supporting materials.[2] The Procedures Order also provided that the failure to timely file a Response to the Motion may result in the Court determining that the Motion was not opposed. Ms. Jones was properly served with the Procedures Order (dkt# 70). Ms. Jones did not timely file a Response to the Motion or any supporting materials as required by the Procedures Order.

**Summary Judgment Legal Standard**

The Motion is filed under Rule 56, which applies to a contested involuntary bankruptcy petition through Bankruptcy Rules 1018 and 7056.[3] Rule 56 governs motions for summary judgment. One of the primary purposes of Rule 56 is to "isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24 (1986).

Under Rule 56, summary judgment is appropriate if the movant (here Mr. Jones) shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Under Rule 56, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. A party asserting that a fact cannot be genuinely disputed must support the assertion by citing to particular

---

[2] Through the Procedures Order, the Court provided Ms. Jones with 10 days of additional time beyond that provided by the Local Bankruptcy Rules to file a Response to the Motion. *See* Local Rule 7056 of the Local Court Rules of the United States Bankruptcy Court for the Western District of Texas ("Local Rules").

[3] A hearing is not required on a motion for summary judgment. *See Johnson v. United States,* 460 F.3d 616, 619 n. 2 (5th Cir. 2006); *Daniels v. Morris*, 746 F.2d 271, 274 (5th Cir. 1984); Local Rule 7056. The Court further notes that Bankruptcy Rule 1013(a) requires the Court to determine the issues of a contested involuntary petition at the earliest practicable time and to promptly dismiss the petition or enter an order for relief. FED. R. BANKR. P. 1013(a).

parts of materials in the record (including affidavits), or that the adverse party cannot produce admissible evidence to support the fact. *See* FED. R. CIV. P. 56(c)(1).

If the moving party (here Mr. Jones) establishes there is no genuine issue of material fact, the burden shifts to the non-moving party (here Ms. Jones) to produce evidence that a genuine issue of material fact exists for trial. *See, e.g., Bustos v. Martini Club, Inc.*, 599 F.3d 458, 468 (5th Cir. 2010). The non-moving party must then "go beyond the pleadings," and by affidavits or other competent summary judgment evidence, cite "specific facts" with competent summary judgment evidence that shows that there is a genuine issue of material fact for trial. *See* FED. R. CIV. P. 56(c), (e); *Celotex*, 477 U.S. at 324; *Martini Club*, 599 F.3d at 468.

Whether a fact is material is governed by substantive law; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Summary judgment may be granted against a party that cannot make a sufficient showing to establish an "element essential to" that party's case when the party bears the burden of proof on the element at trial. *See, e.g., Baton Rouge Oil & Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002) (citing *Celotex*, 477 U.S. at 322).

Here, Ms. Jones did not file a timely response to the Motion and did not submit summary judgment evidence in opposition to the Motion. The Court is mindful that summary judgment should not be granted merely because a timely response to the motion was not filed. *See Martini Club,* 599 F.3d at 468-69; *Eversley v. MBank Dallas,*

4

843 F.2d 172, 174 (5th Cir. 1988). However, the Court may accept as undisputed the facts in support of the motion for summary judgment under such circumstances. *See* FED. R. CIV. P. 56(e)(2), (3) (if a non-movant fails to properly address another party's assertions of fact, the court may consider the facts undisputed for the purposes of the motion or grant summary judgment if the motion and supporting materials, including the facts considered undisputed, show that movant is entitled to summary judgment); *see also MBank*, 843 F.2d at 174.

**Material Undisputed Facts**

The summary judgment record establishes that the following material facts are not in genuine dispute:

1) Ms. Jones, as petitioning creditor, filed the Involuntary Petition against Mr. Jones, as alleged debtor, on January 24, 2020. *See* Involuntary Petition (dkt# 5).

2) In the Involuntary Petition, Ms. Jones states that she is owed $786,861 by Mr. Jones, and admitted that her claim against Mr. Jones is based on a Promissory Note. *See* ¶ 13 of Involuntary Petition (dkt# 5).

3) Ms. Jones attached a Real Estate Lien Note dated March 19, 2015 ("Promissory Note") made payable by Mr. Jones to Ms. Jones to the Involuntary Petition (dkt# 5, pp. 6-7). The Promissory Note states that it is secured by two deeds of trust.

4) Ms. Jones attached the two deeds of trust dated March 19, 2015 ("Deeds of Trust") to the Involuntary Petition (dkt# 5, pp. 8-21). The Deeds of Trust grant Ms. Jones a lien to secure the Promissory Note on two separate parcels of real property with improvements owned by Mr. Jones and described as follows: (1) 15101 Back of the Moon St. D., Austin, Travis County, Texas ("Back of Moon Property"); and (2) the Pedernales Hills Ranch, Blanco County, Texas ("Pedernales Property").

5) The Back of Moon Property has a market value of $1,275,000 as of March 31, 2020. *See* Appraisal, Exhibit B to Motion (dkt# 41).

**Legal Analysis**

Through the Motion, Mr. Jones seeks summary judgment that Ms. Jones does not have an "unsecured" claim against Mr. Jones, which is required for Ms. Jones to be eligible to file the Involuntary Petition against Mr. Jones under the Bankruptcy Code. In short, Mr. Jones contends that the Back of Moon Property is worth $1,275,000; and Ms. Jones has admitted in the Involuntary Petition that she is owed $786,861 under the Promissory Note, which is secured by a lien on the Back of the Moon Property. As a result, Mr. Jones seeks dismissal of the Involuntary Petition because Ms. Jones is not eligible to file an involuntary petition under 11 U.S.C. § 303(b).

In pertinent part, section 303(b) of the Bankruptcy Code provides as follows:

(b) An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title--

(1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount, or an indenture trustee representing such a holder, if such noncontingent, undisputed claims aggregate *at least $16,750 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims*;

(2) if there are fewer than 12 such holders, excluding any employee or insider of such person and any transferee of a transfer that is voidable under section 544, 545, 547, 548, 549, or 724(a) of this title, by *one or more of such holders that hold in the aggregate at least $16,750 of such claims*; . . .

11 U.S.C. § 303(b)(1)-(2) (emphasis added).

In substance, section 303(b) of the Bankruptcy Code requires that petitioning creditors hold at least $16,750 in unsecured claims against a debtor to be eligible to file an involuntary petition. If petitioning creditors do not hold at least $16,750 in unsecured debt against a debtor that is not in bona fide dispute, the involuntary petition must be

6

dismissed.

Fully secured creditors do not satisfy the requirements set forth in section 303(b) and are not eligible to file involuntary bankruptcy petitions. *See, e.g., Key Mech. Inc. v. BDC 56 LLC (In re BDC 56 LLC),* 330 F.3d 111, 122 (2d Cir. 2003); *In re Harman,* 243 B.R. 671, 673 (Bankr. N.D. Tex. 1999); *Pleas Doyle & Assocs. v. James Plaza Joint Venture (In re James Plaza Joint Venture),* 67 B.R. 445, 447 (Bankr. S. D. Tex. 1986).

The petitioning creditor (here Ms. Jones) has the burden of proof to establish that the creditor is eligible to file an involuntary petition under 11 U.S.C. § 303(b). *See, e.g., Credit Union Liquidity Servs., LLC v. Green Hills Dev. Co. LLC (In re Green Hills Dev. Co., LLC)*, 741 F.3d 651, 658 (5th Cir. 2014); *Subway Equip. Leasing Corp. v. Sims (In re Sims)*, 994 F.2d 210, 221 (5th Cir. 1993); *Atlas Mach. & Iron Works, Inc. v. Bethlehem Steel Corp. (In re Atlas Mach. & Iron Works, Inc.)*, 986 F.2d 709, 715 (4th Cir. 1993).

The statutory requirements for a creditor to file an involuntary petition are not "mere formalities," and an involuntary petition "should not be invoked unadvisedly and contrary to statutory right." *Walden v. Bright Prods., Inc. (In re Walden)*, 781 F.2d 1121, 1123 (5th Cir. 1986); *In re Norris Bros. Lumber Co., Inc.,* 133 B.R. 599, 608 (Bankr. N.D. Tex. 1991). Indeed, the Fifth Circuit has emphasized that an involuntary bankruptcy is a "particularly severe remedy" and through section 303(b), that "Congress limited the circumstances in which creditors may force a debtor into" an involuntary bankruptcy proceeding. *Green Hills,* 741 F.3d at 655.

Here, the summary judgment evidence conclusively demonstrates that Ms. Jones filed the Involuntary Petition against Mr. Jones for a claim of $786,861 based on the Promissory Note. It is undisputed that the Promissory Note is secured by a Deed of Trust

lien on the Back of Moon Property owned by Mr. Jones. The uncontroverted summary judgment evidence establishes that the Back of Moon Property has a value of $1,275,000. So, there is no genuine dispute that the claim of Ms. Jones set forth in the Involuntary Petition is fully secured by a lien on property of Mr. Jones—the amount of the claim is $786,861 and the value of property securing the claim is about $488,139 more than the claim ($1,275,000 property value less $786,861 claim).

To be eligible to file the Involuntary Petition against Mr. Jones, an essential element that Ms. Jones must prove is that she holds an *unsecured* claim of at least $16,750 against Mr. Jones under the Promissory Note upon which her Involuntary Petition is based. *See* 11 U.S.C. § 303(b). The summary judgment evidence conclusively disproves that essential element. There is no genuine dispute that the claim of Ms. Jones made in the Involuntary Petition based on the Promissory Note is fully secured by property. As a result, as a matter of law, Ms. Jones is not eligible to file the Involuntary Petition under section 303(b) of the Bankruptcy Code, and the Involuntary Petition must be dismissed.

**Conclusion**

For these reasons, the Court finds that there is no genuine dispute as to any material fact that Mr. Jones is entitled to summary judgment as a matter of law and that Ms. Jones is not an eligible petitioning creditor under section 303(b) of the Bankruptcy Code. As compliance with section 303(b) is an essential requirement to file an involuntary bankruptcy petition, the Involuntary Petition filed by Ms. Jones against Mr. Jones must be dismissed.

**ACCORDINGLY, IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. The Motion for Summary Judgment ("Motion") (dkt# 41) filed by Alexander E. Jones is hereby GRANTED.

2. A separate final order will be entered by the Court dismissing the Involuntary Petition, for the reasons set forth in this Order.

3. The Clerk of the Court shall cause a copy of this Order to be sent to Kelly R. Jones, at 11601 Hwy 290 W., Suite A101-307, Austin, Texas 78737.

###